Michael G. Marderosian, No. 077296
Heather S. Cohen, No. 263093
MARDEROSIAN, CERCONE & COHEN
1260 Fulton Mall
Fresno, CA 93721
Telephone: (559) 441-7991
Facsimile: (559) 441-8170

Virginia Gennaro, No. 138877
City Attorney
CITY OF BAKERSFIELD
1501 Truxtun Avenue
Bakersfield, CA 93301
Telephone: (661) 326-3721
Facsimile: (661) 852-2020

Attorneys for: Defendants CITY OF BAKERSFIELD, OFFICER VERION COLEMAN (sued herein as OFFICER COLEMAN) and OFFICER ANTHONY McCARTHY (sued herein as OFFICER McCARTHY)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT / FRESNO DIVISION

| | |
|---|---|
| KENT WILLIAMS,<br><br>   Plaintiff,<br><br>v.<br><br>CITY OF BAKERSFIELD, OFFICER COLEMAN, OFFICER McCARTHY, and DOES 1 to 100, inclusive,<br><br>   Defendants. | Case No. 1:14-CV-01955-JLT<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PARTICULAR CAUSES OF ACTION FROM THE PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**DATE: April 27, 2015**<br>**TIME: 9:30 a.m.**<br>**LOCATION: 510 19th Street, Suite 200, Bakersfield, California**<br><br>*Trial Date: Not Yet Assigned* |

Defendants CITY OF BAKERSFIELD, OFFICER VERION COLEMAN (sued herein as OFFICER COLEMAN) and OFFICER ANTHONY McCARTHY (sued herein as OFFICER McCARTHY) (hereinafter collectively referred to as "Defendants") respectfully submit the following points and authorities in support of their motion to dismiss particular causes of action from the First Amended Complaint filed by Plaintiff Kent Williams.

///

///

# I

# INTRODUCTION

This case is brought by Trevis Junior High School's Vice Principal Kent Williams, who brought a loaded gun to school and had showed it to one or more teachers. Mr. Williams was arrested but claims he was immune from arrest as a result of having a concealed weapons permit. However, rather than limiting his claims to his arrest and the alleged confiscation of his gun(s), Mr. Williams attempts to expand his claims and damages by attempting to set forth causes of action for excessive force in violation of the Fourth Amendment, violation of the Ralph and Unruh Acts, Assault, and Battery. None of these causes of action are supported by the facts set forth in his complaint and as such, all of these causes of action are subject to dismissal. That is, key allegations are missing from the Plaintiff's complaint and, in truth, cannot be stated in earnest. In the absence of these necessary factual allegations, these claims must be dismissed.

# II

# SUMMARY OF PLAINTIFFS' ALLEGATIONS/PROCEDURAL HISTORY

Based on the Plaintiff's complaint, this matter arises from an incident which took place on August 28, 2014. [See Plaintiff's First Amended Complaint ("FAC"), ¶ 10, attached as Exhibit A to the accompanying Request for Judicial Notice ('RJN").] At the time, the Plaintiff was the vice principal of Trevis Junior High School. [FAC ¶ 13, Exhibit A to RJN.]

The Defendants were dispatched to the school following a report from the assistant superintendent that Mr. Williams was in possession of a firearm at school. The Plaintiff claims that he was asked if he had a weapon and confirmed that he did and also disclosed that he had a license to carry a concealed weapon. [FAC, ¶ 14, Exhibit A to RJN.] The Plaintiff claims that the Defendants confiscated his gun(s) and falsely arrested him. [FAC, ¶¶ 15-18, Exhibit A to RJN.] The Plaintiff claims that he was ultimately released but suffered physical and emotional pain and suffering as a result of the conduct of the Defendants. [FAC, ¶¶ 19-24, Exhibit A to RJN.]

The Plaintiff filed his initial Complaint on or about December 8, 2014. Because of error(s) made in his Tort Claim, the Plaintiff filed an Amended Tort Claim and thereafter, a First Amended Complaint. [Dkt No. 10.] The Plaintiff's First Amended Complaint alleges thirteen (13) causes of

action including but not limited to: (1) first cause of action for arrest, seizure, and unreasonable and excessive use of force in violation of the Fourth Amendment; (2) fourth cause of action for Violation of the Ralph Civil Rights Act; (3) fifth cause of action for Violation of the Unruh Civil Rights Act; (4) seventh cause of action for Assault; and (5) eighth cause of action for Battery.

However, the Plaintiff's First Amended Complaint is completely devoid of any allegation of the use of force, let alone excessive force, or that the conduct of the Defendants amounted to intentional (or any) discrimination on the basis of race or national origin. [Exhibit A to RJN.]

### III

### LEGAL ARGUMENT

**A.   LEGAL STANDARD FOR MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)**

A Rule 12(b)(6) motion tests the legal sufficiency of the claim or claims stated in the Complaint. *Palmer v. D. Hicinbothom, et al.,* 2006 U.S. Dist. Lexis 12158, at * 10 (E.D.CA March 21, 2006); *Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). A Fed. R. Civ. P 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

In resolving a Fed. R. Civ. P. 12(b)(6) motion, a Court must: (1) construe the complaint in light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *In re Gilead Sciences Securities Litig.,* 536 F. 3d 1049, 1055 (9th Cir. 2008). A court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex. rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986) and a Court must not "assume that the plaintiff can prove facts that it has not alleged or that the defendants have violated…laws in ways that have not been alleged. *Associated General Contractors of California, Inc., v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

///

MARDEROSIAN,
CERCONE & COHEN
1260 FULTON MALL
FRESNO, CA 93721

1   A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by amendment." *Livid Holdings Ltd., v. Salomon Smith Barney, Inc.,* 416 F.3d 940, 946 (9th Cir. 2005).

**B.   THE PLAINTIFF FAILS TO SET FORTH SUFFICIENT FACTS TO STATE A CAUSE OF ACTION FOR EXCESSIVE FORCE, VIOLATION OF THE RALPH ACT, VIOLATION OF THE UNRUH ACT, AND ASSAULT AND BATTERY**

A plaintiff must provide "sufficient factual matter" to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). **Conclusory allegations are insufficient** when plaintiff does not set out factual details sufficient to support conclusions in those allegations. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998) [emphasis added].

Although the complaint need not contain detailed factual allegations, it must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Certainly, a complaint must give the defendants sufficient notice of what the claim is and the grounds upon which it rests. Id. The allegations must be such that they "raise a right to relief above the speculative level." Id.; see also *Campbell v. City of San Antonio*, 43 FJd 973, 975 (5th Cir. 1995) ("The complaint must contain either direct allegations on every material point necessary to sustain recovery ... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at tria1.") (internal quotation omitted). The United States Supreme Court stated that "a claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). It is simply not enough to name particular statutes that the defendant allegedly violated. To provide "fair notice", the complaint must also allege facts regarding *what conduct* violated those laws. *Anderson v. U.S. Dept. Of Housing & Urban Develop.*, 554 F.3d 525, 528 (5th Cir. 2008).

As is set forth below, the plaintiff has failed to set forth sufficient facts to state a cause of action.

///

///

**1. The Plaintiff Fails to Allege Sufficient Facts to Support a Cause of Action for Excessive Force**

The Plaintiff's first cause of action is for "Arrest, Seizure, and Unreasonable and Excessive Use of Force in Violation of the Fourth Amendment Pursuant to 42 U.S.C. Sections 1983, 1988." Yet, a review of the Plaintiff's First Amended Complaint reveals that there is a complete absence of facts that support that *any* force, let alone *excessive force*, was used by any of the Defendants.

A claim of excessive force in violation of the Fourth Amendment is analyzed under an objective reasonableness standard. *Scott v. Harris*, 550 U.S. 372, 381, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007). The "reasonableness" inquiry in an excessive force case measures whether the officer's actions are "objectively reasonable" in light of the facts and circumstances confronting her, without regard to the officer's underlying intent or motivation. *Graham*, 490 U.S. at 396-97. To determine if a Fourth Amendment violation has occurred, the extent of the intrusion on the individual's Fourth Amendment rights must be balanced against the government's interests to determine whether the officer's conduct was objectively reasonable based on the totality of the circumstances. *Miller v. Clark County*, 340 F.3d 959, 964, 968 (9th Cir. 2003); *Coe v. Schaeffer*, 2014 U.S. Dist. LEXIS 2218, 12, 2014 WL 66753 (E.D. Cal. Jan. 6, 2014).

The analysis of excessive force involves three steps. First, the severity of the intrusion on the individual's Fourth Amendment rights is assessed by evaluating the type and amount of force inflicted. *Id*. at 964. Second, the government's interests are evaluated by assessing (1) the severity of the crime; (2) whether the suspect posed an immediate threat to the officer's or public's safety; and (3) whether the suspect was resisting arrest or attempting to escape. *Id*. Third, the gravity of the intrusion on the individual is balanced against the government's need for that intrusion. *Id*. Ultimately, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. 386, 396-97 (1989).

Nothing contained in the Plaintiff's First Amended Complaint even comes close to supporting a claim for excessive force. Indeed, the First Amended Complaint completely lacks any indication

///

that any of the Defendants even touched the Plaintiff, let alone used excessive force. The absence of allegations related to the use of force precludes a claim for excessive force.

As such, the Plaintiff's cause of action for excessive force must be dismissed.

**2. The Plaintiff's Complaint Fails To Allege Sufficient Facts To Support A Cause of Action for Violation of The Ralph Civil Rights Act or the Unruh Act**

The Plaintiff's Fourth Cause of Action is for Violation of the Ralph Civil Rights Act, California Civil Code § 51.7 and the Plaintiff's Fifth Cause of Action is for violation of the Unruh Civil Rights Act, California Civil Code § 51. However, the Plaintiff's First Amended Complaint is completely devoid of factual allegations to state a valid claim under either the Ralph Act or the Unruh Act.

California Civil Code § 51 generally prohibits discrimination in the provision of accommodation and services in all business establishments. See *De Walshe v. Togo's Eateries, Inc.,* 567 F. Supp. 2d 1198, 1204 (C.D. Ca 2008)(citing *Midpenninsula Citizens for Fair Hous. v. Westwood Investors*, 221 Cal. App. 3d 1377, 1382 (1992). Its protections are limited to acts of **intentional discrimination**. *Pack v. Fort Washington II,* 689 F. Supp. 2d 1237, 1249 (E.D. Ca 2009) [emphasis added].

Relatedly, the Ralph Act, California Civil Code § 51.7, provides that all persons within California have the right to be free from any violence, or intimidation by threat of violence, committed against the person, on account of *race* or *national origin*. *Madrigal v. City of Santa Maria*, 2011 U.S. Dist. Lexis 15294 (CD Ca 2011) [emphasis added]. The elements of a claim brought under California Civil Code § 51.7 are: (1) the defendant threatened or committed violent acts against the plaintiff; (2) the defendant was motivated by his perception of plaintiff's race; (3) the plaintiff was harmed; and (4) the defendant's conduct was a substantial favor in causing the plaintiff's harm. *Id.*

There is a complete absence of any factual allegation to support a claim of discrimination or that the conduct of the Defendants was racially motivated or done with the intent to discriminate based on race or national origin. Nothing contained in the Plaintiff's complaint even indicates what race or national origin the plaintiff is.

///

As a result, the Plaintiff has failed to set forth sufficient facts to state a cause of action under either the Ralph Act or the Unruh act and as such, both claims must be dismissed.

**3.     The Plaintiff's Complaint Fails To Allege Sufficient Facts To Support A Cause of Action for Assault or Battery**

Like the Plaintiff's claim for excessive force, the Plaintiff's causes of action for Assault and Battery (Plaintiff's seventh and eighth causes of action) likewise fail. Again, there is nothing contained in any of the factual allegations that indicated that the Defendants had any physical contact with the Plaintiff at all. There are no facts that indicate *which* Defendant had contact with the Plaintiff. At most, the Plaintiff alleges he was arrested and presumably hopes the Court will *infer* that there was contact and/or fear of imminent contact by one or both of the individually named Defendants. While the Plaintiff sets forth the legal allegations to state a cause of action for Assault and/or Battery, the factual allegations to support such claims are completely absent.

For the Plaintiff to establish a claim for Assault and Battery by a peace officer they must prove all of the following: that Defendant intentionally touched Plaintiff; that Defendant used unreasonable force to detain Plaintiff; that Plaintiff did not consent to the use of that force; that Plaintiff was harmed; and that Defendants' use of unreasonable force was a substantial factor in causing Plaintiff's harm. *CACI 1305*.

Police officers are not "similarly situated to the ordinary battery defendant and need not be treated the same." *Munoz v. City of Union City,* 120 Cal. App. 4th 1077, 1109 (2004). In a battery action against a peace officer, the plaintiff "must prove unreasonable force as an element of the tort." *Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1272 (1998). A police officer in California may use reasonable force to make an arrest, prevent escape or overcome resistence and need not desist in the face of resistance." *Id.*

The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. Furthermore, Plaintiffs are required to state what each named Defendant did that gave rise to liability. *Iqbal*, 129 S.Ct. at 1948-49. Conclusory allegations fail to raise inferences of unreasonable or excessive force. See *e.g Arres v. City of Fresno*,

MARDEROSIAN,
CERCONE & COHEN
1260 FULTON MALL
FRESNO, CA 93721

7

2011 U.S. Dist. Lexis 10425 (E.D. Ca 2011) [Court granted defendants' motion to dismiss where the plaintiff's complaint failed to articulate what defendant each defendant did to support a claim for assault and battery and included nothing more than conclusory allegations].

The factual allegations in Plaintiff's First Amended Complaint do not even come close to stating a cause of action for either Assault or Battery.  As such, these causes of action must be dismissed.

## IV

## CONCLUSION

In reality, this case is not an excessive force case and it is not a case of discrimination or disparate treatment.  That is why the Plaintiff fails to include such factual allegations.  However, factual allegations are required to make claims for excessive force, violation of the Ralph Act, violation of the Unruh Act, assault, and battery.  The failure of the Plaintiff to include such factual allegations is fatal to these claims.  As such, these claims must be dismissed.

Dated: March 10, 2015                                   MARDEROSIAN, CERCONE & COHEN


By:   /s/ Michael G. Marderosian
      Michael G. Marderosian,
      Attorney for Defendants above-named.