1   Michael G. Marderosian, No. 077296
    Heather S. Cohen, No. 263093
2   MARDEROSIAN, CERCONE & COHEN
    1260 Fulton Mall
3   Fresno, CA 93721
    Telephone:  (559) 441-7991
4   Facsimile: (559) 441-8170

5   Virginia Gennaro, No. 138877
    City Attorney
6   CITY OF BAKERSFIELD
    1501 Truxtun Avenue
7   Bakersfield, CA  93301
    Telephone:  (661) 326-3721
8   Facsimile:  (661) 852-2020

9   Attorneys for:  Defendants CITY OF BAKERSFIELD, OFFICER VERION COLEMAN (sued
                    herein as OFFICER COLEMAN) and OFFICER ANTHONY McCARTHY (sued
10                  herein as OFFICER McCARTHY)

11                          UNITED STATES DISTRICT COURT
12
                        EASTERN DISTRICT / FRESNO DIVISION
13

14  KENT WILLIAMS,                        )   Case No. 1:14-CV-01955-JLT
                                          )
15              Plaintiff,                )   **REQUEST FOR JUDICIAL NOTICE IN**
                                          )   **SUPPORT OF MOTION TO DISMISS**
16      v.                                )   **PARTICULAR CAUSES OF ACTION**
                                          )   **FROM THE PLAINTIFF'S FIRST**
17  CITY OF BAKERSFIELD, OFFICER          )   **AMENDED COMPLAINT**
    COLEMAN, OFFICER McCARTHY,            )
18  and DOES 1 to 100, inclusive,        )   **DATE: April 27, 2015**
                                          )   **TIME: 9:30 a.m.**
19              Defendants.               )   **LOCATION: 510 19th Street, Suite 200,**
                                          )   **Bakersfield, California**
20                                        )
                                          )   *Trial Date: Not Yet Assigned*
21  _____ )

22          The Court is asked to take judicial notice of the following pursuant to Fed. R. Evid. 201:

23          1.      Plaintiff's First Amended Complaint attached hereto as Exhibit A.

24  Dated:  March 10, 2015                    MARDEROSIAN, CERCONE & COHEN

25

26                                          By:___/s/ Michael G. Marderosian_____
                                               Michael G. Marderosian,
27                                             Attorney for Defendants above-named.

28

# EXHIBIT A

DANIEL RODRIGUEZ, ESQ., SBN 096625
JOEL T. ANDREESEN, ESQ., SBN 152254
MARTHA J. ROSSITER, ESQ., SBN 256234
**RODRIGUEZ & ASSOCIATES**
**A PROFESSIONAL LAW CORPORATION**
2020 Eye Street
Bakersfield, CA 93301
Tel. No.:  (661) 323-1400
Fax No.:  (661) 323-0132


Attorneys for Plaintiff
KENT WILLIAMS

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENT WILLIAMS,<br><br>           Plaintiff,<br><br>   vs.<br><br>CITY OF BAKERSFIELD, OFFICER COLEMAN, OFFICER McCARTHY and DOES 1 to 100, Inclusive,<br><br>         Defendants. | **Case No. 1:14-CV-01955-JLT**<br><br>**FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff Kent Williams ("Plaintiff"), and alleges against Defendants CITY OF BAKERSFIELD, OFFICER COLEMAN, OFFICER McCARTHY and DOES 1 TO 100, Inclusive, as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over the federal causes of action asserted under 42 U.S.C. §§ 1983, 1988, pursuant to 28 U.S.C. § 1343(3).   The Court has supplemental jurisdiction over the causes of action asserted under California law pursuant to 28 U.S.C. § 1667(a).

2.      Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(c) because: (1) one or more defendants reside in the Eastern District of California, and all defendants are residents of the State in which the district is located; and/or (2) a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of California.

## PARTIES AND OTHER RELEVANT ACTORS

3.      Plaintiff is, and at all relevant times herein was, an adult, citizen, and resident of Bakersfield, California.

4.      Defendant CITY OF BAKERSFIELD is, and at all relevant times herein was, a political subdivision of the State of California. Said Defendant is legally responsible for, and has a duty to pay, all of the damages, penalties, attorneys' fees, and costs set forth in the causes of action alleged under California law, except for punitive or exemplary damages, pursuant to California Government Code §§ 815.2(a) and/or 815.6.

5.      Defendant OFFICER COLEMAN ("Defendant COLEMAN") was, at all times relevant to this action, a Bakersfield Police Department Police Officer, officer, agent and/or employee of Defendant CITY OF BAKERSFIELD, and was acting within the course and scope of said agency and employment, and under color of law.  Said

Defendant is legally responsible for, and has a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorneys' fees, and costs set forth in the causes of action alleged under California law pursuant to California Government Code § 820(a).

6. Defendant OFFICER McCARTHY ("Defendant McCARTHY") was, at all times relevant to this action, a Bakersfield Police Department Police Officer, officer, agent and/or employee of Defendant CITY OF BAKERSFIELD, and was acting within the course and scope of said agency and employment, and under color of law. Said Defendant is legally responsible for, and has a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorneys' fees, and costs set forth in the causes of action alleged under California law pursuant to California Government Code § 820(a).

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend his Complaint to allege the true names and capacities when ascertained. Plaintiff is informed and believes and on that basis alleges that each of the fictitiously named Defendants is liable in the manner set forth below for the acts, conduct, and/or omissions concerning the events and happenings herein referred to, which proximately caused the damages and injuries to Plaintiff as alleged herein.

8. Defendant DOES 1 to 100, inclusive, are and at all relevant times herein were, Bakersfield Police Department Police Officers, officer, agents and/or employees of the Defendant CITY OF BAKERSFIELD, and were acting within the course and scope of said employment and under color of law. Said Defendants are legally responsible for, and have a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorneys' fees, and costs set forth in the causes of action alleged under California law pursuant to California Government Code § 820(a).

9.      Plaintiff is informed and believes and on that basis alleges that at all times and places mentioned herein each Defendant was the agent, representative and/or employee of each of the remaining Defendants and was acting within the course and scope of said agency, representation and/or employment.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10.      Prior to August 28, 2014 and all relevant times here in, Defendant COLEMAN, Defendant McCARTHY, and Defendants DOES 1 through 50, inclusive, were law enforcement officers, officers, agents and employees of the CITY OF BAKERSFIELD and the Bakersfield Police Department acting within the course and scope of such agency and employment, and under color of law.

11.      Prior to August 28, 2014, and at all relevant times herein, Defendant CITY OF BAKERSFIELD, and its employees, agents, supervisors, managers and/or representatives, Defendants DOES 51 through 100, inclusive, were deliberately indifferent, reckless, negligent and/or careless with respect to the hiring, training, supervision and discipline of Defendant COLEMAN, Defendant McCARTHY and Defendants DOES 1 through 50, inclusive.  As an actual, legal and proximate result of said Defendants' deliberate indifference, recklessness, negligence and carelessness Plaintiff suffered and incurred the injuries and damages alleged herein.

12.      Prior to and on August 28, 2014, and at all times relevant herein, Defendants, and each of them, as well as their agents and employees acting within the course and scope of such agency and employment and under color of law, intentionally, deliberately, indifferently, recklessly, and/or negligently and unreasonably failed to train and supervise their employees, agents and subordinates, including Defendant COLEMAN, Defendant McCARTHY and Defendants DOES 1 through 50, inclusive, with respect to, inter alia:

(a) the relevant California law concerning concealed weapon permits; (b) the relevant California law concerning the possession on school premises of a concealed weapon by the lawful holder of a concealed weapon permit; (c) the Second Amendment to the United States Constitution; and (d) the Fourth Amendment to the United States Constitution; (e) the Due Process Clause of the Fourteenth Amendment to the United States Constitution; and (f) the California statutes and law alleged herein. As an actual, legal and proximate result of said deliberate indifference, recklessness, negligence and carelessness, Plaintiff was falsely arrested, intimidated, humiliated, required medical attention, was wrongfully deprived of his weapons, and suffered and incurred the other damages alleged herein.

13.   On or about August 28, 2014, Defendant COLEMAN, Defendant McCARTHY, and Defendants DOES 1 through 50, inclusive, went to Tevis Junior High School in Bakersfield, California, and met the Plaintiff, who was, and is, the Vice Principal of the school.

14.   When asked if he had a gun, Plaintiff answered in the affirmative. Plaintiff told Defendant COLEMAN, Defendant McCARTHY and Defendants DOES 1 through 50, inclusive, that he was also properly licensed to carry a concealed gun. Plaintiff provided Defendant COLEMAN, Defendant McCARTHY and Defendants DOES 1 through 50, inclusive, the permit that allowed him to carry the gun. Defendant COLEMAN, Defendant McCARTHY and Defendants DOES 1 through 50, inclusive, took the permit and to this day have not returned it.

15.   Defendant COLEMAN, Defendant McCARTHY, Defendants DOES 1 through 50, inclusive, while acting within the course and scope of their employment with Defendant CITY OF BAKERSFIELD and under color of law, knowing that Plaintiff had a valid concealed carry permit, conspired to take, and in fact took, Plaintiff's gun and have failed to

return the weapon.

16.     Defendant COLEMAN, Defendant McCARTHY and Defendants DOES 1 through 50, inclusive, while acting within the course and scope of their employment with Defendant CITY OF BAKERSFIELD and under color of law, conspired to arrest, and in fact arrested, Plaintiff without probable cause, and placed him in the back of a police car.

17.     As an actual, legal and proximate result of the above-alleged conduct by Defendants Defendant COLEMAN, Defendant McCARTHY and Defendants DOES 1 through 50, inclusive, Plaintiff's diabetes was exacerbated and he required medical care.

18.     Defendants Does 1 through 50, inclusive, while acting within the course and scope of their employment with Defendant CITY OF BAKERSFIELD, and under color of law, then went to Plaintiff's home, conspired to take, and in fact took, all of Plaintiff's lawfully registered guns, and, to date, have not returned them.

19.     After several hours of false arrest, Plaintiff was released by Defendants and told he committed no crime.

20.     DOES 50 to 100, inclusive, intentionally, recklessly, deliberately indifferently, and/or negligently and unreasonably failed and refused to intervene or make any effort to stop or prevent Defendant COLEMAN, Defendant McCARTHY and Defendants DOES 1 through 50, inclusive, from arresting Plaintiff without probable cause, unlawfully seizing Plaintiff's weapons, or engaging in the other wrongful conduct alleged herein.

22.     As an actual, legal and proximate result of the act or failure to act by Defendants, and each of them, Plaintiff suffered significant physical, mental, and emotional

injuries, including but not limited to the exacerbation of Plaintiff's diabetes.

23.     As an actual, legal and proximate result of the intentional, reckless, negligent, and other wrongful acts, conduct and omissions of Defendants, and each of them, Plaintiff incurred and suffered physical pain, mental pain and anguish, emotional distress, and medical expenses, including but not limited to the exacerbation of his diabetes.

24.     Plaintiff has complied with the California Tort Claims Act, California Government Code §§ 910 et seq.  Plaintiff timely submitted his Government Tort Claim for damages on October 2, 2014. The CITY OF BAKERSFIELD rejected said Claim by operation of law pursuant to California Government Code § 912.4(c) by failing to respond within 45 days.

## FIRST CAUSE OF ACTION
**Arrest, Seizure And Unreasonable And Excessive Use Of Force In Violation Of The Fourth Amendment, Pursuant To 42 U.S.C. Sections 1983, 1988**
**[Against All Defendants]**

25.     Plaintiff realleges and incorporates by reference paragraphs 1 through 24, inclusive, as though fully set forth herein.

26.     Plaintiff asserts this First Cause of Action for arrest, seizure and unreasonable and excessive use of force in violation of the Fourth Amendment to the United States Constitution pursuant to 42 U.S.C. §§ 1983, 1988.

27.     In engaging in the acts, omissions and conduct alleged herein, Defendants, COLEMAN, MCCARTHY, and DOES 1 to 100, inclusive, while acting within the course and scope of their employment with Defendant CITY OF BAKERSFIELD, and

under color of law, detained, seized, arrested, and used unreasonable and excessive force against, Plaintiff without probable cause, reasonable suspicion, or justification

28. By reason of the conduct of the Defendants, and each of them, as alleged herein, Plaintiff was deprived, under color of law, of his right guaranteed by the Fourth Amendment to the United States Constitution to be free from: (a) unreasonable seizure; and (b) the use of unreasonable and excessive force against him

29. Defendants CITY OF BAKERSFIELD, and DOES 51 through 100, inclusive, maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs set forth above and, based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and *City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), that policy, custom or practice was carried out by Defendant OFFICER COLEMAN, Defendant OFFICER McCARTHY and Defendants DOES 1 through 50 in violating Plaintiff's rights guaranteed by the Fourth Amendment to be secure in his person, to be free from unlawful search and/or seizure, and free from the use of excessive force, and are therefore liable for all injuries sustained by Plaintiff as set forth herein.

30. By reason of the conduct of the Defendants, and each of them, as alleged herein, Plaintiff was deprived, under color of law, of his rights guaranteed by the Fourth Amendment to the United States Constitution to be free from unlawful seizure, and the excessive and unreasonable use of force.

///
///
///
///

**SECOND CAUSE OF ACTION**

**Violation Of The Right To Bear Arms Under The Second Amendment,**

**Pursuant To 42 U.S.C. Sections 1983, 1988**

**[Against All Defendants]**

31.     Plaintiff realleges and incorporates by reference paragraphs 1 through 24, and 26 through 30, inclusive, as though fully set forth herein.

32.     Plaintiff asserts this Second Cause of Action for violation of the right to bear arms under the Second Amendment to the United States Constitution, as same is incorporated by the Fourteenth Amendment, *see McDonald v. City of Chicago*, 561 U.S. 742, 791, 130 S. Ct. 3020, 3044 (2010), *Peruta v. County of San Diego*, 742 F.3d 1144, 1179 (9th Cir. 2014), pursuant to 42 U.S.C. §§ 1983, 1988.

33.     In engaging in the acts, omissions and conduct alleged herein, Defendants, COLEMAN, McCARTHY, and DOES 1 to 100, inclusive, while acting within the course and scope of their employment with Defendant CITY OF BAKERSFIELD, and under color of law: (a) deprived Plaintiff of his right under the Second Amendment to possess a gun on his person; (b) took and seized both from Plaintiff's person and later from Plaintiff's home and residence, and continue to possess, Plaintiff's guns in violation of the Second Amendment; and, therefore (c) also deprived Plaintiff of his legal right under the Second Amendment to possess guns at his home and residence. Defendants did so without legal justification or basis.

34.     Defendants CITY OF BAKERSFIELD, and DOES 51 through 100, inclusive, maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs set forth above and, based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56

L.Ed.2d 611 (1978), and *City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), that policy, custom or practice was carried out by Defendants CITY OF BAKERSFIELD, COLEMAN, MCCARTHY, and DOES 1 through 50, inclusive, in violating Plaintiff's rights guaranteed by the Second Amendment, to keep and bear arms, as set forth herein.

35.    By reason of the conduct of the Defendants, and each of them, as alleged herein, Plaintiff was deprived, under color of law, of his rights guaranteed by the Second Amendment to the United States Constitution to: (a) possess a gun on his person; and (b) possess guns at his home and residence.

**THIRD CAUSE OF ACTION**

**Deprivation Of Plaintiff's Property Without Due Process Of Law In Violation Of The Fourteenth Amendment,**

**Pursuant To 42 U.S.C. Sections 1983, 1988**

**[Against All Defendants]**

36.    Plaintiff realleges and incorporates by reference paragraphs 1 through 25, 27 through 31, and 33 through 36, inclusive, as though fully set forth herein.

37.    Plaintiff asserts this Third Cause of Action for deprivation of Plaintiff's property without due process of law in violation of the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. §§ 1983, 1988.

38.    In engaging in the acts, omissions and conduct alleged herein, Defendants, COLEMAN, McCARTHY, and DOES 1 to 100, inclusive, while acting within the course and scope of their employment with Defendant CITY OF BAKERSFIELD, and under

FIRST AMENDED COMPLAINT - 10

color of law, deprived, and continue to deprive, Plaintiff of his property (e.g., his guns) without due process of law in violation of the Fourteenth Amendment.

39.     Defendants CITY OF BAKERSFIELD, and DOES 51 through 100, inclusive, maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs set forth above and, based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and *City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), that policy, custom or practice was carried out by Defendants CHRISTOPHER DALTON and DOES 1 through 50 in violating Plaintiff's rights guaranteed by the Fourteenth Amendment not to be deprived of his property (e.g., his guns) without due process of law.

40.     By reason of the conduct of the Defendants, and each of them, as alleged herein, Plaintiff was deprived, under color of law, of his rights guaranteed by the Fourteenth Amendment to the United States Constitution not to be deprived of his property (e.g., his guns) without due process of law.

## FOURTH CAUSE OF ACTION
### Violation of The Ralph Civil Rights Act, California Civil Code Section 51.7.
### [Against All Defendants.]

41.     Plaintiff realleges and incorporates by reference paragraphs 1 through 24, 26 through 30, 32 through 35 and 37 through 40, inclusive, as though fully set forth herein.

42.     In engaging in and performing the acts, omissions and conduct alleged herein, Defendants COLEMAN, MCCARTHY, and DOES 1 through 50, inclusive, inclusive, while acting within the course and scope of their employment with Defendant

CITY OF BAKERSFIELD, and Defendants Does 51 through 100, inclusive, committed acts of violence, or intimidation by threat of violence, on account of Plaintiff's protected characteristics – i.e., his lawful possession of a gun on his person, his lawful possession of guns at his home and residence, and/or his lawful exercise of his rights under the Second Amendment to the United States Constitution – against: (i) Plaintiff's person; and/or (ii) Plaintiff's property – i.e., his guns -- in that Defendants have seized, retained, deprived Plaintiff of, and threaten to destroy (or, currently unknown to Plaintiff, have destroyed) such property -- in violation of California Civil Code §§ 51(b), (e), 51.7.

43.     As an actual, direct, proximate and legal result of the wrongful conduct of Defendants, and each of them, alleged herein, Plaintiff incurred, and is entitled to recover, general and special damages, including but not limited to:

     a.     physical injuries, severe emotional injuries and distress, medical expenses, including but not limited to the exacerbation of his diabetes, and

     b.     will suffer and incur future continuing emotional distress, and medical expenses.

44.     Pursuant to California Civil Code §§ 51.7, 52(b), Plaintiff is entitled to recover a civil penalty of twenty-five thousand dollars ($25,000), actual damages and, in addition, an amount to be determined by a jury for exemplary damages, as well as attorneys' fees as may be determined by the Court.

45.     Defendants COLEMAN, MCCARTHY, and DOES 1 through 50, inclusive, inclusive, are legally responsible for, and has a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorneys' fees, and costs set forth in this cause of

---

FIRST AMENDED COMPLAINT - 12

action pursuant to California Government Code § 820(a).

46.     Defendants CITY OF BAKERSFIELD, and Defendants Does 51 through 100, inclusive, are legally responsible for, and have a duty to pay, all of the damages, penalties, attorneys' fees, and costs set forth in this cause of action, except for punitive or exemplary damages, pursuant to California Government Code § 815.2(a).

## FIFTH CAUSE OF ACTION
### Violation Of The Unruh Civil Rights Act, California Civil Code § 51, And/Or California Civil Code § 51.5.
### [Against all Defendants.]

47.     Plaintiff realleges and incorporates by reference paragraphs 1 through 24, 26 through 30, 32 through 35, 37 through 40, and 42 through 46, inclusive, as though fully set forth herein.

48.     Defendant CITY OF BAKERSFIELD, and Defendants Does 51 through 100, inclusive, are "business establishments" within the meaning of the Unruh Civil Rights Act, California Civil Code § 51 and California Civil Code § 51.5.

49.     In engaging in and performing the acts, omissions and conduct alleged herein, Defendants COLEMAN, MCCARTHY, and DOES 1 through 50, inclusive, inclusive, while acting within the course and scope of their employment with Defendant CITY OF BAKERSFIELD, and Defendants Does 51 through 100, inclusive, violated, or aided or incited the violation of, or made discrimination or distinction contrary to, the Unruh Civil Rights Act, California Civil Code § 51, and/or California Civil Code § 51.5, on account of Plaintiff's protected characteristics – i.e., his lawful possession of a gun on

his person, his lawful possession of guns at his home and residence, and/or his lawful exercise of his rights under the Second Amendment to the United States Constitution. Defendants are therefore liable for said acts, omissions and conduct pursuant to California Civil Code § 52(a).

50.     As an actual, direct, proximate and legal result of the wrongful conduct of Defendants, and each of them, alleged herein, Plaintiff: (a) suffered and incurred physical injuries, emotional injuries and distress, and medical expenses; and (b) will suffer and incur future continuing emotional distress, and medical expenses.

51.     Pursuant to California Civil Code §§ 51, 51.5, 52(a), Plaintiff is entitled to recover from Defendants, and each of them, his actual damages, and any amount that may be determined by a jury up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the Court.

52.     Defendants COLEMAN, MCCARTHY, and DOES 1 through 50, inclusive, inclusive, are legally responsible for, and has a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorneys' fees, and costs set forth in this cause of action pursuant to California Government Code § 820(a).

53.     Defendants CITY OF BAKERSFIELD, and Defendants Does 51 through 100, inclusive, are legally responsible for, and have a duty to pay, all of the damages, penalties, attorneys' fees, and costs set forth in this cause of action, except for punitive or exemplary damages, pursuant to California Government Code § 815.2(a).

///

///

## SIXTH CAUSE OF ACTION

**Violation Of The Bane Civil Rights Act, California Civil Code § 52.1.**

**[Against all Defendants.]**

54.     Plaintiff realleges and incorporates by reference paragraphs 1 through 24, 26 through 30, 32 through 35, 37 through 40, 42 through 46, and 48 through 53, inclusive, as though fully set forth herein.

55.     In engaging in and performing the acts, omissions and conduct alleged herein, Defendants COLEMAN, MCCARTHY, and DOES 1 through 50, inclusive, inclusive, while acting within the course and scope of their employment with Defendant CITY OF BAKERSFIELD, and Defendants Does 51 through 100, inclusive, interfered by threats, intimidation, or coercion, or attempted to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by Plaintiff of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of the State of California. More specifically, said Defendants interfered, or attempted to interfere, with Plaintiff's constitutional or statutory rights under, <u>inter alia</u>:

    a.    The Second Amendment to the United States Constitution, guaranteeing the right to keep and bear arms;

    b.    The Fourth Amendment to the Constitution of the United States, to be secure in his person and to be free from unreasonable seizure, search and the excessive use of force;

    c.    The Fourteenth Amendment to the United States Constitution, not to be deprived of his property without due process of law;

---

d.    Article 1, Section 13 of the California Constitution, to be secure in his person and to be free from the excessive use of force;

e.    Article I, Section 7 of the California Constitution, not to be deprived of his liberty without due process of law;

g.    Unruh Civil Rights Act, California Civil Code §§ 51, 51.5;

h.    Ralph Civil Rights Act, California Civil Code §§ 51, 51.5.7; and

i.    California Civil Code § 43, the statutory right of protection from bodily restraint and harm, *see Jones v. Kmart Corp.* (1998) 17 Cal.4th 329, 338;

56.    As an actual, direct, proximate and legal result of the wrongful conduct of Defendants, and each of them, alleged herein, Plaintiff incurred, and is entitled to recover, general and special damages, including but not limited to: Plaintiff: (a) suffered and incurred physical injuries, emotional injuries and distress, and medical expenses, including but not limited to the exasperation of Plaintiff's diabetes; and (b) will suffer and incur future continuing emotional distress, and medical expenses.

57.    Pursuant to California Civil Code §§ 52(a), (b), 52.1(b), (h), Plaintiff is entitled to recover either:

a.    a civil penalty of twenty-five thousand dollars ($25,000), his actual damages and, in addition, an amount to be determined by a jury for exemplary damages, as well as attorneys' fees as may be determined

by the Court; or

b.   his actual damages, and any amount that may be determined by a jury up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the Court.

58.   Defendants COLEMAN, MCCARTHY, and DOES 1 through 50, inclusive, inclusive, are legally responsible for, and has a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorneys' fees, and costs set forth in this cause of action pursuant to California Government Code § 820(a).

59.   Defendants CITY OF BAKERSFIELD, and Defendants Does 51 through 100, inclusive, are legally responsible for, and have a duty to pay, all of the damages, penalties, attorneys' fees, and costs set forth in this cause of action, except for punitive or exemplary damages, pursuant to California Government Code § 815.2(a).

## SEVENTH CAUSE OF ACTION
### Assault, Under California Law.
### [Against all Defendants.]

60.   Plaintiff realleges and incorporates by reference paragraphs 1 through 24, 26 through 30, 32 through 35, 37 through 40, 42 through 46, 48 through 53, and 55 through 59, inclusive, as though fully set forth herein.

61.   In engaging in and performing the acts, omissions and conduct alleged herein, Defendants COLEMAN, MCCARTHY, and DOES 1 through 50, inclusive, while acting within the course and scope of their employment with Defendant CITY OF

FIRST AMENDED COMPLAINT - 17

BAKERSFIELD, and DOES 51 through 100, inclusive, intended to cause and did cause Plaintiff to suffer apprehension of an immediate harmful or offensive physical contact. All such apprehended physical contact was harmful or offensive because, inter alia, Defendants, and each of them, had no legal right or privilege to physically contact Plaintiff.

62.    As an actual, direct, proximate and legal result of the wrongful conduct of Defendants, and each of them, alleged herein, Plaintiff: (a) suffered and incurred physical injuries, emotional injuries and distress and medical expenses, including but not limited to the exasperation of Plaintiff's diabetes; and (b) will suffer and incur future continuing emotional distress and medical expenses.  In addition, in performing the acts alleged herein, Defendants' conduct was willful, reckless and/or was intended to cause injury to Plaintiff.  Plaintiff is therefore entitled to an award of exemplary damages

63.    Defendants COLEMAN, MCCARTHY, and DOES 1 through 50, inclusive, inclusive, are legally responsible for, and has a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorneys' fees, and costs set forth in this cause of action pursuant to California Government Code § 820(a).

64.    Defendants CITY OF BAKERSFIELD, and DOES 51 through 100, inclusive, are legally responsible for, and have a duty to pay, all of the damages, penalties, attorneys' fees, and costs set forth in this cause of action, except for punitive or exemplary damages, pursuant to California Government Code § 815.2(a).

///
///
///
///

# EIGHTH CAUSE OF ACTION

## Battery, Under California Law.

### [Against all Defendants.]

65.     Plaintiff realleges and incorporates by reference paragraphs 1 through 24, 26 through 30, 32 through 35, 37 through 40, 42 through 46, 48 through 53, 55 through 59, and 61 through 64, inclusive, as though fully set forth herein.

66.     In engaging in and performing the acts, omissions and conduct alleged herein, Defendants COLEMAN, MCCARTHY, and DOES 1 through 50, inclusive, while acting within the course and scope of their employment with Defendant CITY OF BAKERSFIELD, and DOES 51 through 100, inclusive, intentionally subjected Plaintiff to a harmful or offensive touching which actually, legally and proximately caused Plaintiff to suffer the injuries and damages alleged herein.  All such touching was harmful or offensive because, inter alia, Defendants, and each of them, had no legal right or privilege to physically contact Plaintiff in any way.

67.     As an actual, direct, proximate and legal result of the wrongful conduct of Defendants, and each of them, alleged herein, Plaintiff: (a) suffered and incurred physical injuries, emotional injuries and distress and medical expenses, including but not limited to the exasperation of Plaintiff's diabetes; and (b) will suffer and incur future continuing emotional distress and medical expenses. In addition, in performing the acts alleged herein, Defendants' conduct was willful, reckless and/or was intended to cause injury to Plaintiff.  Plaintiff is therefore entitled to an award of exemplary damages

68.     Defendants COLEMAN, MCCARTHY, and DOES 1 to 50 and DOES 1 through 50, inclusive, inclusive, are legally responsible for, and has a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorneys' fees, and costs set

---

forth in this cause of action pursuant to California Government Code § 820(a).

69.     Defendants CITY OF BAKERSFIELD, and DOES 51 through 100, inclusive, are legally responsible for, and have a duty to pay, all of the damages, penalties, attorneys' fees, and costs set forth in this cause of action, except for punitive or exemplary damages, pursuant to California Government Code § 815.2(a).

## NINTH CAUSE OF ACTION
### False Arrest/False Imprisonment, Under California Law.
### [Against all Defendants.]

70.     Plaintiff realleges and incorporates by reference paragraphs 1 through 24, 26 through 30, 32 through 35, 37 through 40, 42 through 46, 48 through 53, 55 through 59, 61 through 64, and 66 through 69, inclusive, as though fully set forth herein.

71.     In engaging in and performing the acts, omissions and conduct alleged herein, Defendants COLEMAN, MCCARTHY, and DOES 1 through 50, inclusive, while acting within the course and scope of their employment with Defendant CITY OF BAKERSFIELD, and DOES 51 through 100, inclusive, falsely arrested and imprisoned Plaintiff and restrained and/or confined Plaintiff against his will and without probable cause or justification.

72.     As an actual, direct, proximate and legal result of the wrongful conduct of Defendants, and each of them, alleged herein, Plaintiff: (a) suffered and incurred physical injuries, emotional injuries and distress and medical expenses, including but not limited to the exasperation of Plaintiff's diabetes; and (b) will suffer and incur future continuing emotional distress and medical expenses. In addition, in performing the acts alleged

herein, Defendants' conduct was willful, reckless and/or was intended to cause injury to Plaintiff. Plaintiff is therefore entitled to an award of exemplary damages

73.     Defendants COLEMAN, MCCARTHY, and DOES 1 through 50, inclusive, inclusive, are legally responsible for, and has a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorneys' fees, and costs set forth in this cause of action pursuant to California Government Code § 820(a).

74.     Defendants CITY OF BAKERSFIELD, and DOES 51 through 100, inclusive, are legally responsible for, and have a duty to pay, all of the damages, penalties, attorneys' fees, and costs set forth in this cause of action, except for punitive or exemplary damages, pursuant to California Government Code § 815.2(a).

## TENTH CAUSE OF ACTION
### For Possession of Personal Property And For Damages, Under California Law.
### [Against all Defendants.]

75.     Plaintiff realleges and incorporates by reference paragraphs 1 through 24, 26 through 30, 32 through 35, 37 through 40, 42 through 46, 48 through 53, 55 through 59, 61 through 64, 66 through 69, and 71 through 74, inclusive, as though fully set forth herein.

76.     Plaintiff is, and at all times herein mentioned was, the owner of the personal property seized and taken by Defendants – i.e., the guns seized and taken by Defendants.

77.     Plaintiff is, and at all times herein mentioned was, entitled to immediate and exclusive possession of such personal property.

78.     On or about August 28, 2014, and thereafter, Defendants wrongfully and without Plaintiff's consent took possession of the personal property described above. Since that time Defendants have been, and now are, in wrongful possession of the property in violation of Plaintiff's right to immediate and exclusive possession.  Plaintiff is entitled to immediate possession of such personal property pursuant to California Civil Code §§ 3379, 3380.

79.     During, and as an actual, legal and proximate result of, Defendants' wrongful possession of the personal property described above, Plaintiff suffered the loss of use and enjoyment of his personal property.  As a result, Plaintiff has suffered damages for his loss of use of the personal property described above according to proof.

80.     During, and as an actual, legal and proximate result of, Defendants' wrongful possession of the personal property described above, Plaintiff suffered the loss of the depreciation of his personal property his damage according to proof.

81.     In taking, wrongfully possessing, and detaining the property described above, Defendants' conduct was willful, reckless and/or was intended to cause injury to Plaintiff.  Plaintiff is therefore entitled to an award of exemplary damages.

## ELEVENTH CAUSE OF ACTION
### Conversion, under California law
### [Against All Defendants.]

82.     Plaintiff realleges and incorporates by reference paragraphs 1 through 24, 26 through 30, 32 through 35, 37 through 40, 42 through 46, 48 through 53, 55 through 59,

61 through 64, 66 through 69, 71 through 74, and 76 through 81, inclusive, as though fully set forth herein.

83.     Plaintiff alleges this cause of action in the alternative to the Tenth Cause of Action for Possession of Personal Property and for Damages.

84.     At all times herein mentioned, and in particular on or about August 28, 2014, Plaintiff was, and still is, the owner, and was, and still is, entitled to the possession of the personal property seized and taken by Defendants – i.e., the guns seized and taken by Defendants.

85.     On or about August 28, 2014, and thereafter, Defendants took the property described above from Plaintiff's possession and converted same to their use.

86.     In addition, in performing the acts alleged herein, Defendants' conduct was willful, reckless and/or was intended to cause injury to Plaintiff.  Plaintiff is therefore entitled to an award of exemplary damages

87.     Defendants COLEMAN, MCCARTHY, and DOES 1 through 50, inclusive, are legally responsible for, and has a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorneys' fees, and costs set forth in this cause of action pursuant to California Government Code § 820(a).

88.     Defendants CITY OF BAKERSFIELD, and DOES 51 through 100, inclusive, are legally responsible for, and have a duty to pay, all of the damages, penalties, attorneys' fees, and costs set forth in this cause of action, except for punitive or exemplary damages, pursuant to California Government Code § 815.2(a).

## TWELFTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress, Under California Law.
### [Against all Defendants.]

89.     Plaintiff realleges and incorporates by reference paragraphs 1 through 24, 26 through 30, 32 through 35, 37 through 40, 42 through 46, 48 through 53, 55 through 59, 61 through 64, 66 through 69, 71 through 74, 76 through 81, and 83 through 87, inclusive, as though fully set forth herein.

90.     In engaging in and performing the acts, omissions and conduct alleged herein, Defendants COLEMAN, MCCARTHY, and DOES 1 through 50, inclusive, inclusive, while acting within the course and scope of his employment with Defendant CITY OF BAKERSFIELD, and DOES 51 through 100, inclusive, engaged in conduct that was outrageous and carried out with the intent to cause, and did in fact cause, Plaintiff extreme and severe emotional distress. As an actual, direct, proximate and legal result of the acts, omissions and conduct of Defendants, Plaintiff suffered, and seeks to recover for, extreme and enduring mental, physical and emotional pain, distress, shock, agony and suffering, including but not limited to the exasperation of Plaintiff's diabetes, in an amount according to proof at trial.  In addition, in performing the acts alleged herein, Defendants' conduct was willful, reckless and/or was intended to cause injury to Plaintiff.  Plaintiff is therefore entitled to an award of exemplary damages.

91.     Defendants COLEMAN, MCCARTHY, and DOES 1 through 50, inclusive, are legally responsible for, and has a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorneys' fees, and costs set forth in this cause of action pursuant to California Government Code § 820(a).

92.     Defendants CITY OF BAKERSFIELD, and DOES 51 through 100, inclusive, are legally responsible for, and have a duty to pay, all of the damages, penalties, attorneys' fees, and costs set forth in this cause of action, except for punitive or exemplary damages, pursuant to California Government Code § 815.2(a).

## THIRTEENTH CAUSE OF ACTION
### Negligence Under California Law.
### [Against all Defendants.]

93.     Plaintiff realleges and incorporates by reference paragraphs 1 through 24, 26 through 30, 32 through 35, 37 through 40, 42 through 46, 48 through 53, 55 through 59, 61 through 64, 66 through 69, 71 through 74, 76 through 81, 83 through 87, and 89 through 92, inclusive, as though fully set forth herein.

94.     In engaging in and performing the acts, omissions and conduct alleged herein, Defendants, and each of them, negligently, carelessly, actually, legally and proximately caused damages and injuries suffered by Plaintiff as alleged herein. As an actual, direct, proximate and legal result of the wrongful conduct of Defendants, and each of them, alleged herein, Plaintiff: (a) suffered and incurred physical injuries, emotional injuries and distress and medical expenses, including but not limited to the exasperation of Plaintiff's diabetes; and (b) will suffer and incur future continuing emotional distress and medical expenses.

95.     Defendants COLEMAN, MCCARTHY, and DOES 1 through 50, inclusive, are legally responsible for, and has a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorneys' fees, and costs set forth in this cause of action pursuant to California Government Code § 820(a).

96.     Defendants CITY OF BAKERSFIELD, and DOES 51 through 100, inclusive, are legally responsible for, and have a duty to pay, all of the damages, penalties, attorneys' fees, and costs set forth in this cause of action, except for punitive or exemplary damages, pursuant to California Government Code § 815.2(a).

97.     In addition, in performing and engaging in the intention, reckless, negligent and other wrongful conduct alleged herein, Defendants, and each of them, failed to perform one or more mandatory duties, within the meaning of California Government Code § 815.6, under, including, **but not limited to**:

    a.     The Second Amendment of the United States Constitution guaranteeing the right to keep and bear arms;

    b.     The Fourth Amendment to the Constitution of the United States;

    c.     The Due Process Clause of the Fourteenth Amendment to the Constitution of the United States;

    d.     Article 1, Section 13 of the California Constitution;

    e.     Article I, Section 7 of the California Constitution;

    f.     Ralph Civil Rights Act, California Civil Code §§ 51, 51.5.7;

    g.     Unruh Civil Rights Act, California Civil Code §§ 51, 51.5;

    h.     Bane Civil Rights Act, California Civil Code § 52.1; and

    i.     California Civil Code § 43, the statutory right of protection from bodily restraint and harm, *see Jones v. Kmart Corp.*, 17 Cal.4th 329, 338 (1998).

///
///
///

FIRST AMENDED COMPLAINT - 26

**ATTORNEYS' FEES, COSTS, PREJUDGMENT INTEREST AND POST-JUDGMENT INTEREST**

98.    Pursuant to the provisions of 42 U.S.C. § 1988, Plaintiff is entitled to and demands an award of reasonable attorneys' fees and costs attendant to prosecuting this action.

100.   Plaintiff is entitled to and demands an award of prejudgment interest.

101.   Plaintiff is entitled to and demands an award of post-judgment interest pursuant to 28 U.S.C. § 1961(a).

**PRAYER**

WHEREFORE, Plaintiff seeks damages as follows:

(1)    General damages – In an amount to be proven at trial;

(2)    Special damages – In an amount to be proven at trial;

(3)    Punitive damages – Against the individual Defendants, in an amount to be proven at trial;

(4)    Possession of the property described above (i.e., the guns) pursuant to California Civil Code §§ 3379, 3380 or, if the property cannot be delivered, for their value;

(5)    Attorney's fees and costs of suit incurred herein;

(6)     With regard to the claim under the Ralph Civil Rights Act, California Civil §§ 51.7, 52(b), a civil penalty of twenty-five thousand dollars ($25,000), actual damages and, in addition, an amount to be determined by a jury for exemplary damages, as well as attorneys' fees as may be determined by the Court;

(7)     With regard to the claim under the Unruh Civil Rights Act, California Civil §§ 51, 51.5, 52(a), Plaintiff's actual damages, and any amount that may be determined by a jury up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the Court;

(8)     With regard to the claim under the Bane Civil Rights Act, California Civil Code § 52.1, either :

        (i) a civil penalty of twenty-five thousand dollars ($25,000), Decedent's actual damages and, in addition, an amount to be determined by a jury for exemplary damages, as well as attorneys' fees as may be determined by the Court; or

        (ii) Decedent's actual damages, and any amount that may be determined by a jury up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the Court, and

(9) An award of prejudgment interest;

FIRST AMENDED COMPLAINT - 28

(10) An award of post-judgment interest pursuant to 28 U.S.C. § 1961(a); and

(11) For such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Dated:  January 26, 2014                    RODRIGUEZ & ASSOCIATES


                                    ___/s/ Daniel Rodriguez_____/
                                    DANIEL RODRIGUEZ, Esq.
                                    Attorneys for Plaintiff KENT WILLIAMS