Michael G. Marderosian, No. 77296
Heather S. Cohen, No. 263093
MARDEROSIAN, CERCONE & COHEN
1260 Fulton Mall
Fresno, CA 93721
Telephone:  (559) 441-7991
Facsimile:  (559) 441-8170

Virginia Gennaro, No. 138877
City Attorney
CITY OF BAKERSFIELD
1501 Truxtun Avenue
Bakersfield, CA 93301
Telephone:  (661) 326-3721
Facsimile:  (661) 852-2020

Attorneys for:        Defendants CITY OF BAKERSFIELD, OFFICER VERION COLEMAN (sued
herein as OFFICER COLEMAN and OFFICER ANTHONY McCARTHY (sued
herein as OFFICER McCARTHY)

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENT WILLIAMS,<br><br>            Plaintiff,<br><br>      vs.<br><br>CITY OF BAKERSFIELD, OFFICER<br>COLEMAN, OFFICER McCARTHY, and<br>DOES 1 to 100, inclusive,<br><br>            Defendants. | Case No. 1:14-CV-01955-JLT<br><br>**JOINT SCHEDULING REPORT**<br><br>**DATE:    March 23, 2015**<br>**TIME:    8:30 a.m.**<br>**JUDGE:  Hon. Jennifer L. Thurston**<br><br>*Telephonic Appearance Requested by Defendants* |

COME NOW, the parties in this matter and hereby submit their joint scheduling report pursuant to the Court's Order Setting Mandatory Scheduling Conference [Dkt. No. 3].

Plaintiff Kent Williams is represented by Martha Rossiter of Rodriguez & Associates.

Defendants City of Bakersfield ("City"), Officer Verion Coleman ("Coleman") and Officer Anthony McCarthy ("McCarthy") (collectively referred to as "Defendants") are represented by Michael G. Marderosian and Heather S. Cohen of the law firm of Marderosian, Cercone & Cohen.

1.   **SUMMARY OF FACTUAL AND LEGAL CONTENTIONS SET FORTH IN THE PLEADING OF EACH PARTY:**

**A.   Plaintiff's Summary:**

Defendants arrested Plaintiff without probable cause when they entered the Plaintiff's place of work and arrested him for legally possessing a fire arm.  As a result of the arrest, Plaintiff suffered injuries. Therefore, plaintiff has filed suit for a Second, Fourth and Fourteenth Amendment violation, state law civil rights violations, and state law causes of action including assault and battery and negligence.

**B.   Defendants' Summary:**

Defendants deny any wrongdoing as alleged in Plaintiff's complaint.  Defendants contend that the actions of the defendants (in all aspects of this case) were reasonable, appropriate, and in conformance with Bakersfield Police Department Rules and Regulations, accepted police procedures, and the laws of the State of California and the United States of America.

Defendants also contend that none of Plaintiff's federal statutory or Constitutional rights, state rights, or any other rights were violated at any time during the incident which allegedly gave rise to this lawsuit.  The doctrine of qualified immunity as more further discussed in applicable federal statutory and case law applies to the conduct of defendants Coleman and McCarthy as does immunities conferred pursuant to the California Government Code and California Penal Code.

2.   **PROPOSED AMENDMENTS:**

At present, it is unknown if there are proposed Amendments. The Defendants filed a motion pursuant to Fed. Civ. P 12(b)(6) to dismiss portions of the Plaintiff's Complaint.  The hearing on Defendants' motion is scheduled to be heard on April 27, 2015.

3.   **SUMMARY OF UNCONTESTED AND CONTESTED FACTS:**

**A.   Uncontested Facts:**

1.   The incident upon which this action is premised took place on or about September 8, 2014.

2.   Defendants admit that Plaintiffs' claims herein arise out of an incident that took place in the City of Bakersfield, State of California, and within this judicial district.

3.      Defendants Coleman and McCarthy are police officers employed by the Bakersfield Police Department.

4.      The City of Bakersfield maintains, operates and controls the Bakersfield Police Department.

5.      On or about September 8, 2014, Defendants Coleman and McCarthy went to Tevis Junior High School in Bakersfield, California, and met the Plaintiff who was and is the Vice Principal of the school.

**B.      Contested Facts:**

All other facts remain in dispute.

**4.      SUMMARY OF LEGAL ISSUES:**

**A.      Undisputed:**

Jurisdiction and venue are undisputed.

**B.      Disputed:**

All other issues remain disputed including but not limited to:

1.      Whether Coleman and McCarthy, while acting within the course and scope of their employment with City and under color of law, knowing that Plaintiff had a valid concealed carry permit, conspired to take, and in fact took, Plaintiff's gun and have failed to return the weapon.

2.      Whether Coleman and McCarthy, while acting within the course and scope of their employment with City and under color of law, conspired to arrest, and in fact arrested, Plaintiff without probable cause, and placed him in the back of a police car.

3.      Whether as an actual and proximate result of the above alleged conduct by Coleman and McCarthy, Plaintiff's diabetes was exacerbated and he required medical care.

4.      Whether Defendants, while acting within the course and scope of their employment with City and under color of law, then went to Plaintiff's home, conspired to take, and in fact took, all of Plaintiff's lawfully registered guns, and, to date, have not returned them.

5.      Whether after several hours of false arrest, Plaintiff was released by Defendants and told he committed no crime.

6.      Whether Does 50 to 100, intentionally, recklessly, deliberately indifferently, and/or negligently and unreasonably failed and refused to intervene or make any effort to stop or prevent Coleman and McCarthy from arresting Plaintiff without probable cause, unlawfully seizing Plaintiff's weapons, or engaging in the other wrongful conduct alleged in Plaintiff's Complaint.

7. Whether as an actual, legal and proximate result of the act or failure to act by Defendants, Plaintiff suffered significant physical, mental, and emotional injuries, including but not limited to the exacerbation of Plaintiff's diabetes.

8. Whether in engaging in the acts, omissions and conduct alleged in Plaintiff's Complaint, Coleman and McCarthy, while acting within the course and scope of their employment with City and under color of law, detained, seized, arrested, and used unreasonable and excessive force against Plaintiff without probable cause, reasonable suspicion, or justification.

9. Whether by reason of the conduct of Defendants as alleged in Plaintiff's Complaint, Plaintiff was deprived under color of law of his right guaranteed by the Fourth Amendment to the United States Constitution to be free from:  (a) unreasonable seizure; and (b) the use of unreasonable and excessive force against him.

10. Whether City maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs set forth above and, based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) and *City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), that policy, custom or practice was carried out by Coleman and McCarthy in violating Plaintiff's rights guaranteed by the Fourth Amendment to be secure in his person, to be free from unlawful search and/or seizure, and free from the use of excessive force, and are therefore liable for all injuries sustained by Plaintiff.

11. Whether by reason of the conduct of Defendants as alleged in Plaintiff's Complaint, Plaintiff was deprived under color of law of his rights guaranteed by the Fourth Amendment to the United States Constitution to be free from unlawful seizure, and the excessive and unreasonable use of force.

12. Whether in engaging in the acts, omissions, and conduct alleged in Plaintiff's Complaint, Coleman and McCarthy, while acting within the course and scope of their employment with City, and under color of law:  (a) deprived Plaintiff of his right under the Second Amendment to possess a gun on his person; (b) took and seized both from Plaintiff's person and later from Plaintiff's home and residence, and continue to possess, Plaintiff's guns in violation of the Second Amendment; and, therefore (c) also deprived Plaintiff of his legal right under the Second Amendment to possess guns at his home and residence and Defendants did so without legal justification or basis.

13. Whether City maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs set forth above and, based upon the principles

set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) and *City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), that policy, custom or practice was carried out by Coleman and McCarthy in violating Plaintiff's rights guaranteed by the Second Amendment to keep and bear arms.

14.     Whether by reason of the conduct of Defendants as alleged in the Plaintiff's Complaint, Plaintiff was deprived under color of law of his rights guaranteed by the Second Amendment to the United States Constitution to:  (a) possess a gun on his person; and (b) possess guns at his home and residence.

15.     Whether in engaging in the acts, omissions and conduct alleged in Plaintiff's Complaint, Coleman and McCarthy, while acting within the course and scope of their employment with City and under color of law, deprived, and continue to deprive, Plaintiff of his property (e.g., his guns) without due process of law in violation of the Fourteenth Amendment.

16.     Whether City maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs set forth above and, based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) and *City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), that policy, custom or practice was carried out by Coleman and McCarthy in violating Plaintiff's rights guaranteed by the Fourteenth Amendment not to be deprived of his property (e.g., his guns) without due process of law.

17.     Whether by reason of the conduct of Defendants as alleged in the Plaintiff's Complaint, Plaintiff was deprived under color of law of his rights guaranteed by the Fourteenth Amendment to the United States Constitution not to be deprived of his property (e.g., his guns) without due process of law.

18.     Whether in engaging in the acts, omissions and conduct alleged in Plaintiff's Complaint, Coleman and McCarthy, while acting within the course and scope of their employment with City, committed acts of violence, or intimidation by threat of violence, on account of Plaintiff's protected characteristics - i.e., his lawful possession of a gun on his person, his lawful possession of guns at his home and residence and/or his lawful exercise of his rights under the Second Amendment to the United States Constitution - against:  (i) Plaintiff's person; and/or (iii) Plaintiff's property - i.e., his guns –in that Defendants have seized, retained, deprived Plaintiff of, and threaten to destroy (or, currently unknown to Plaintiff, have destroyed) such property – in violation of California Civil Code Sections 51(b), (e), 51.7.

19.     Whether as an actual, direct, proximate and legal result of the wrongful conduct of Defendants, Plaintiff is entitled to recover, general and special damages, including but not limited to:  (a) physical injuries, severe emotional injuries and distress, medical expenses, including but not limited to the exacerbation of his diabetes; and 9b) will suffer and incur future continuing emotional distress, and medical expenses.

20.     Whether pursuant to California Civil Code Sections 51.7, 52(b), Plaintiff is entitled to recover a civil penalty of twenty-five thousand dollars ($25,000), actual damages and, in addition, an amount to be determined by a jury for exemplary damages, as well as attorneys' fees as may be determined by the Court.

21.     Whether Coleman and McCarthy are legally responsible for, and have a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorneys' fees, and costs pursuant to California Government Code Section 820(a).

22.     Whether City is legally responsible for, and has a duty to pay, all of the damages, penalties, attorneys' fees and costs, except for punitive or exemplary damages, pursuant to California Government Code Section 815.2(a).

23.     Whether City is a business establishment within the meaning of the Unruh Civil Rights Act, California Civil Code Section 51 and California Civil Code Section 51.5.

24.     Whether in engaging in and performing the acts, omissions and conduct alleged in Plaintiff's Complaint, Coleman and McCarthy, while acting within the course and scope of their employment with City, violated or aided or incited the violation of, or made discrimination or distinction contrary to, the Unruh Civil Rights Act, California Civil Code Section 51, and/or California Civil Code Section 51.5 on account of Plaintiff's protected characteristics – i.e., his lawful possession of a gun on his person, his lawful possession of guns at his home and residence, and/or his lawful exercise of his rights under the Second Amendment to the United States Constitution and defendants are therefore liable for said acts, omissions and conduct pursuant to California Civil Code Section 52(a).

25.     Whether as an actual, proximate and legal result of the wrongful conduct of Defendants, Plaintiff:  (a) suffered and incurred physical injuries, emotional injuries and distress, and medical expenses; and (b) will suffer and incur future continuing emotional distress, and medical expenses.

26.     Whether, in engaging in and performing the acts, omissions and conduct alleged herein, Coleman and McCarthy, while acting within the course and scope of their employment with City, interfered by threats, intimidation, or coercion, or attempted to interfere by threats, intimidation, or coercion,

with the exercise or enjoyment by Plaintiff of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of the State of California.

27.     Whether Defendants interfered, or attempted to interfere, with Plaintiff's constitutional or statutory rights under, inter alia: (a) The Second Amendment to the United States Constitution, guaranteeing the right to keep and bear arms; (b) The Fourth Amendment to the Constitution of the United States, to be secure in his person and to be free from unreasonable seizure, search and the excessive use of force; (c) The Fourteenth Amendment to the United States Constitution, not to be deprived of his property without due process of law; (d) Article 1, Section 13 of the California Constitution, to be secure in his person and to be free from the excessive use of force; (e) Article I, Section 7 of the California Constitution, not to be deprived of his liberty without due process of law; (f) Unruh Civil Rights Act, California Civil Code §§ 51, 51.5; (h) Ralph Civil Rights Act, California Civil Code §§ 51, 51.5.7; and (i) California Civil Code § 43, the statutory right of protection from bodily restraint and harm, see Jones v. Kmart Corp. (1998) 17 Cal.4th 329, 338.

28.     Whether, pursuant to California Civil Code §§ 52(a), (b), 52.1(b), (h), Plaintiff is entitled to recover either: (a) a civil penalty of twenty-five thousand dollars ($25,000), his actual damages and, in addition, an amount to be determined by a jury for exemplary damages, as well as attorneys' fees as may be determined by the Court; or his actual damages, and any amount that may be determined by a jury up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the Court.

29.     Whether, in engaging in and performing the acts, omissions and conduct alleged in Plaintiff's Complaint, Coleman and McCarthy, while acting within the course and scope of their employment with City, intended to cause and did cause Plaintiff to suffer apprehension of an immediate harmful or offensive physical contact.

30.     Whether all such apprehended physical contact was harmful or offensive because, inter alia, Defendants, and each of them, had no legal right or privilege to physically contact Plaintiff.

31.     Whether, in engaging in and performing the acts, omissions and conduct alleged in Plaintiff's Complaint, Coleman and McCarthy, while acting within the course and scope of their employment with City, intentionally subjected Plaintiff to a harmful or offensive touching which actually, legally and proximately caused Plaintiff to suffer the injuries and damages alleged herein.

32.     Whether all such touching was harmful or offensive because, inter alia, Defendants, and each of them, had no legal right or privilege to physically contact Plaintiff in any way.

33.     Whether, in engaging in and performing the acts, omissions and conduct alleged in Plaintiff's Complaint, Coleman and McCarthy, while acting within the course and scope of their employment with City, falsely arrested and imprisoned Plaintiff and restrained and/or confined Plaintiff against his will and without probable cause or justification.

34.     Whether Plaintiff is the owner of the personal property seized and taken by Defendants and was entitled to immediate and exclusive possession of such personal property.

35.     Whether on or about August 28, 2014, and thereafter, Defendants wrongfully and without Plaintiff's consent took possession of the personal property.

36.     Whether since that time Defendants have been, and now are, in wrongful possession of the property in violation of Plaintiff's right to immediate and exclusive possession.  Plaintiff is entitled to immediate possession of such personal property pursuant to California Civil Code §§ 3379, 3380.

37.     Whether during, and as an actual, legal and proximate result of, Defendants' wrongful possession of the personal property described above, Plaintiff suffered the loss of use and enjoyment of his personal property.

38.     Whether as a result, Plaintiff has suffered damages for his loss of use of the personal property described above according to proof.

39.     Whether during, and as an actual, legal and proximate result of, Defendants' wrongful possession of the personal property described above, Plaintiff suffered the loss of the depreciation of his personal property his damage according to proof.

40.     Whether, in taking, wrongfully possessing, and detaining the property described above, Defendants' conduct was willful, reckless and/or was intended to cause injury to Plaintiff.

41.     Whether on or about August 28, 2014, Plaintiff was, and still is, the owner, and was, and still is, entitled to the possession of the personal property seized and taken by Defendants.

42.     Whether on or about August 28, 2014, and thereafter, Defendants took the property described above from Plaintiff's possession and converted same to their use.

43.     Whether, in performing the acts alleged in Plaintiff's Complaint, Defendants' conduct was willful, reckless and/or was intended to cause injury to Plaintiff.

44.     Whether, in engaging in and performing the acts, omissions and conduct alleged in Plaintiff's Complaint, Coleman and McCarthy, while acting within the course and scope of their employment with City, engaged in conduct that was outrageous and carried out with the intent to cause, and did in fact cause, Plaintiff extreme and severe emotional distress.

45.     Whether as an actual, direct, proximate and legal result of the acts, omissions and conduct of Defendants, Plaintiff suffered, and seeks to recover for, extreme and enduring mental, physical and emotional pain, distress, shock, agony and suffering, including but not limited to the exasperation of Plaintiff's diabetes, in an amount according to proof at trial.

46.     Whether, in addition, in performing the acts alleged in Plaintiff's Complaint, Defendants' conduct was willful, reckless and/or was intended to cause injury to Plaintiff and he is therefore entitled to an award of exemplary damages.

47.     Whether in engaging in and performing the acts, omissions and conduct alleged in the Plaintiff's Complaint, Defendants, and each of them, negligently, carelessly, actually, legally and proximately caused damages and injuries suffered by Plaintiff as alleged in Plaintiff's Complaint.

48.     Whether pursuant to the provisions of 42 U.S.C. § 1988, Plaintiff is entitled to an award of reasonable attorneys' fees and costs attendant to prosecuting this action.

49.     Whether Plaintiff is entitled to an award of prejudgment interest.

50.     Whether Plaintiff is entitled to an award of post-judgment interest pursuant to 28 U.S.C. § 1961(a).

51.     Whether Plaintiff's causes of action for (1) excessive force in violation of the Fourth Amendment; (2) violation of the Ralph Act; (3) violation of the Unruh Act; (4) Assault; and (5) Battery are not supported by necessary factual allegations and as such, all of these causes of action are subject to dismissal.

52.     Whether Plaintiff fails to state facts sufficient to constitute a cause of action against any Defendant.

53.     Whether Plaintiff realized and appreciated the alleged danger which presented itself at the time of the happening of the event set forth in the Complaint herein; that Plaintiff, voluntarily placed himself in a position of peril, and that the loss or damage, if any, sustained by Plaintiff was caused by said risks which were accepted and voluntarily assumed by Plaintiff, when engaging in said activity.

54.     Whether Plaintiff had full knowledge of the risks involved in the activity in which he was engaged at the time of the incident set forth in the complaint herein; that Plaintiff voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said complaint; and that the loss or damage, if any, sustained by him was caused by said risks that were accepted and voluntarily assumed by him.

55.     Whether the Complaint and each and every cause of action therein is barred by the statute of limitations as set forth in California Code of Civil Procedure § 335 et seq. and related statutes.

56.     Whether the Complaint and each and every cause of action therein is barred because Plaintiff failed to use reasonable diligence to mitigate damages allegedly sustained by him, and said failure bars or reduces the recovery, if any, from Defendants.

57.     Whether any act or omission on the part of the answering Defendants, their agents or employees, was not the proximate cause of Plaintiff's injury.

58.     Whether Plaintiff has been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of any Defendant.

59.     Whether the provisions of California Tort Claims Act of the California Government Code (Government Code § 810 et seq.) as a measure of the duty of the City of Bakersfield and its employees.

60.     Whether the Defendants are immune under the applicable provisions of the Government Code including, without limitation, §§ 820.8, 830-835.4.

61.     Whether to the extent the Complaint includes allegations within the scope of the California Tort Claims Act, the Complaint is barred by the following provisions of the California Tort Claims Act: Government Code §§: 815; 815(b); 815.2(b); 815.4; 818.2; 818.4; 818.6; 818.7; 818.8; 820; 820(b); 820.2; 820.8; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.6; 830.8; 830.9; 831; 831.2; 831.4; 835.4; 840; 840.6; 844.6; 845; 845.2; 845.4; 845.8; 850; 850.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 956.4.

62.     Whether to the extent the Complaint includes allegations within the scope of the California Tort Claims Act, Plaintiff's purported causes of action are limited to those factual allegations and theories of recovery set forth in Plaintiff's written government tort claim, if any, and that to the extent the Complaint attempts to enlarge or expand upon those allegations and theories, the Complaint fails to state a cause of action and is barred pursuant to Government Code §§ 905, 910, 911.2, 945.5, 950.2 and related provisions.

63.     Whether employees, officials and agents of Defendants were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that Plaintiff may have is barred by law.

64.     Whether by reason of Plaintiff's own acts and omissions, including the acts and omissions of Plaintiff, Plaintiff is estopped from seeking any recovery from Defendants by reason of the allegations set forth in the Complaint.

65.     Whether Plaintiff's maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling the Defendants to sanctions and appropriate remedies (including, without limitation, attorney's fees) against Plaintiff.

66.     Whether the Complaint and each cause of action therein are barred by the doctrine of unclean hands.

67.     Whether to the extent Plaintiff's failure to file a claim bars this action, the Complaint and each cause of action there in is barred by the doctrine of res judicata and collateral estoppel.

68.     Whether Defendants acted without malice and with a good faith belief in the propriety of its conduct.

69.     Whether Defendants performed and discharged in good faith each and every obligation, if any, owed to Plaintiff.

70.     Whether Defendants' conduct at all times material herein was privileged and/or justified under applicable state and federal law.

71.     Whether Defendants are immune pursuant to the California Government Code, and other applicable provisions of law including, but not limited to, those contained in Division 3.6 of Title 1 of the California Government Code.

72.     Whether the provisions of the Public Liability Act of the California Government Code is the sole and exclusive measure of Defendants' duties and liabilities in this action.

73.     Whether Plaintiff acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the Complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by Plaintiff; that as a consequence, Plaintiff's claim is barred.

74.     Whether the act or omissions which Plaintiff claims give rise to liability in this case were within the discretion of a City of Bakersfield employee acting within the course and scope of his or her employment and, as a result, Plaintiff's claim is barred by the discretionary act immunity contained in Government Code § 820.2 and its related provisions.

75.     Whether if any force was used by Defendants against the Plaintiff herein, said use of force was the lawful exercise of the right of self-defense and defense of the public and privileged by law, and any recovery pursuant to said use of force is barred.

76.     Whether Plaintiff was negligent in and about the matters and activities alleged in the Complaint; that Plaintiff's negligence contributed to and was a proximate cause of Plaintiff's alleged injuries and damages, if any, or was the sole cause thereof; and that if Plaintiff is entitled to recover damages against the Defendants by virtue of the Complaint, the Defendants pray that recovery be diminished or extinguished by reason of the negligence of the Plaintiff in proportion to the degree of fault attributable to the Plaintiff.

77.     Whether if any force was used to effect the arrest of the Plaintiff herein by the named Defendants, such force was authorized and privileged pursuant to §§ 835 and 835a of the California Penal Code and as a proximate result thereof Plaintiff is barred from any recovery herein for any alleged injury or damage if any there were.

78.     Whether no more force was used on Plaintiff's person than was necessary to effect detention, overcome any resistance thereto, prevent escape there from, and prevent injury to the officers and the public and to facilitate and safeguard a valid police investigation.

79.     Whether Defendants are immune from any civil liability in this matter under the doctrine of qualified immunity in that they had a good faith belief that each and every action employed and taken with regard to the acts complained of by Plaintiff herein, were justified, reasonable and lawful under the circumstances presented to the Defendants at the time of the incident at issue herein.

80.     Whether under Government Code § 845.6, the Defendants are is immune from liability for any inadequate medical care Plaintiff may have received while in custody.

81.     Whether Plaintiff has failed to allege facts in the Complaint sufficient to state a claim for relief under 42 U.S.C. § 1983 against the Defendants, their agents and employees.

82.     Whether Defendants honestly and reasonably believed that Plaintiff was about to inflict harm upon them and that the use of force, if any, was done reasonably and in self defense.

83.     Whether Defendants are not liable for any cause of action based in negligence, as they have breached no duty of care owed to Plaintiff.

84.     Whether the damages alleged therein, if any there were, are, and/or shall be, the sole and proximate responsibility and liability of persons and/or entities other than these answering Defendants, and are neither the liability nor responsibility of Defendants.

85.     Whether in the event they are found liable to the Plaintiff, Defendants are responsible for the Plaintiff's damages according to Defendants' percentage of fault, pursuant to Civil Code section 1431.2.

86.     Whether Defendants are immune from liability for the causes of action alleged in the Complaint, if any, pursuant to California Government Code sections, including but not limited to, 815, 815.2, 815.4, 818, 820(b), 820.2, 820.4, 820.6, 820.8, 821, 821.6 and 821.8 of the Government Code and sections 834, 834a, 835, 835a and 836 of the Penal Code.

87.     Whether the damages, if any, of which Plaintiff complains, were the proximate result of the intentional acts of Plaintiff, so as to bar or diminish recovery herein as against these Defendants.

88.     Whether Plaintiff consented to all of the acts herein.

89.     Whether probable cause existed for each of the acts undertaken by Defendants herein.

90.     Whether the allegations contained in Plaintiff's Complaint are baseless and warrantless and the bringing of the Complaint and the making of the allegations and charges therein are outrageous and malicious conduct and are intended to specifically injure Defendants, and Defendants specifically reserve the right to file suit for malicious prosecution and abuse of process, along with intentional infliction of emotional distress, among other causes of action, pursuant to California State Law and the California Peace Officer's Bill of Rights.

91.     Whether Plaintiff's action is barred due to his violation of California's Gun-Free School Zone Act under Penal Code § 626.9.

## 5.     STATUS OF ALL MATTERS BEFORE THE COURT:

The Defendants filed a Motion to Dismiss Particular Causes of Action From the Plaintiff's First Amended Complaint which is scheduled to be heard on April 27, 2015.

## 6.     COMPLETE AND DETAILED DISCOVERY PLAN:

### A.     An Outline of The Subject on Which Discovery May Be Needed:

<u>Plaintiff</u>

Plaintiffs will be seeking written discovery of policies of the police department, personnel files as well as interrogatories and requests for inspection.  We will also be setting depositions off witnesses and experts.

<u>Defendants</u>

From the Defendants' perspective, discovery will need to be conducted on issues concerning the facts that allegedly gave rise to the lawsuit, including, but not limited to, testimony from all percipient witnesses.  Discovery will also be needed on the nature and extent of any injuries and damages.  These issues will also require the retention and deposition of expert witnesses.

**B.      Whether Discovery Should be Conducted in Phases or Limited to or Focused Upon Particular Subjects:**

None proposed.

**C.      Proposed Discovery Plan:**

| | |
|---|---|
| Mid-Discovery Status Report: | December 10, 2015 |
| Mid-Discovery Status Conference: | December 21, 2015 |
| Discovery cut-off: | |
| Non-expert: | March 29, 2016 |
| Expert Disclosure Date: | April 8, 2016 |
| Rebuttal Expert Disclosure Date: | May 9, 2016 |
| Expert: | May 23, 2016 |

**D.      Pre-Trial Motions:**

| | |
|---|---|
| Non-Dispositive Motions: | |
| Filed no later than: | February 29, 2016 |
| Heard no later than: | March 29, 2016 |
| Dispositive Motions: | |
| Filed no later than: | July 28, 2016 |
| Heard no later than: | August 26, 2016 |

**E.      Pre-Trial Dates and Trial Date:**

| | |
|---|---|
| Mandatory Settlement Conference: | September 15, 2016 |
| Pre-Trial Conference: | October 17, 2016 |
| Trial: | November 14, 2016 |

**F.      Protective Order**

From the Defendants' perspective, it is unknown whether a protective order may be necessary at this time; it will depend on the nature of the discovery requests propounded by plaintiff.

### G.     Scheduling of Discovery

Neither party is proposing any limitations and believe that traditional discovery under F.R.C.P. is acceptable.

### H.     Depositions

Neither party foresees the need to take discovery outside of the United States.  Defendants anticipate video and/or sound recording of depositions.

**9.     SETTLEMENT:**

The parties do not believe that settlement is possible at this time, absent some initial discovery.

**10.     JURY OR NON-JURY CASE:**

All parties request a jury trial.

**11.     AN ESTIMATE OF THE NUMBER OF TRIAL DATES REQUIRED:**

The parties anticipate this case will take approximately five (5) to seven (7) days for a jury trial.

**12.     CONSENT TO MAGISTRATE JUDGE:**

Pursuant to Local Rule, the parties will notify the court within ten (10) days of the scheduling conference order by filing a consent/decline form.

**13.     BIFURCATION OF TRIAL:**

Plaintiff sees no reason for bifurcation.

Defendants will reserve comment on issues pending discovery.

**14.     RELATED MATTERS:**

The parties are presently unaware of any pending related matters.

Dated:  March 16, 2015.                    RODRIGUEZ & ASSOCIATES

*/s/ Martha Rossiter*

By:_____
                    Martha Rossiter,
                    Attorneys for Plaintiff

Dated:  March 16, 2015.                    MARDEROSIAN, CERCONE & COHEN

*/s/ Michael G. Marderosian*

By:_____
                    Michael G. Marderosian,
                    Attorneys for Defendants
                    above-named.