DANIEL RODRIGUEZ, ESQ., SBN 096625
JOEL T. ANDREESEN, ESQ., SBN 152254
CHANTAL A. TRUJILLO, ESQ.; SBN 289493
**RODRIGUEZ & ASSOCIATES**
**A PROFESSIONAL LAW CORPORATION**
2020 Eye Street
Bakersfield, CA  93301
Tel. No.:     (661) 323-1400
Fax No.:     (661) 323-0132

Attorneys for Plaintiff
KENT WILLIAMS

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENT WILLIAMS,<br><br>                    Plaintiff,<br><br>     vs.<br><br>CITY OF BAKERSFIELD, OFFICER COLEMAN, OFFICER McCARTHY and DOES 1 to 100, Inclusive,<br><br>                    Defendants. | Case No. 1:14-CV-01955-JLT<br><br>**OPPOSITION TO MOTION TO DISMISS**<br><br>**DATE: April 27, 2015**<br>**TIME: 9:30 a.m.**<br>**LOCATION: 510 19th Street, Suite 200, Bakersfield, California**<br><br>Trial Date:  Not Yet Assigned |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION.

The basic factual allegations relevant to the pending motion are simple and straightforward. On or about September 8, 2014, Defendant Coleman and Defendant McCarthy, police officers employed by Defendant City of Bakersfield, went to Tevis Junior High School in Bakersfield, California, and met Plaintiff Kent Williams ("Plaintiff"), the Vice Principal of the school. See FAC, ¶ 13. When asked if he had a gun, Plaintiff answered in the affirmative. See FAC, ¶ 14. Plaintiff told Defendants that he was also properly licensed to carry a concealed gun. See id. Knowing that Plaintiff had a valid concealed carry permit, Defendants nonetheless arrested Plaintiff without probable cause and placed him in the back of a police car, exacerbating Plaintiff's diabetes and requiring Plaintiff to receive medical care. See FAC, ¶ 15 – 17. After several hours of false arrest, Plaintiff was released by Defendants and told he committed no crime. See FAC, ¶ 19.

The bottom line is that Defendants arrested Plaintiff despite the fact that under the then known, admitted, and undisputed facts (i.e., that Plaintiff was in possession of a concealed weapon on school grounds but also had a proper concealed weapons license), Plaintiff **was not, and could not possibly be,** in violation of the law.

More simply, Defendants arrested Plaintiff, took him in to custody, and exacerbated his preexisting diabetic medical condition because, and only because, they were ignorant of, or chose to ignore, the law.

### II. STANDARD ON A MOTION TO DISMISS.

With regard to the adequacy of Plaintiff's factual allegations, on a motion to dismiss under Rule 12(b)(6) the court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Mediacom Southeast LLC v. BellSouth Telecommunications, Inc., 672 F.3d 396, 400 (6th Cir. 2012); Rescuecom

1  Corp. v. Google Inc., 562 F.3d 123, 127 (2nd Cir. 2009); Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions, § 9:213 (Rutter Group 2015).

All reasonable inferences from the facts alleged are drawn in plaintiff's favor in determining whether the complaint states a valid claim. Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 595 (8th Cir. 2009) ("Twombly and Iqbal did not change this fundamental tenet of Rule 12(b)(6) practice"); Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions, § 9:213 (Rutter Group 2015).

Thus, when a complaint's allegations are capable of more than one inference, the court must adopt whichever plausible inference supports a valid claim. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011); Watson Carpet & Floor Covering, Inc. v. Mohawk Industries, Inc., 648 F.3d 452, 458 (6th Cir. 2011); Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions, § 9:214.4 (Rutter Group 2015).

The rule of liberal construction is particularly important in civil rights cases. Johnson v. State of Calif., 207 F.3d 650, 653 (9th Cir. 2000).

While Defendants have also summarized the current requirements for **factual allegations** under Rule 8 of the Federal Rules of Civil Procedure, Defendants have not addressed the Ninth Circuit standard on a 12(b)(6) motion to dismiss for adjudicating the adequacy of the **legal theories** presented in a complaint. That standard may be important in the present case.

In McGary v. City of Portland, 386 F.3d 1259 (9th Cir. 2004), the Court of Appeal reversed the dismissal under Rule 12(b)(6) of the plaintiff's complaint after explaining and holding that:

> In reversing the district court's dismissal we also recognize that McGary's claim raises some novel issues within this circuit with regard to the extent of a public agency's obligation to accommodate an individual's disabilities in its enforcement of municipal codes. However, the fact that McGary's claim does not fall within the four corners of our prior case law does not justify dismissal under Rule 12(b)(6). **On the contrary, Rule 12(b)(6) dismissals "are especially disfavored in cases where the complaint sets forth a**

**novel legal theory that can best be assessed after factual development**." Baker v. Cuomo, 58 F.3d 814, 818–19 (2d Cir.), cert. denied sub nom., Pataki v. Baker, 516 U.S. 980, 116 S.Ct. 488, 133 L.Ed.2d 415 (1995), vacated in part on other grounds, 85 F.3d 919 (2d Cir.1996) (en banc). As we have previously observed, " **'[t]he court should be especially reluctant to dismiss on the basis of the pleadings when the asserted theory of liability is novel or extreme, since it is important that new legal theories be explored and assayed in the light of actual facts rather than a pleader's suppositions.**'" Elec. Constr. & Maint. Co., Inc. v. Maeda Pac. Corp., 764 F.2d 619, 623 (9th Cir.1985) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1357, at 601–03 (1969)).

McGary, 386 F.3d at 1270 (emphasis added). Accord Elec. Constr. & Maint. Co., Inc. v. Maeda Pac. Corp., 764 F.2d 619, 623 (9th Cir.1985); Blue Nile, Inc. v. Ice.com, Inc., 478 F.Supp.2d 1240, 1246 (W.D. Wash. 2007).

### III.   THE COURT SHOULD DENY THE MOTION TO DISMISS.

**A.   The Court Should Deny The Motion To Dismiss The First Cause Of Action For Excessive Force In Violation Of The Fourth Amendment, Pursuant To 42 U.S.C. Sections 1983, 1988, The Seventh Cause Of Action For Assault, And The Eighth Cause Of Action For Battery.**

Initially, it is important to recognize that while the First Cause of Action is for Arrest, Seizure And Unreasonable And Excessive Use Of Force In Violation Of The Fourth Amendment, Pursuant To 42 U.S.C. Sections 1983, 1988, Defendants have moved to dismiss that cause of action only to the extent it alleges a "cause[] of action for (1) excessive force in violation of the Fourth Amendment." See Notice of Motion, at 2:1-2.

Defendants have moved to dismiss the excessive force, assault, and battery causes of action on the ground that the First Amended Complaint supposedly fails to allege either offensive touching or, in the case of assault, the reasonable apprehension thereof. That is not correct. Anyone who, like Plaintiff, is arrested and handcuffed has had force

OPPOSITION TO MOTION TO DISMISS
- 4 -

used against them. Anyone who, like Plaintiff, is taken into custody and forced into the back of a police car has had force used against them. And certainly such persons reasonably apprehend offensive touching.

Defendants additionally argue with respect to the Fourth Amendment excessive force claim that there are no facts showing that such touching was unreasonable. That is also not correct. The First Amended Complaint alleges that Defendants arrested Plaintiff, took him into custody, caused Plaintiff to have a reasonable apprehension of being unreasonably touched, touched Plaintiff, placed him in the back of the police car, etc., despite the fact that under the then known, admitted, and undisputed facts (i.e., that Plaintiff was in possession of a concealed weapon on school grounds but also had a proper concealed weapons license), Plaintiff **was not, and could not possibly be** in violation of the law. See FAC, ¶¶ 13 – 19. Under such circumstances any and all touching of Plaintiff was unreasonable. Where, as here, the arrest was illegal, any use of force to effectuate it is illegal. Reese v. Herbert, 527 F.3d 1253, 1273 (11th Cir. 2008) ("In the absence of probable cause, Herbert was not justified in using any force against Reese."); Cortez v. McCauley, 478 F.3d 1108, 1127 (10th Cir. 2007) (en banc) ("If the plaintiff can prove that the officers lacked probable cause, he is entitled to damages for the unlawful arrest, **which includes damages resulting from any force reasonably employed in effecting the arrest**. If the plaintiff can prove that the officers used greater force than would have been reasonably necessary to effect a lawful arrest, he is entitled to damages resulting from that excessive force.").

///
///
///
///
///
///

**B.    The Court Should Deny The Motion To Dismiss The Fourth Cause Of Action For Violation Of The Ralph Civil Rights Act, California Civil Code Section 51.7.**

**1.    Plaintiff Has Alleged He Falls Within A Protected Class Within The Meaning Of The Ralph Civil Rights Act, California Civil Code Section 51.7.**

Defendants argue that an essential element of a cause of action under the Ralph Civil Rights Act, California Civil Code § 51.7, is that "(2) the defendant was motivated by his perception of the plaintiff's race." See Defendant's Memorandum of Points and Authorities, at 6:21-22. That is simply wrong.[1] The Ralph Civil Rights Act is not nearly so narrow, and the protected classifications go far beyond race and the perception thereof.

A leading treatise on the California Civil Rights Acts succinctly explains:

> To state a Ralph Act claim, the violence or intimidation by threat of violence must have been committed "because of" one or more of the claimant's protected characteristics. As a result of the 2005 amendment, the Ralph Act now incorporates the list of protected characteristics from the Unruh Act, Civ. Code, § 51, subds. (b) and (e). The Unruh Act lists nine protected characteristics, which are: sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, and sexual orientation. The Unruh Act definitions now incorporated into the Ralph Act also include as protected characteristics the perception that someone has one of the listed characteristics and association with someone who has or is perceived to have one of the characteristics. The Ralph Act also includes "political affiliation" and "position in a labor dispute" as protected characteristics. **Further, the statute states "The identification in this subdivision [Civ. Code, § 51.7, subd. (a)] of particular bases of discrimination is illustrative rather than restrictive."**

---

[1] Defendant's reliance on Madrigal v. City of Santa Maria, 2011 U.S. Dist. Lexis 15294 (C.D. Cal. 2011), for the proposition that the Ralph Civil Rights Act is limited to claims based on discrimination "on account of race or national origin," see Defendants' Memorandum of Points and Authorities, at 6:19, is misplaced and misleading. The Madrigal Court actually noted the Ralph Civil Rights Act makes actionable acts "committed against the person on account of, ***inter alia***, race and national origin." Madrigal, at 22. Defendants conveniently ignore the "inter alia." Further, the Madrigal Court cited "perception of plaintiff's race" as an element of the claim because race was the protected classification in that case. See id.

   Both a Ninth Circuit decision and an FEHC decision explain that the "illustrative rather than restrictive" language is derived from In re Cox, 3 Cal. 3d 205, 90 Cal.Rptr. 24, 474 P.2d 992 (1970), where the California Supreme Court held that the list of protected characteristics in the Unruh Act, Civ. Code § 51, was not intended to be exhaustive but merely illustrative of the type of protected characteristics required for that statute. [McCalden v. California Library Ass'n, 955 F.2d 1214, 1220-21, 22 Fed. R. Serv. 3d 975 (9th Cir. 1990)]; DFEH v. Miller, 1992 WL 423839 (FEHC Precedential Decision 92-09 1992) and n. 2.]

> Practice Note:
> FEHC precedential decisions may be cited to courts. [Smith v. Fair Employment & Housing Com., 12 Cal. 4th 1143, 1156-57, 51 Cal. Rptr. 2d 700, 913 P.2d 909 (1996)] Gov. Code, § 11425.60 provides that an administrative agency "may designate as a precedent decision a decision or part of a decision that contains a significant legal or policy determination of general application that is likely to recur." [See also [Gov. Code, § 12935, subd. (h)] empowering the FEHC to establish a system for its precedential decisions] In Smith v. Fair Employment & Housing Com., 12 Cal. 4th 1143, 51 Cal. Rptr. 2d 700, 913 P.2d 909 (1996) the California Supreme Court stated that while "Final responsibility for interpreting the law rests with the courts rather than with administrative agencies," the FEHC's "interpretation of FEHA is entitled to consideration because the FEHC is charged with the statute's administration." [Gov. Code, §§ 12948 and 12970] There are currently four FEHC precedential decisions discussing Ralph Act issues, all of which are discussed in this chapter. FEHC precedential decisions can be found in the Westlaw database "CA-FEHC."

In McCalden, the Ninth Circuit held that a threat of violence against a person because he is a "Holocaust revisionist" stated a Ralph Act claim, even though a Holocaust revisionist is not one of the specified protected characteristics specified in § 51.7. The plaintiff alleged that, as a Holocaust revisionist, he is a member of a class of people who are subject to invidious discrimination because they spread unpopular views about the history of the Holocaust. In holding that a member of a group espousing unpopular views can state a claim under the Ralph Act, McCalden relied on dicta in Cox that an Unruh Act claim could be brought by someone who was discriminated because he was a member of the John Birch Society or the ACLU.

> [McCalden v. California Library Ass'n, 955 F.2d 1214, 1220-21, 22 Fed. R. Serv. 3d 975 (9th Cir. 1990)]
>
> In Miller, the FEHC held that violence and intimidation by threat of violence committed against Caucasians because of their "association with an Asian-American" stated a Ralph Act claim, notwithstanding that the Ralph Act does not list association with a person having a protected characteristic as being a basis for suit. Relying on Cox, which permitted an Unruh Act claim for discrimination based on the appearance and dress of a companion despite the omission of any reference to discrimination because of association in that statute, Miller held that the "illustrative" language of the Ralph Act encompassed discrimination based on association. Miller noted that, although the California Supreme Court's opinion in Harris v. Capital Growth Investors XIV, 52 Cal. 3d 1142, 1160-62, 278 Cal. Rptr. 614, 805 P.2d 873 (1991) held that the Unruh Act is limited to discrimination because of personal as opposed to economic characteristics, that decision "also left no doubt that association claims fall within this coverage." [DFEH v. Miller, 1992 WL 423839 (FEHC Precedential Decision 92-09 1992) and n. 2.]

California Civil Practice Civil Rights Litigation, § 3:5 (Thomson Reuters 2015).

In the present case Plaintiff has alleged that he falls within a protected classification as follows:

> 42. In engaging in and performing the acts, omissions and conduct alleged herein, Defendants COLEMAN, MCCARTHY, and DOES 1 through 50, inclusive, inclusive, while acting within the course and scope of their employment with Defendant CITY OF BAKERSFIELD, and Defendants Does 51 through 100, inclusive, committed acts of violence, or intimidation by threat of violence, on account of Plaintiff's protected characteristics – i.e., his lawful possession of a gun on his person, his lawful possession of guns at his home and residence, and/or his lawful exercise of his rights under the Second Amendment to the United States Constitution – against: (i) Plaintiff's person; and/or (ii) Plaintiff's property – i.e., his guns -- in that Defendants have seized, retained, deprived Plaintiff of, and threaten to destroy (or, currently unknown to Plaintiff, have destroyed) such property -- in violation of California Civil Code §§ 51(b), (e), 51.7.

First Amended Complaint, ¶ 42.

As indicated in the above-quoted California Civil Practice treatise on civil rights litigation, California Civil Code § 51.7(a) provides:

> (a) All persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation, or **on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51**, or position in a labor dispute, or because another person perceives them to have one or more of those characteristics. **The identification in this subdivision of particular bases of discrimination is illustrative rather than restrictive.**

Cal. Civ. Code § 51.7(a) (emphasis added).

Given the fact that the California Civil Rights Act have been held to protect Holocaust revisionists, McCalden v. California Library Ass'n, 955 F.2d 1214, 1220-21 (9th Cir. 1990), and the California Supreme Court dicta indicating that they protect members of the John Birch Society, In re Cox, 3 Cal.3d 205 (1970), this Court can and should properly hold that the Ralph Civil Rights Act also protect those who, like Plaintiff, exercise their fundamental Second Amendment rights. Cf. McDonald v. City of Chicago, 561 U.S. 742, 791, 130 S. Ct. 3020, 3044 (2010), Peruta v. County of San Diego, 742 F.3d 1144, 1179 (9th Cir. 2014). At the very least, this cause of action presents the type of "novel" legal theory that cannot properly be adjudicated on a 12(b)(6) motion to dismiss. See McGary v. City of Portland, 386 F.3d 1259, 1270 (9th Cir. 2004); Elec. Constr. & Maint. Co., Inc. v. Maeda Pac. Corp., 764 F.2d 619, 623 (9th Cir.1985); Blue Nile, Inc. v. Ice.com, Inc., 478 F.Supp.2d 1240, 1246 (W.D. Wash. 2007).

///
///
///

### 2. Plaintiff Has Alleged "Violence, <u>Or Intimidation By Threat Of Violence</u>" Within The Meaning Of The Ralph Civil Rights Act, California Civil Code Section 51.7.

As noted above, the Ralph Civil Rights Act and in particular California Civil Code § 51.7(a), provides protection against "violence, **or intimidation by threat of violence**." The emphasized standard is extremely broad. In <u>Cole v. Doe 1 thru 2 Officers of City of Emeryville Police Dept.</u>, 387 F.Supp.2d 1084 (N.D. Cal. 2005), the Court held that even in the absence of any excessive force, "[u]se of law enforcement authority to effectuate a stop, detention (including use of handcuffs), and search can constitute" a threat, **intimidation** or coercion within the meaning of the Bane Civil Rights Act, California Civil Code § 52.1. <u>Cole</u>, 387 F.Supp.2d at 1103 (emphasis added). <u>See</u> <u>California Civil Practice Civil Rights Litigation</u>, § 3:19 (Thomson Reuters 2015). That is precisely the behavior alleged in the First Amended Complaint. Such behavior also clearly constitutes "**intimidation**" within the meaning of the the Ralph Civil Rights Act, California Civil Code § 51.7, which is the sister statute to the Bane Civil Rights Act, California Civil Code § 52.1.

Moreover, the Ninth Circuit has held that under the Ralph Civil Rights Act, California Civil Code § 51.7, "The test is: 'would a reasonable person, standing in the shoes of the plaintiff, have been intimidated by the actions of the defendant and have perceived a threat of violence?'" <u>Winarto v. Toshiba America Electronics Componentsd Inc.</u>, 274 F.3d 1276, 1289-90 (9th Cir. 2001), <u>cert. dismissed</u>, 537 U.S. 1098 (2003). Anyone, such as Plaintiff, who is arrested, handcuffed, taken into custody, and placed in the back of a police car is reasonably and rightly intimidated by the threat of violence if he is perceived to be non-compliant.

///

///

### C. The Court Should Deny The Motion To Dismiss The Fifth Cause Of Action For Violation Of The Unruh Civil Rights Act, § 51, And/Or California Civil Code § 51.5.

The Court should deny the motion to dismiss the Fifth Cause of Action for Violation of the Unruh Civil Rights Act, § 51, and/or California Civil Code § 51.5. The First Amended Complaint alleges that Defendants discriminated against Plaintiff concerning the provision and application of police and security services based on his exercise of his fundamental Second Amendment Rights. See FAC, ¶ 49. Such discrimination is prohibited for the reasons set forth in section II.B.1 above concerning the Ralph Civil Rights Act.

Defendants appear to imply, without explicitly so stating, that the Unruh Civil Rights Act applies only against private entities. That is not correct. In Gibson v. County of Riverside, 181 F.Supp.2d 1057 (C.D. Cal. 2002), the Court held that the County of Riverside qualified as a business establishment within the meaning of California Civil Code § 51, while the individual defendants had potential liability under California Civil Code § 52. Gibson, 181 F.Supp.2d at 1089 – 1093. See Nicole M. By and Through Jacqueline M. v. Martinez Unified School Dist., 964 F.Supp. 1369, 1388 (N.D. Cal. 1997) (Unruh Act claim stated against public school district); Doe By and Through Doe v. Petaluma City School Dist., 830 F.Supp. 1560, 1581-82 (N.D. Cal. 1993) (same); Sullivan By and Through Sullivan v. Vallejo City Unified School Dist., 731 F.Supp. 947, 952 (E.D. Cal. 1990) (same).

### IV. IF FOR ANY REASON THE COURT GRANTS THE MOTIONS IN ANY PART, THE COURT SHOULD GRANT LEAVE TO AMEND.

If for any reason the Court grants the motions in any part, the Court should grant leave to amend. See United States v. Corinthian Colleges, 655 F.3d 984, 995 (standard for granting leave to amend is "generous"); Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions, § 9:286 (Rutter Group 2015). Where a more carefully drafted

complaint might state a claim, a plaintiff must be given at least one more chance to amend the complaint before the district court dismisses the action with prejudice. Silva v. Bieluch, 351 F.3d 1045, 1048 (11th Cir. 2003); DeCarlo v. Fry, 141 F.3d 56, 62 (2nd Cir. 1998); Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions, § 9:287 (Rutter Group 2015).

## V. CONCLUSION.

For the foregoing reasons, the Court should deny the motion in its entirety. If for any reason the Court grants the motions in any part, the Court should grant leave to amend.

Dated:  April 10, 2015                                             RODRIGUEZ & ASSOCIATES


    /s/ Chantal A. Trujillo                    /
CHANTAL A. TRUJILLO, Esq.
Attorneys for Plaintiff KENT WILLIAMS