Michael G. Marderosian, No. 077296
Heather S. Cohen, No. 263093
MARDEROSIAN, CERCONE & COHEN
1260 Fulton Mall
Fresno, CA 93721
Telephone: (559) 441-7991
Facsimile: (559) 441-8170

Virginia Gennaro, No. 138877
City Attorney
CITY OF BAKERSFIELD
1501 Truxtun Avenue
Bakersfield, CA 93301
Telephone: (661) 326-3721
Facsimile: (661) 852-2020

Attorneys for: Defendants CITY OF BAKERSFIELD, OFFICER VERION COLEMAN (sued herein as OFFICER COLEMAN) and OFFICER ANTHONY McCARTHY (sued herein as OFFICER McCARTHY)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT / FRESNO DIVISION

| | |
|---|---|
| KENT WILLIAMS,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF BAKERSFIELD, OFFICER COLEMAN, OFFICER McCARTHY, and DOES 1 to 100, inclusive,<br><br>　　　　　　Defendants. | Case No. 1:14-CV-01955-JLT<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PARTICULAR CAUSES OF ACTION FROM THE PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**DATE:** April 27, 2015<br>**TIME:** 9:30 a.m.<br>**LOCATION:** 510 19th Street, Suite 200, Bakersfield, California<br><br>*Trial Date: Not Yet Assigned* |

Defendants CITY OF BAKERSFIELD, OFFICER VERION COLEMAN (sued herein as OFFICER COLEMAN) and OFFICER ANTHONY McCARTHY (sued herein as OFFICER McCARTHY) (hereinafter collectively referred to as "Defendants") respectfully submit the following Points and Authorities in Reply to Plaintiff's Opposition to Their Motion to Dismiss Particular Causes of Action from the First Amended Complaint.

///

**INTRODUCTION**

The Plaintiff is trying to make this case something that it is not. This is not an excessive force case where the plaintiff was hit or struck and this is not a case of discrimination where the Plaintiff's rights were violated based on his race, gender, ethnicity, or sexual preference. This is a case about the Plaintiff bringing a handgun to a school.

However, the Plaintiff claims that he should be able to assert claims for excessive force, assault, and battery because he was supposedly "handcuffed" and placed in the back of a police car, but the word handcuff doesn't appear anywhere in the Plaintiff's complaint, nor is there any indication that any defendant even touched the Plaintiff to supposedly "put him" in the back of the police car.

The Plaintiff's claims for violation of the Ralph Civil Rights Act and violation of the Unruh act are equally specious. The Plaintiff claims that he should be able to assert such causes of action based upon the "protected class" of possessing a handgun. That could not possibly be considered a protected class under any circumstance and does not fall within the legislature's intend in enacting the Ralph Civil Rights Act or the Unruh Act. Furthermore, nothing contained in the Plaintiff's First Amended Complaint could liberally be interpreted to support that the Defendants' conduct was motivated to harm the Plaintiff because he was a gun owner.

The Defendants are not contending that the Plaintiff has failed to articulate *any* claim but certainly, there is no claim for excessive force, assault, battery, or violation of the Ralph and Unruh acts based on the facts alleged.

**LEGAL ARGUMENT**

**A.   THE PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION FOR VIOLATION OF THE FOURTH AMENDMENT – EXCESSIVE FORCE, ASSAULT, OR BATTERY**

The thrust of the Plaintiff's argument in opposition to the Defendants' motion to dismiss the causes of action based on illegal touching is that the Plaintiff was allegedly handcuffed and forced into the back of a police car. **The term "handcuff" does not appear anywhere in the Plaintiff's First Amended Complaint and there is no factual allegation that comes remotely close to suggesting that the Plaintiff was handcuffed**. Likewise, the term "forced into the back of a police car" is also absent. In fact, there is nothing in the Plaintiff's First Amended Complaint which remotely indicates

1   he was even touched by any of the Defendants. The Plaintiff states in his First Amended Complaint
2   that he was "placed" in the back of the car.  See, e.g., First Amended Complaint, ¶ 16 [Dkt. No. 10.]
3         Even when considering the facts alleged in Plaintiff's Opposition, what the Plaintiff is really
4   complaining of is "false arrest".  Where a Plaintiff predicates an excessive force claim solely on
5   allegations that the police officer lacks probable cause, an excessive force claim is *subsumed* within
6   an unlawful arrest claim and fails as a matter of law.  See *Godoy v. Brock*, 2014 U.S. Dist. Lexis
7   131882, at * 16 (S.D. Ca 2014) citing *Bashir v. Rockdale Cnty, Ga*, 445 F.3d 1323, 1332 (11th Cir.
8   2006)[claim that deputies used excessive force in arrest because they lacked the right to make the
9   arrest is not a discrete excessive force claim and therefore fails as a matter of law); *Jackson v. Sauls*,
10  206 F.3d 1156, 1171 (11th Cir. 2000)(same).
11        Notably, **the very case that the Plaintiff cites** – *Cortez. v. McCauley*, 478 F.3d 1108, 1126
12  (10th Cir. 2007) – provides in pertinent part: "thus, in a case where police effect an arrest without
13  probable cause or a detention without reasonable suspicion, but use no more force than would have
14  been reasonably necessary if the arrest or the detention were warranted, **the plaintiff has a claim for**
15  **unlawful arrest or detention, but not an additional claim for excessive force.**" [Emphasis added.]
16        For the very same reasons, the Plaintiff's claim for assault and battery fail.  Furthermore, under
17  California law, a peace officer "may use reasonable force to make an arrest, prevent escape or
18  overcome resistance, and need not desist in the face of resistance." *Id*. at 1102 (citing Cal. Penal Code
19  § 835a).  Determination whether an officer breached such duty is "analyzed under the reasonableness
20  standard of the Fourth Amendment to the United Constitution." *Id*.  It is ordinary police procedure to
21  use handcuffs during the course of an arrest.  See *e.g. Woods v. Gutierrez,* 2012 U.S. Dist. LEXIS
22  176075 (D. Or. Dec. 12, 2012).  Nothing contained in either the Plaintiff's First Amended Complaint
23  or the Plaintiff's opposition to this motion demonstrate that the alleged "handcuffing" to effectuate
24  the arrest was unreasonable.
25        It is evident from the Plaintiff's opposition that there is no real claim for excessive force,
26  battery, or assault based on even the "facts" contained in their opposition.  The term "handcuff" does
27  not even appear anywhere in the Plaintiff's Amended Complaint.  Certainly, the Plaintiff gave it his
28  best shot in opposition to save any claim he has and he has still failed to articulate any such cause of

action. As such, leave should not be granted to amend the First Amended Complaint to state such a cause of action.

B. **THE PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION FOR VIOLATION OF THE UNRUH ACT OR VIOLATION OF THE RALPH ACT**

The Defendants are at a disadvantage in replying to the Plaintiff's Opposition. On page 6 of the Plaintiff's Opposition, the Plaintiff claims to be citing from a leading treatise on the California Civil Rights Act but the Plaintiff fails to provide any citation allowing the Defendants, or more importantly, the Court, to examine the veracity of what the Plaintiff claims. However, even if what the Plaintiff is contending were true, it would still not be sufficient to state a cause of action under either the Ralph Act or the Unruh Act. Nothing about the Plaintiff's arrest could reasonably be characterized as a "hate crime" which is what both of these statutes were intended to address.

In regard to the Ralph Act, the Ralph Act guarantees people in California "the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation, or on account of any [listed] characteristic." Cal. Civ. Code § 51.7(a). This statute, along with the Bane Act, was enacted to "provide a civil remedy for hate crimes." *D.C. v. Harvard-Westlake Sch.*, 176 Cal. App. 4th 836, 844 (2009); accord *Ramirez v. Wong*, 188 Cal. App. 4th 1480, 1486 (2010).

All persons in California have the right to be free from any violence, or intimidation by threat of violence, committed against their person on account of any characteristic listed in Cal. Civ. Code § 51(e) which expressly prohibits violence on account of race. The required elements to sustain a Ralph Act claim are: (1) that the defendant threatened or committed violent acts against the plaintiff or his or her property; (2) that a motivating reason for the defendant's conduct was his perception of the plaintiff; (3) that the plaintiff was harmed; and (4) that the defendant's conduct was a substantial factor in causing the plaintiff harm. *Panah v. State Dep't of Corr. & Rehab.*, 2015 U.S. Dist. LEXIS 34546, 43 (N.D. Cal. Mar. 19, 2015).

Even if this Court were to adopt Plaintiff's view that being a "gun owner" was somehow a protected class, the Plaintiff's causes of action still fail because he fails to articulate facts that show that the Defendants threatened or committed violent acts or that the conduct was *motivated* to harm

1  the Plaintiff because he was a "gun owner". See *e.g* *People v. Bamba,* 58 Cal. App. 4th 1113, 1123
2  (1997) ("In the context of [California's false imprisonment statute], 'violence' means the exercise of
3  **physical force used to restrain over and above the force reasonably necessary to effect such**
4  **restraint**" (internal quotation marks omitted))*; Panah v. State Dep't of Corr. & Rehab*, 2015 U.S.
5  Dist. Lexis 34546, at * 43-44 (N.D. Ca March 19, 2015)[Court granting Fed. Civ. P 12(b)(6) motion
6  to dismiss because the Plaintiff failed to allege that Defendant was motivated to harm the Plaintiff
7  *because* of his race.); *Willis v. County of Sacramento*, 2014 U.S. Dist. LEXIS 33900 (E.D. Cal. Mar.
8  11, 2014)[Court granting Fed. R. Civ. P 12(b)(6) motion because the articulated facts did not
9  demonstrate that race was "motivating factor"].

10  Even based on the facts argument set forth in the Plaintiff' Opposition, the Plaintiff's claim
11  under the Ralph Act fails because he cannot show that there was violence or threats of violence or that
12  the Defendants were *motivated* harm the Plaintiff *because* he was a gun owner.  Certainly, Defendants
13  as police officers are gun owners.

14  In regard to the Unruh Act, California Civil Code § 51.7 codifies the "right to be free from any
15  violence, or intimidation by threat of violence, committed against their persons or property because
16  of political affiliation, or on account of any characteristic listed or defined in subdivision (b) or (e) of
17  Section 51, or position in a labor dispute, or because another person perceives them to have one or
18  more of those characteristics." California Civil Code § 51(b) applies the Unruh Act to violence
19  committed on account of "sex, race, color, religion, ancestry, national origin, disability, medical
20  condition, genetic information, marital status, or sexual orientation...," while § 51(e) further defines
21  these terms.

22  Nothing contained in Cal. Civ. Code § 51(b) or (e) comes remotely close to referencing any
23  category that is remotely similar, in the slightest, to the "protected class" the Plaintiff is claiming. See
24  also *Rodriguez v. City of Modesto*, 2013 U.S. Dist. LEXIS 172958 (E.D. Cal. Dec. 9, 2013).

25  The Plaintiff's view of these claims would literally render every claim an Unruh and/or Ralph
26  Act claim.  With a little creativity, anyone could come up with an alleged class that would be
27  protected, completely evading the underlying policy for these statutes.  These statutes were intended
28  to protect selected groups of people who had historically been discriminated against.  They are hate

crime statutes.  That the Plaintiff is a gun owner does not, in any way, make him a member of a protected class or make him the victim of a hate crime.  As such, Plaintiff's claims under the Ralph Act and the Unruh Act must be dismissed.

## CONCLUSION

The Plaintiff strains to make this case something that it isn't. The law allows the Court in the early stages of litigation to filter through the claims that really aren't meritorious.  Based on the facts alleged, the Plaintiff's claims arising from alleged force and from alleged discrimination do not rise to the level of viable claims and as such, the Court should dismiss these causes of action so that the true issues can be litigated.

Dated:  April 20, 2015                                      MARDEROSIAN, CERCONE & COHEN


By:   /s/ Michael G. Marderosian
          Michael G. Marderosian,
          Attorney for Defendants above-named.