UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENT WILLIAMS,<br><br>           Plaintiff,<br><br>      v.<br><br>CITY OF BAKERSFIELD, et al.<br><br>           Defendants. | Case No.: 1:14-cv-01955 JLT<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. 14) |

  Defendants City of Bakersfield, Officer Verion Coleman, and Officer Anthony McCarthy seek the dismissal of several causes of action alleged by Plaintiff Kent Williams pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 14.) Specially, Defendants seek dismissal of Plaintiff's claims for assault, battery, excessive force in violation of the Fourth Amendment, a violation of the Ralph Acts, and a violation of the Unruh Act. Plaintiff opposes the dismissal, arguing the factual allegations are sufficient to support his claims. (Doc. 23.)

  The Court heard the oral arguments of the parties at a hearing on April 27, 2015. Because Plaintiff fails to allege facts sufficient to support these claims, Defendants' motion to dismiss is **GRANTED**.

**I.     Background and Factual Allegations**

  On December 8, 2014, Plaintiff initiated this action by filing a complaint against Defendants for violations of his rights arising under the Constitution of the United States and California law. (Doc. 1.)

1  He filed a First Amended Complaint on January 26, 2015. (Doc. 10.)

2  Plaintiff alleges he is the Vice Principal of Tevis Junior High School, located in Bakersfield, California. (Doc. 10 at 5, ¶ 13.) Plaintiff is "properly licensed to carry a concealed gun." (*Id.*, ¶ 14.) Plaintiff asserts he had a gun at work on August 28, 2014. (*Id.*, ¶¶ 14-15.) He alleges that Officers Coleman and McCarthy went to Tevis Junior High School, and asked Plaintiff if he had a gun. (*Id.*) Plaintiff reports that he "answered in the affirmative," and showed the officers "the permit that allowed him to carry the gun." (*Id.*, ¶ 14.) Officer McCarthy "took the permit," and has yet to return it. (*Id.*) In addition, Plaintiff asserts Officers McCarthy and Coleman "conspired to take, and in fact took, Plaintiff's gun and have failed to return the weapon." (*Id.* at 5-6, ¶ 15.)

Plaintiff alleges Officers Coleman and McCarthy, "while acting within the course and scope of their employment…, conspired to arrest, and in fact arrested, Plaintiff without probable cause, and placed him in the back of a police car." (Doc. 10 at 6, ¶ 16.) He reports that "[a]fter several hours," he "was released by Defendants and told he committed no crime." (*Id.*, ¶ 19.) Further, Plaintiff alleges "Doe" officers employed by the City of Bakersfield "went to Plaintiff's home, conspired to take, and in fact took, all of Plaintiff's lawfully registered guns, and, to date, have not returned them." (*Id.* ¶ 18.) According to Plaintiff, as a result of Defendants' actions, his "diabetes was exacerbated and he required medical care." (*Id.*, ¶ 17.) In addition, Plaintiff asserts that he "suffered physical pain, mental pain and anguish, emotional distress." (*Id.* at 7, ¶ 23.)

Based upon these factual allegations, Plaintiff seeks to proceed on the following causes of action: (1) arrest, seizure and unreasonable and excessive use of force in violation of the Fourth Amendment; (2) violation of the right to bear arms under the Second Amendment; (3) deprivation of property without due process of law in violation of the Fourteenth Amendment; (4) violation of the Ralph Civil Rights Act, Cal. Civ. Code § 51.7; (5) violation of the Unruh Civil Rights Act, Cal. Civ. Code §51; (6) violation of the Bane Civil Rights Act, Cal. Civ. Code § 52.1; (7) assault; (8) battery; (9) false arrest/ false imprisonment; (10) possession of personal property and for damages pursuant to Cal. Civ. Code §§ 3379 and 3380; (11) conversion; (12) intentional infliction of emotional distress; and (13) negligence. (*See generally* Doc. 10 at 7-26.)

In response, Defendants filed the motion to dismiss now pending before the Court, asserting:

"Plaintiff's causes of action for (1) excessive force in violation of the Fourth Amendment; (2) violation of the Ralph Act; (3) violation of the Unruh Act; (4) Assault; and (5) Battery are not supported by necessary factual allegations and as such, all of these causes of action are subject to dismissal" pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 14 at 1-2.)

## II. Legal Standards for a Motion to Dismiss

A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) is appropriate when "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Thus, under Rule 12(b)(6), "review is limited to the complaint alone." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court explained,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (internal citations, quotation marks omitted). Further, allegations of a complaint must be accepted as true when the Court considers a motion to dismiss. *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976).

A court must construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to officer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). However, the Court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Assoc. v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). Leave to amend should not be granted if "it is clear that the

3

complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

### III. Discussion and Analysis

#### A. First Cause of Action: Excessive Force

The Fourth Amendment prohibits the use of excessive force and arrests without probable cause or other justification. *See Graham v. Connor*, 490 U.S. 386, 388 (1989) ("claim[s] that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' ... are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard"); *see also Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) ("the use of force to effect an arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures"). The Supreme Court explained,

> As in other Fourth Amendment contexts . . . the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

*Graham*, 490 U.S. at 396-97 (internal citations omitted). In applying this standard, the fact-finder considers "the totality of the circumstances and . . . whatever specific factors may be appropriate in a particular case." *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010).

Factors to be considered in evaluating whether the force used was reasonable include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396 (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985). Further, the fact finder may consider "whether officers administered a warning, assuming it was practicable." *George v. Morris*, 736 F.3d 829, 837-38 (9th Cir. 2013) (citing *Scott v. Harris*, 550 U.S. 372, 381-82 (2007)). Ultimately, the "reasonableness" of the actions "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. Here, Defendants argue that "a review of the Plaintiff's First Amended Complaint reveals that there is a complete absence of facts that support that *any* force, let alone *excessive force*, was used by any of the Defendants."

(Doc. 14-1 at 5, emphasis in original.) On the other hand, Plaintiff contends that "[a]nyone who, like who, like Plaintiff, is arrested and handcuffed has had force used against them," and "[a]nyone who, like Plaintiff, is taken into custody and forced into the back of a police car has had force used against them." (Doc. 23 at 4-5.) According to Plaintiff, his excessive force claim is supported by the facts that "Defendants arrested Plaintiff, took him into custody, caused Plaintiff to have a reasonable apprehension of being unreasonably touched, touched Plaintiff, placed him in the back of the police car, etc." (*Id.* at 5.)

Significantly, however, Plaintiff does not allege in the First Amended Complaint he was placed in handcuffs or "forced into the back of a police car." There are no set forth describing the actions of the officers, including whether the officers touched Plaintiff or, if they did, the amount of type of "force" the officers used when taking Plaintiff into custody.

On the other hand, if Plaintiff contends he suffered the use of excessive force only because the arrest lacked probable cause, legal authority demonstrates that, while the force used to affect the wrongful arrest may be recovered as part of the damages for the arrest, he may not maintain a separate cause of action for excessive force. *See, e.g.*, *Bashir v. Rockdale Cnty., Ga.*, 445 F.3d 1323, 1332 (11th Cir.2006) (an arrest without probable cause does not give rise to a separate claim for the use of excessive force); *Jackson v. Sauls*, 206 F.3d 1156, 1171 (11th Cir.2000) (same); *Cortez v. McCauley*, 478 F.3d 1108, 1126 (10th Cir.2007) ("Thus, in a case where police effect an arrest without probable cause or a detention without reasonable suspicion, but use no more force than would have been reasonably necessary if the arrest or the detention were warranted, the plaintiff has a claim for unlawful arrest or detention but not an additional claim for excessive force.").

Because Plaintiff failed to allege facts sufficient to support a claim for excessive force in violation of the Fourth Amendment, the motion to dismiss the first cause of action, on these grounds, is **GRANTED** and the claim is **DISMISSED** with leave to amend.[1]

---

[1] Importantly, a claim brought under 42 U.S.C § 1983 ("Section 1983"), such as Plaintiff's claim for excessive force in violation of the Fourth Amendment, requires a specific causal link between *each* defendant's actions and the harm allegedly done by Plaintiff. *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act

5

### B.     Fourth Cause of Action: Violation of the Ralph Civil Rights Act

Under the Ralph Act, as set forth in California Civil Code § 51.7, "All persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation, or on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51, or position in a labor dispute, or because another person perceives them to have one or more of those characteristics."[2] California's Civil Code section 51 prohibits interference with a person's rights based upon his "sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation."  Thus, to state a cognizable claim under the Ralph Act, a plaintiff must allege: "[1] That the defendant threatened or committed violent acts against the plaintiff or his or her property; [2] That a *motivating reason for the defendant's conduct was* his/her perception of the plaintiff[]…; [3] That the plaintiff was harmed; and [4] That the defendant's conduct was a substantial factor in causing the plaintiff harm." *Austin B. v. Escondido Union Sch. Dist*., 149 Cal. App. 4th 860, 883 (2007) (citation omitted, emphasis in original).

Here, Plaintiff alleges Defendants "committed acts of violence, or intimidation by threat of violence, on account of Plaintiff's protected characteristics – i.e., his lawful possession of a gun on his person, his lawful possession of guns at his home and residence, and/or his lawful exercise of his rights under the Second Amendment to the United States Constitution."  (Doc. 10 at 11-12, ¶ 42.)  Notably, however, those in lawful possession of a gun do not expressly constitute a protected class under the Ralph Act.  Moreover, Plaintiff has not shown that those who own or possess guns historically have suffered discrimination such that remedial protections should be afforded by the Ralph Act nor has he

---

which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Thus, if Plaintiff chooses to amend this cause of action, Plaintiff must link each named defendant with some affirmative act or omission related to the use of force.

Further, to the extent Plaintiff seeks to state a claim against the City for excessive force, the factual allegations must be sufficient to support a determination that "a policy, practice, or custom of the entity … [was] a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011); *see also Monell*, 436 U.S. at 691 (explaining municipalities and local governments may be liable under Section 1983 when "action pursuant to official municipal policy of some nature caused a constitutional tort").  "Details of these policies need to be alleged with enough specificity to raise them beyond a 'formulaic recitation of a cause of action's elements.'" *Arrieta v. County of Kern*, 2014 U.S. Dist. LEXIS 84339 at *14 *(E.D. Cal. June 19, 2014) (quoting *Dougherty*, 654 F.3d at 900).

[2] Characteristics under Cal. Civ. Code § 51 include "sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, [and] sexual orientation."

shown that gun owners are people perceived as associated with those who have suffered discrimination in the past. In addition, though the Ralph Act provides a remedy to those suffering interference with their rights due to their political affiliation (*Bender v. Cnty. of Los Angeles*, 217 Cal.App.4th 968, 975 (2013)), Plaintiff has failed to provide any factual support for his position that he was engaged in political activity though his possession or ownership of a gun.

Even still, Plaintiff has not identified any specific acts of violence, intimidation, or threats of violence by Defendants. For example, Plaintiff has not alleged Defendants drew their weapons or taunted him, or alleged facts sufficient to support an inference that Defendants' actions were *motivated* by his choice to own or possess a gun. Without such facts, Plaintiff fails to state a claim for a violation of the Ralph Act. *See Bender,* at 985 (noting that to succeed on a claim for a violation of the Ralph Act, a plaintiff must establish an act of violence or threats, and that the defendant's perception of the plaintiff's protected characteristic as "a substantial factor for his violent acts against [the] plaintiff"). Thus, Defendants' motion to dismiss the fourth cause of action is **GRANTED**, and Plaintiff's claim for a violation of the Ralph Act is **DISMISSED** with leave to amend.

### C.     Fifth Cause of Action: Violation of the Unruh Civil Rights Act

The Unruh Act prohibits a "business establishment" from discriminating against any person based "their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation." Cal. Civ. Code § 51. The Unruh Act "expanded the reach of the prior public accommodations statute from common carriers and places of public accommodation and recreation such as railroads, hotels, restaurants and theaters" to include "all business establishments of every kind whatsoever." *Isbister v. Boys Club of Santa Cruz, Inc.*, 40 Cal.3d 72, 78 (1985) (citing *Marina Point, Ltd. v. Wolfson*, 30 Cal.3d 721, 731 (1982)).

Plaintiff alleges Defendants are liable for a violation of the Unruh Civil Rights Act because Defendants "violated, or aided or incited the violation of, or made discrimination or . . . on account of Plaintiff's protected characteristics – i.e., his lawful possession of a gun on his person, his lawful possession of guns at his home and residence, and/or his lawful exercise of his rights under the Second Amendment to the United States Constitution." (Doc. 10 at 13-14, ¶ 49.) Significantly, however, the Unruh Civil Rights Act does not protect against discrimination based upon political affiliation or the

7

exercise of constitutional rights. *See Kenney v. City of San Diego,* 2013 U.S. Dist. LEXIS 135976 at*8-10 (S.D. Cal. Sept. 20, 2013) (finding the plaintiff failed to state a claim under the Unruh Act where the plaintiff alleged discrimination based upon the fact that he was exercising his first amendment right of free speech).

Because the Unruh Act protections are limited to the characteristics identified in Cal. Civ. Code § 51 and Plaintiff does not allege any facts that suggest discrimination on these grounds, Defendants' motion to dismiss Plaintiff's claim for a violation of the Unruh Act is **GRANTED** and Plaintiff's claim for a violation of the Ralph Act is **DISMISSED** with leave to amend.

### D.     Seventh Cause of Action: Assault

Under California law, an assault is a "demonstration of an unlawful intent by on person to inflict immediate injury on the person of another then present." *Lowry v. Standard Oil Co*., 63 Cal. App. 2d 1, 6-7 (1944); *see also* CACI § 1301. "The tort of assault is complete when anticipation of harm occurs." *Kiseskey v. Carpenters' Trust for S. Cal.*, 144 Cal.App.3d 222, 232 (1983).  To state cognizable claim of assault under California law, a plaintiff must allege: (1) that the defendants intended or threatened to cause offensive contact (2) the plaintiff believed himself to be in danger, (3) the contact occurred against the plaintiff's will, (4) the conduct caused harm, and (5) the defendants' conduct substantially caused the harm.  *So v. Shin*, 212 Cal. App. 4th 652, 668-69 (2013).

In his First Amended Complaint, Plaintiff alleges Officers Coleman and McCarthy—as well as other unidentified officers— "intended to cause and did cause Plaintiff to suffer apprehension of an immediate harmful or offensive physical contact."  (Doc. 10 at 18, ¶ 61.)  However, such conclusory pleading is insufficient to support Plaintiff's claim that the officers acted in a manner that indicated their intent to cause offensive contact or that Plaintiff believed he was in danger.  *See Iqbal*, 556 U.S. at 678.  Rather, plaintiff has a burden to identify the actions taken by the officers that indicated their intent to cause harm and placed him in apprehension.  *See, e.g., Olvera v. City of Modesto*, 38 F. Supp. 3d 1162, 1181 (E.D. Cal. 2014) (finding the plaintiff's allegations were sufficient to show a claim for assault where "he was aware and anticipated harm" from the bite of a police dog); *Macias v. City of Clovis*, 2014 U.S. Dist. LEXIS 107621 at *30 (E.D. Cal. Aug. 4, 2014) (finding the plaintiff's factual allegations supported a claim for assault where the officers made a "half-circle formation" around his

car, "shouted in an extremely aggressive manner," and the "display of force … made him anxious").

Because Plaintiff's factual allegations are insufficient to support a claim for assault, Defendants' motion to dismiss Plaintiff's seventh cause of action is **GRANTED**, and the claim is **DISMISSED** with leave to amend.

### E. Eighth Cause of Action: Battery

Under California law, a battery occurs when: "[a] defendant intentionally performed an act that resulted in a harmful or offensive contact with the plaintiff's person; (2) [the] plaintiff did not consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss or harm to [the] plaintiff." *Brown v. Ransweiler*, 171 Cal.App.4th 513, 526-527 (2009). Thus, when a claim of battery is brought against a police officer, it is analogous to a claim for excessive use of force under the Fourth Amendment. *Id.* at 527; *see also Edson v. City of Anaheim,* 63 Cal.App.4th 1269, 1272 (1998) (an officer who uses force in the course of an arrest is not liable for battery unless the plaintiff proves that the force used was unreasonable). Consequently, a claim for battery against a peace officer under California law is analyzed under the Fourth Amendment's reasonableness standard. *Edson*, 63 Cal. App. 4th at 1274; *Saman v. Robbins*, 173 F.3d 1150, 1156-57 & n. 6 (9th Cir. 1999).

Here, as explained above, Plaintiff fails to set forth specific factual allegations to support his claim for excessive force under the Fourth Amendment. For the same reason, his claim for battery under California law fails. *See Brown*, 171 Cal.App.4th 513, 526-527; *Edson*, 63 Cal. App. 4th at 1272. Further, Plaintiff does not allege that either of the officers intended to harm him, as is required to succeed on a claim for battery. For example, in *Chaffee v. Chiu*, the plaintiff asserted a police officer was liable for "battery committed by unlawful arrest," and that the officer "placed his hand firmly on [the plaintiff's] tricep." *Id.*, 2013 U.S. Dist. LEXIS 177008 at *19 (N.D. Cal. Dec. 17, 2013). The court found the plaintiff failed to establish the elements of a battery or the use of unreasonable force where the plaintiff admitted "he did not believe [the] Deputy . . . was trying to hurt him" and the officer's "grip was uncomfortable by did not cause . . . any physical harm." *Id.* at *19-21. Similarly, here, Plaintiff has failed to allege he believed the officers were trying to cause him physical harm. Further, there are no facts that would support a determination that "a reasonable person in plaintiff's position would have been offended by the touching," as is required to state a cognizable claim for

9

battery. *See So,* 212 Cal. App. 4th at 669.

Because Plaintiff's factual allegations are insufficient to support a claim for battery, Defendants' motion to dismiss Plaintiff's eighth cause of action is **GRANTED**, and the claim is **DISMISSED** with leave to amend.

### IV.   Conclusion and Order

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Defendants' motion to dismiss is **GRANTED**;
2. Plaintiff **SHALL** file any amended complaint within twenty-one days of the date of service of this order; and
3. If Plaintiff chooses to not file a Second Amended Complaint, the First Amended Complaint will stand with the claims identified above being dismissed.

IT IS SO ORDERED.

Dated:   **April 27, 2015**                             **/s/ Jennifer L. Thurston**
                                                                       UNITED STATES MAGISTRATE JUDGE