1 | Michael G. Marderosian, No. 077296
Heather S. Cohen, No. 263093
2 | MARDEROSIAN, CERCONE & COHEN
1260 Fulton Mall
3 | Fresno, CA 93721
Telephone: (559) 441-7991
4 | Facsimile: (559) 441-8170

5 | Virginia Gennaro, No. 138877
City Attorney
6 | CITY OF BAKERSFIELD
1501 Truxtun Avenue
7 | Bakersfield, CA 93301
Telephone: (661) 326-3721
8 | Facsimile: (661) 852-2020

9 | Attorneys for: Defendants CITY OF BAKERSFIELD, OFFICER VERION COLEMAN (sued
herein as OFFICER COLEMAN) and OFFICER ANTHONY McCARTHY (sued
10 | herein as OFFICER McCARTHY)

11 |

UNITED STATES DISTRICT COURT

12 |

EASTERN DISTRICT / FRESNO DIVISION

13 |

14 | KEN WILLIAMS,                                   )   Case No. 1:14-CV-01955-JLT
                                                     )
15 |                        Plaintiff,               )   **ANSWER TO SECOND**
                                                     )   **AMENDED COMPLAINT**
16 |            v.                                    )
                                                     )
17 | CITY OF BAKERSFIELD, OFFICER                     )
     COLEMAN, OFFICER McCARTHY,                       )
18 | and DOES 1 to 100, inclusive,                    )   *DEMAND FOR JURY TRIAL*
                                                     )
19 |                        Defendants.               )
                                                     )
20 |

21 |        COMES NOW, Defendants CITY OF BAKERSFIELD, OFFICER VERION COLEMAN

22 | (sued herein as OFFICER COLEMAN) and OFFICER ANTHONY McCARTHY (sued herein as

     OFFICER McCARTHY) (hereinafter "Defendants") and, answering the Second Amended Complaint
23 |
     of Plaintiff KENT WILLIAMS (hereinafter "Plaintiff") [Dkt. No. 27] on file herein, jointly and
24 |
     severally, admit, deny and allege as follows:
25 |
            1.       As to Paragraphs 1 and 2, Defendants admit that this court has jurisdiction of this
26 |
     action and venue is proper in this court.  As to the allegations that all defendants are residents of the
27 |
     Eastern District of California, Defendants have insufficient knowledge of the doe defendants'
28 |
     residences and therefore are unable to admit or deny those allegations.

MARDEROSIAN,
CERCONE & COHEN
1260 Fulton Mall
Fresno, CA 93721

1

2     2.      As to Paragraphs 3, 7, 8, 9, 24, 76, Defendants lack sufficient information and belief to either admit or deny the allegations therein, and on that basis defendants deny each and every allegation contained therein.

3

4     3.      As to Paragraph 4, Defendants admit that the City of Bakersfield is a political subdivision of the State of California.  As to the remaining allegations, Defendants deny.

5

6     4.      As to Paragraphs 5 and 6, Defendants admit that Officers Coleman and McCarthy are Bakersfield Police Officers and were acting within the course and scope of said agency and employment and under color of law.  As to the remaining allegations, Defendants deny.

7

8

9     5.      As to Paragraph 10, Defendants admit that Officers Coleman and McCarthy are Bakersfield Police Officers and were acting within the course and scope of said agency and employment and under color of law.  As to the doe defendants, Defendants lack sufficient information and belief to either admit or deny the allegations therein, and on that basis defendants deny each and every allegation contained therein relating to the doe defendants.

10

11

12

13

14     6.      As to Paragraphs 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 22, 23, 27, 28, 29, 30, 33, 34, 35, 38, 39, 40, 42, 43, 44, 45, 46, 48, 49, 50, 51, 52, 53, 55, 56, 57, 58, 59, 61, 62, 63, 64, 66, 67, 68, 69, 71, 72, 73, 74, 77, 78, 79, 80, 81, 84, 85, 86, 87, 88, 90, 91, 92, 94, 95, 96, 97, 98, 100, 101, Defendants deny the allegations contained therein.

15

16

17

18     7.      As to Paragraphs 25, 31, 36, 41, 47, 54, 60, 65, 70, 75, 82, 89, 93, Plaintiff repeats and incorporates by reference paragraphs and therefore requires no admission or denial.

19

20     8.      As to Paragraphs 26, 32, 37, 83, Defendants are unable to admit or deny these allegations as they contain no facts and are legal conclusions.

21

22     9.      Paragraphs 21 and 99 are omitted from the complaint and therefore require no admission or denial.

23

24     Defendants assert the following affirmative defenses.  Facts may be discovered that alter or supplement the bases for the following affirmative defenses.

25

26     ///

27     ///

28     ///

MARDEROSIAN,
CERCONE & COHEN
1260 FULTON MALL
FRESNO, CA 93721

1

### FIRST AFFIRMATIVE DEFENSE

2

(Failure to State a Claim)

3

Plaintiff fails to state facts sufficient to constitute a cause of action against any Defendant.

4

### SECOND AFFIRMATIVE DEFENSE

5

(Assumption of Risk – Peril)

6

Defendants allege that Plaintiff realized and appreciated the alleged danger which presented

7

itself at the time of the happening of the event set forth in the Complaint herein; that Plaintiff,

8

voluntarily placed himself in a position of peril, and that the loss or damage, if any, sustained by

9

Plaintiff was caused by said risks which were accepted and voluntarily assumed by Plaintiff, when

10

engaging in said activity.

11

### THIRD AFFIRMATIVE DEFENSE

12

(Assumption of Risk)

13

Defendants allege that Plaintiff had full knowledge of the risks involved in the activity in which

14

he was engaged at the time of the incident set forth in the complaint herein; that Plaintiff voluntarily

15

assumed all the risks incident to the activity engaged in at the time and place mentioned in said

16

complaint; and that the loss or damage, if any, sustained by him was caused by said risks that were

17

accepted and voluntarily assumed by him.

18

### FOURTH AFFIRMATIVE DEFENSE

19

(Statute of Limitations)

20

Defendants allege that the Complaint and each and every cause of action therein is barred by

21

the statute of limitations as set forth in California Code of Civil Procedure § 335 *et seq.* and related

22

statutes.

23

### FIFTH AFFIRMATIVE DEFENSE

24

(Failure to Mitigate Damages)

25

Defendants allege that the Complaint and each and every cause of action therein is barred

26

because Plaintiff failed to use reasonable diligence to mitigate damages allegedly sustained by him,

27

and said failure bars or reduces the recovery, if any, from Defendants.

28

///

MARDEROSIAN,
CERCONE & COHEN
1260 Fulton Mall
Fresno, CA 93721

1

## SIXTH AFFIRMATIVE DEFENSE

2

(Defendants' Acts Not A Proximate Cause)

3 Defendants state that any act or omission on the part of the answering Defendants, their agents

4 or employees, was not the proximate cause of Plaintiff's injury.

5

## SEVENTH AFFIRMATIVE DEFENSE

6

(Denial of Damages)

7 Defendants deny that Plaintiff has been damaged in any sum or sums, or otherwise, or at all,

8 by reason of any act or omission of any Defendant.

9

## EIGHTH AFFIRMATIVE DEFENSE

10

(Immunity)

11 Defendants allege the provisions of California Tort Claims Act of the California Government

12 Code (Government Code § 810 *et seq.*) as a measure of the duty of the City of Bakersfield and its

13 employees.

14

## NINTH AFFIRMATIVE DEFENSE

15

(Immunity)

16 Defendants claim the immunities under the applicable provisions of the Government Code

17 including, without limitation, §§ 820.8, 830-835.4.

18

## TENTH AFFIRMATIVE DEFENSE

19

(Barred by Tort Claims Act and Failure to File Claim)

20 Defendants allege that to the extent the Complaint includes allegations within the scope of the

21 California Tort Claims Act, the Complaint is barred by the following provisions of the California Tort

22 Claims Act: Government Code §§: 815; 815(b); 815.2(b); 815.4; 818.2; 818.4; 818.6; 818.7; 818.8;

23 820; 820(b); 820.2; 820.8; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.6; 830.8; 830.9;

24 831; 831.2; 831.4; 835.4; 840; 840.6; 844.6; 845; 845.2; 845.4; 845.8; 850; 850.2; 850.4; 854.8; 855;

25 855.2; 855.4; 855.6; 855.8; 856; 856.2; 956.4.

26 ///

27 ///

28 ///

**ELEVENTH AFFIRMATIVE DEFENSE**

(Variance Between Tort Claim and Complaint)

Defendants allege that to the extent the Complaint includes allegations within the scope of the California Tort Claims Act, Plaintiff's purported causes of action are limited to those factual allegations and theories of recovery set forth in Plaintiff's written government tort claim, if any, and that to the extent the Complaint attempts to enlarge or expand upon those allegations and theories, the Complaint fails to state a cause of action and is barred pursuant to Government Code §§ 905, 910, 911.2, 945.5, 950.2 and related provisions.

**TWELFTH AFFIRMATIVE DEFENSE**

(Good Faith)

Defendants allege that the employees, officials and agents of Defendants were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that Plaintiff may have is barred by law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Estoppel)

By reason of Plaintiff's own acts and omissions, including the acts and omissions of Plaintiff, Plaintiff is estopped from seeking any recovery from Defendants by reason of the allegations set forth in the Complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Frivolous Action)

Plaintiff's maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling the Defendants to sanctions and appropriate remedies (including, without limitation, attorney's fees) against Plaintiff.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

The Complaint and each cause of action therein are barred by the doctrine of unclean hands.

///

///

MARDEROSIAN,
CERCONE & COHEN
1260 FULTON MALL
FRESNO, CA 93721

5

1

## SIXTEENTH AFFIRMATIVE DEFENSE

2

(Res Judicata)

3      To the extent Plaintiff's failure to file a claim bars this action, the Complaint and each cause

4  of action there in is barred by the doctrine of *res judicata* and collateral estoppel.

5

## SEVENTEENTH AFFIRMATIVE DEFENSE

6

(Proper Conduct)

7      Defendants allege that at all times and places mentioned in the Complaint, Defendants acted

8  without malice and with a good faith belief in the propriety of its conduct.

9

## EIGHTEENTH AFFIRMATIVE DEFENSE

10

(Acting in Good Faith)

11      Defendants allege that at all times mentioned in the Complaint, Defendants performed and

12  discharged in good faith each and every obligation, if any, owed to Plaintiff.

13

## NINETEENTH AFFIRMATIVE DEFENSE

14

(Privilege)

15      Defendants allege that their conduct at all times material herein was privileged and/or justified

16  under applicable state and federal law.

17

## TWENTIETH AFFIRMATIVE DEFENSE

18

(Immunities)

19      Defendants assert the various immunities conferred upon them pursuant to the California

20  Government Code, and other applicable provisions of law including, but not limited to, those

21  contained in Division 3.6 of Title 1 of the California Government Code.

22

## TWENTY-FIRST AFFIRMATIVE DEFENSE

23

(Public Liability Act)

24      Defendants allege the provisions of the Public Liability Act of the California Government Code

25  as the sole and exclusive measure of Defendants' duties and liabilities in this action.

26  ///

27  ///

28  ///

MARDEROSIAN,
CERCONE & COHEN
1260 FULTON MALL
FRESNO, CA 93721

6

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Plaintiff's Conduct Reckless and Wanton)

Defendants allege that at all times mentioned in Plaintiff's Complaint herein, Plaintiff acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the Complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by Plaintiff; that as a consequence, Plaintiff's claim is barred.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Discretionary Act Immunity)

Defendants allege that the act or omissions which Plaintiff claims give rise to liability in this case were within the discretion of a City of Bakersfield employee acting within the course and scope of his or her employment and, as a result, Plaintiff's claim is barred by the discretionary act immunity contained in Government Code § 820.2 and its related provisions.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Privilege)

Defendants allege that if any force was used by Defendants against the Plaintiff herein, said use of force was the lawful exercise of the right of self-defense and defense of the public and privileged by law, and any recovery pursuant to said use of force is barred.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Comparative Negligence)

Defendants allege by way of a plea of comparative negligence that Plaintiff was negligent in and about the matters and activities alleged in the Complaint; that Plaintiff's negligence contributed to and was a proximate cause of Plaintiff's alleged injuries and damages, if any, or was the sole cause thereof; and that if Plaintiff is entitled to recover damages against the Defendants by virtue of the Complaint, the Defendants pray that recovery be diminished or extinguished by reason of the negligence of the Plaintiff in proportion to the degree of fault attributable to the Plaintiff.

///

///

MARDEROSIAN,
CERCONE & COHEN
1260 FULTON MALL
FRESNO, CA 93721

7

1    **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

2                          (Arrest)

3        Defendants allege that if any force was used to effect the arrest of the Plaintiff herein by the

4    named Defendants, such force was authorized and privileged pursuant to §§ 835 and 835a of the

5    California Penal Code and as a proximate result thereof Plaintiff is barred from any recovery herein

6    for any alleged injury or damage if any there were.

7    **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

8                    (Prevent Injury/Escape)

9        Defendants allege that no more force was used on Plaintiff's person than was necessary to

10   effect detention, overcome any resistance thereto, prevent escape there from, and prevent injury to the

11   officers and the public and to facilitate and safeguard a valid police investigation.

12   **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

13                    (Qualified Immunity)

14       Defendants allege that Defendants are immune from any civil liability in this matter under the

15   doctrine of qualified immunity in that they had a good faith belief that each and every action employed

16   and taken with regard to the acts complained of by Plaintiff herein, were justified, reasonable and

17   lawful under the circumstances presented to the Defendants at the time of the incident at issue herein.

18   **TWENTY-NINTH AFFIRMATIVE DEFENSE**

19       (Immunity for Failure to Provide Medical Care to a Prisoner)

20       Defendants allege that, under Government Code § 845.6, the Defendants are is immune from

21   liability for any inadequate medical care Plaintiff may have received while in custody.

22   **THIRTIETH AFFIRMATIVE DEFENSE**

23        (Failure to State Relief Under 42 U.S.C. § 1983)

24       Defendants allege that the Plaintiff has failed to allege facts in the Complaint sufficient to state

25   a claim for relief under 42 U.S.C. § 1983 against the Defendants, their agents and employees.

26   ///

27   ///

28   ///

MARDEROSIAN,
CERCONE & COHEN
1260 FULTON MALL
FRESNO, CA 93721

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Self Defense)

Defendants allege by way of a plea of self defense that Defendants honestly and reasonably believed that Plaintiff was about to inflict harm upon them and that the use of force, if any, was done reasonably and in self defense.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(No Breach of Duty)

Defendants further allege that they are not liable for any cause of action based in negligence, as they have breached no duty of care owed to Plaintiff.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

(Liability of Other Persons/Entities)

Defendants allege that the damages alleged therein, if any there were, are, and/or shall be, the sole and proximate responsibility and liability of persons and/or entities other than these answering Defendants, and are neither the liability nor responsibility of Defendants.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

(Percentage of Fault)

Defendants allege that in the event they are found liable to the Plaintiff, Defendants are responsible for the Plaintiff's damages according to Defendants' percentage of fault, pursuant to Civil Code section 1431.2.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

(Immunity)

Defendants allege that they are immune from liability for the causes of action alleged in the Complaint, if any, pursuant to California Government Code sections, including but not limited to, 815, 815.2, 815.4, 818, 820(b), 820.2, 820.4, 820.6, 820.8, 821, 821.6 and 821.8 of the Government Code and sections 834, 834a, 835, 835a and 836 of the Penal Code.

///

///

///

MARDEROSIAN,
CERCONE & COHEN
1260 FULTON MALL
FRESNO, CA 93721

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Intentional Acts of Plaintiff)

Defendants allege that the damages, if any, of which Plaintiff complains, were the proximate result of the intentional acts of Plaintiff, so as to bar or diminish recovery herein as against these Defendants.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Consent)

Defendants allege that Plaintiff consented to all of the acts herein.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(Probable Cause)

Defendants allege that probable cause existed for each of the acts undertaken by Defendants herein.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

(Malicious Prosecution)

Defendants allege that the allegations contained in Plaintiff's Complaint are baseless and warrantless and the bringing of the Complaint and the making of the allegations and charges therein are outrageous and malicious conduct and are intended to specifically injure Defendants, and Defendants specifically reserve the right to file suit for malicious prosecution and abuse of process, along with intentional infliction of emotional distress, among other causes of action, pursuant to California State Law and the California Peace Officer's Bill of Rights.

## FORTIETH AFFIRMATIVE DEFENSE

(Gun-Free School Zone Act / Penal Code § 626.9)

Defendants allege that the Plaintiff's action is barred due to his violation of California's Gun-Free School Zone Act under Penal Code § 626.9.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available.  Defendants reserve the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

MARDEROSIAN,
CERCONE & COHEN
1260 Fulton Mall
Fresno, CA 93721

1

## **DEMAND FOR JURY TRIAL**

2      Defendants hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil

3  Procedure.

4      **WHEREFORE**, Defendants pray judgement as follows:

5      1.      That Plaintiff take nothing by this action;

6      2.      That Defendants be awarded their costs of suit incurred herein;

7      3.      That Defendants be awarded reasonable attorneys fees pursuant to Federal Rules of

8  Civil Procedure, Rule 11 and 42 U.S.C. §1988; and

9      4.      That the Court order such other and further relief as it deems just and proper herein.

10 Dated:  June 8, 2015                                    MARDEROSIAN, CERCONE & COHEN

11

12                                              By:   /s/ Michael G. Marderosian
                                                      Michael G. Marderosian,
13                                                    Attorney for Defendants above-named.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MARDEROSIAN,
CERCONE & COHEN
1260 FULTON MALL
FRESNO, CA 93721

11