Michael G. Marderosian, No. 77296
Heather S. Cohen, No. 263093
MARDEROSIAN, CERCONE & COHEN
1260 Fulton Mall
Fresno, CA 93721
Telephone: (559) 441-7991
Facsimile: (559) 441-8170

Virginia Gennaro, No. 138877
City Attorney
CITY OF BAKERSFIELD
1501 Truxtun Avenue
Bakersfield, CA 93301
Telephone: (661) 326-3721
Facsimile: (661) 852-2020

Attorneys for: Defendants CITY OF BAKERSFIELD, OFFICER VERION COLEMAN (sued herein as OFFICER COLEMAN and OFFICER ANTHONY McCARTHY (sued herein as OFFICER McCARTHY)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENT WILLIAMS, | Case No. 1:14-CV-01955-JLT |
| Plaintiff, | **JOINT SCHEDULING REPORT** |
| vs. | **DATE:** August 6, 2015<br>**TIME:** 9 a.m. |
| CITY OF BAKERSFIELD, OFFICER COLEMAN, OFFICER McCARTHY, and DOES 1 to 100, inclusive, | **JUDGE:** Hon. Jennifer L. Thurston<br><br>*Telephonic Appearance Requested by Defendants* |
| Defendants. | |

COME NOW, the parties in this matter and hereby submit their joint scheduling report pursuant to the Court's Order Setting Mandatory Scheduling Conference [Dkt. No. 3] and the Court's June 4, 2015, Minute Order [Dkt. No. 28].

Plaintiff Kent Williams is represented by Chantal Trujillo of Rodriguez & Associates.

Defendants City of Bakersfield ("City"), Officer Verion Coleman ("Coleman") and Officer Anthony McCarthy ("McCarthy") (collectively referred to as "Defendants") are represented by Michael G. Marderosian and Heather S. Cohen of the law firm of Marderosian, Cercone & Cohen.

**1. SUMMARY OF FACTUAL AND LEGAL CONTENTIONS SET FORTH IN THE PLEADING OF EACH PARTY:**

    **A.    Plaintiff's Summary:**

Plaintiff contends that defendants' actions were in direct violation of his civil rights under the laws of the State of California and the United States of America. Further, Defendants acted unreasonably and violated Bakersfield Police Department's Rules and Regulations, policies, procedures, and standards. Furthermore, defendants knew that Plaintiff was legally allowed to have a concealed weapon in his possession, but decided to detain, seize, and/or take Plaintiff into custody despite reasonable suspicion and/or probable cause that Plaintiff had committed a crime. Given the totality of the circumstances, Defendants did not act as a reasonable officer would have, as such Defendants are not entitled to qualified immunity.

Moreover, defendants further actions when entering and seizing Plaintiff's guns at his home resulted in a further violation of plaintiff's civil rights afforded to him by the laws of the State of California and United States of America.

    **B.    Defendants' Summary:**

Defendants deny any wrongdoing as alleged in Plaintiff's complaint. Defendants contend that the actions of the defendants (in all aspects of this case) were reasonable, appropriate, and in conformance with Bakersfield Police Department Rules and Regulations, accepted police procedures, and the laws of the State of California and the United States of America.

Defendants also contend that none of Plaintiff's federal statutory or Constitutional rights, state rights, or any other rights were violated at any time during the incident which allegedly gave rise to this lawsuit. The doctrine of qualified immunity as more further discussed in applicable federal statutory and case law applies to the conduct of defendants Coleman and McCarthy as does immunities conferred pursuant to the California Government Code and California Penal Code.

**2.    PROPOSED AMENDMENTS:**

   **A.    Plaintiff:** Because Plaintiff has not been provided the incident reports concerning the incident at issue, Plaintiff does not have enough information. As a result, once the incident reports are provided, Plaintiff must review to make sure there are no other defendants remaining to be named.

   **B.    Defendants:** Unknown at this time.

**3.    SUMMARY OF UNCONTESTED AND CONTESTED FACTS:**

   **A.    Uncontested Facts:**

      1.    Defendants admit that Plaintiffs' claims herein arise out of an incident that took place in the City of Bakersfield, State of California, and within this judicial district.

      2.    Defendants Coleman and McCarthy are police officers employed by the Bakersfield Police Department.

      3.    The City of Bakersfield maintains, operates and controls the Bakersfield Police Department.

      4.    On or about August 28, 2014, Defendants Coleman and McCarthy went to Tevis Junior High School in Bakersfield, California, and met the Plaintiff who was and is the Vice Principal of the school.

   **B.    Contested Facts:**

   All other facts remain in dispute.

**4.    SUMMARY OF LEGAL ISSUES:**

   **A.    Undisputed:**

   Jurisdiction and venue are undisputed.

   **B.    Disputed:**

   All other issues remain disputed including but not limited to:

      1.    Whether City is legally responsible for, and has a duty to pay, all of the damages, penalties, attorneys' fees, and costs set forth in the causes of action alleged in the Complaint under California law, except for punitive or exemplary damages.

      2.    Whether Coleman and McCarthy are legally responsible for, and have a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorneys' fees, and costs set forth in the causes of action alleged under California law pursuant to California Government Code Section 820(a).

      3.    Whether prior to September 8, 2014, City and its employees, agents, supervisors, managers and/or representatives were deliberately indifferent, reckless, negligent and/or careless with respect

to the hiring, training, supervision and discipline of Coleman and McCarthy and as an actual, legal and proximate result, Plaintiff suffered and incurred injuries and damages.

4. Whether prior to and on September 8, 2014, defendants we well as their agents and employees acting within the course and scope of such agency and employment and under color of law, intentionally, deliberately, indifferently, recklessly, and/or negligently and unreasonably failed to train and supervise their employees, agents and subordinates, including Coleman and McCarthy, with respect to (a) the relevant California law concerning concealed weapon permits; (b) the relevant California law concerning the possession on school premises of a concealed weapon by the lawful holder of a concealed weapon permit; (c) the Second Amendment to the United States Constitution; and (d) the Fourth Amendment to the United States Constitution; (e) the Due Process Clause of the Fourteenth Amendment to the United States Constitution; and (f) the California status and law alleged herein and as an actual, legal and proximate result of said deliberate indifference, recklessness, negligence and carelessness, Plaintiff was falsely arrested, intimidated, humiliated, required medical attention, was wrongfully deprived of his weapons, and suffered and incurred other damages.

5. Whether when asked if he had a gun, Plaintiff answered in the affirmative and told Coleman and McCarthy that he was properly licensed to carry a concealed gun and repeated told the officers that it was legal for a person, such as Plaintiff, who was property licensed to carry a concealed gun to carry such a gun on a school campus.

6. Whether Coleman and McCarthy, while acting within the course and scope of their employment with City and under the color of law, knowing that Plaintiff had a valid concealed carry permit, conspired to take, and in fact took, Plaintiff's gun and have failed to return the weapon.

7. Whether Coleman and McCarthy grabbed Plaintiff's backpack and took possession of it without Plaintiff's consent.

8. Whether after removing Plaintiff's legally possessed firearm, Coleman and McCarthy continued to rummage and search through Plaintiff's backpack without probable cause, search warrant, and/or Plaintiff's consent.

9. Whether at this time Plaintiff asked to make a phone call to his wife but was prevented by Coleman and McCarthy from making this phone call because he was "being detained."

10. Whether this went on for over an hour.

11. Whether Coleman and McCarthy, while acting within the course and scope of their employment with City and under the color of law, conspired to arrest, and in fact arrested, Plaintiff without probable cause.

12. Whether Defendants: (a) forced Plaintiff in the back of a police car; (b) forced Plaintiff into handcuffs; (c) drove Plaintiff downtown to book Plaintiff into jail; (d) forced Plaintiff to remove his shoes, socks and shirt; (e) searched Plaintiff, physically touching Plaintiff; (f) had the nurse stick Plaintiff with a needle like object to check Plaintiff's blood sugar level, and found that it was low; (g) again handcuffed Plaintiff and drove Plaintiff to Kern County Medical Center for medical clearance for Plaintiff's insulin pump and for a turkey sandwich; again took Plaintiff to jail for booking; again forced Plaintiff to remove his clothes; (j) again searched Plaintiff, physically touching Plaintiff; (k) forced Plaintiff to stand in front of a machine that appeared to scan Plaintiff's body which x-rayed and/or other radiation, against Plaintiff's will and without Plaintiff's consent; (l) kept Plaintiff in a long hallway with bars on each end while inmates were shuffled back and forth in close proximity in front of Plaintiff for three to four hours; (m) booked Plaintiff; and (n) issued a press release stating that Plaintiff was arrested.

13. Whether as an actual, legal and proximate result of Defendants' conduct, Plaintiff's diabetes was exasperated and he required medical care.

14. Whether Coleman and McCarthy, while acting within the course and scope of their employment with City, and under color of law, then went to Plaintiff's home, without Plaintiff's consent, probable cause, and/or warrant, conspired to take, and in fact took, all of Plaintiff's lawfully registered guns, and to date, have not returned them.

15. Whether in the act of going to Plaintiff's home, Coleman and McCarthy misrepresented to Plaintiff's wife and told her that Plaintiff voluntarily gave up his guns.

16. Whether as a result of this misrepresentation, Plaintiff's wife allowed Coleman and McCarthy access to Plaintiff's safe and guns.

17. Whether after several hours of false arrest, Plaintiff was told he committed no crime but nonetheless, even after Defendants told Plaintiff that he had committed no crime he and was supposedly free to go, Defendants forced Plaintiff to: (a) have his mugshot taken; (b) have his finger prints taken; and (c) complete the booking process.

18. Whether during this entire period of Plaintiff's arrest, Plaintiff asked to make a telephone call, but was never permitted to make a telephone call.

19. Whether does 50 to 100 intentionally, recklessly, deliberately, indifferently, and/or negligently and unreasonable failed and refused to intervene or make any effort to stop or prevent Coleman and McCarthy from arresting Plaintiff without probable cause, unlawfully seizing Plaintiff's weapons, or engaging in the other wrongful conduct alleged in the Complaint.

20.     Whether as an actual, legal and proximate result of the act or failure to act by Defendants, Plaintiff suffered significant physical, mental, and emotional injuries, including but not limited to the exasperation of Plaintiff's diabetes.

21.     Whether as an actual, legal and proximate result of the intentional, reckless, negligent, and other wrongful acts, conduct and omissions of Defendants, Plaintiff incurred and suffered physical pain, mental pain and anguish, emotional distress, and medical expenses, including but not limited to the exasperation of his diabetes.

22.     Whether Defendants while acting within the course and scope of their employment with City, and under color of law, detained, seized, arrested, and used unreasonable and excessive force against Plaintiff without probable cause, reasonable suspicion, or justification.

23.     Whether in engaging in the acts, omissions and conduct, Defendants Coleman and McCarthy, while acting within the course and scope of their employment with City and under color of law, detained, seized, arrested, and used unreasonable and excessive force against Plaintiff without probable cause, reasonable suspicion or justification.

24.     Whether by reason of the conduct of Defendants, Plaintiff was deprived, under color of law, of his right guaranteed by the Fourth Amendment of the United States Constitution to be free from: unreasonable seizure; and (b) the use of unreasonable and excessive force against him.

25.     Whether City maintained or permitted and official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs set forth above and, based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and *City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), that policy, custom or practice was carried out by Defendants Coleman, McCarthy in violating Plaintiff's rights guaranteed by the Fourth Amendment to be secure in his person to be free from unlawful search and/or seizure, and free from the use of excessive force, and are therefore liable for all injuries sustained by Plaintiff.

26.     Whether by reason of the conduct of Defendants, Plaintiff was deprived, under color of law, of his rights guaranteed by the Fourth Amendment to the United States Constitution to be free from unlawful seizure, and the excessive and unreasonable use of force.

27.     Whether in engaging in the acts, omissions and conduct alleged in the Complaint, Defendants Coleman and McCarthy, while acting within the course and scope of their employment with City, and under color of law:  (a) deprived Plaintiff of his right under the Second Amendment to possess a gun on his person; (b) took and seized both from Plaintiff's person and later from Plaintiff's home and residence, and

continue to possess, Plaintiff's guns in violation of the Second Amendment; and therefore (c) also deprived Plaintiff of his legal right under the Second Amendment to possess guns at his home and residence and did so without legal justification or basis.

28. Whether City maintained or permitted and official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs set forth above and, based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and *City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), that policy, custom or practice was carried out by Defendants Coleman, McCarthy in violating Plaintiff's rights guaranteed by the Second Amendment to keep and bear arms.

29. Whether by reason of the conduct of Defendants, Plaintiff was deprived, under color of law, of his rights guaranteed by the Second Amendment to the United States Constitution to: (a) possess a gun on his person; and (b) possess guns at his home and residence.

30. Whether in engaging in the acts, omissions and conduct alleged in the Complaint, Defendants Coleman and McCarthy, while acting within the course and scope of their employment with City, and under color of law, deprived and continue to deprive Plaintiff of his property (e.g. his guns) without due process of law in violation of the Fourteenth Amendment.

31. Whether City maintained or permitted and official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs set forth above and, based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and *City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), that policy, custom or practice was carried out by Defendants in violating Plaintiff's rights guaranteed by the Fourteenth Amendment not to be deprived of his property (e.g. his guns) without due process of law.

32. Whether by reason of the conduct of Defendants, Plaintiff was deprived, under color of law, of his rights guaranteed by the Fourteenth Amendment to the United States Constitution not to be deprived of his property (e.g. his guns) without due process of law.

33. Whether in engaging in and performing the acts, omissions and conduct alleged, Defendants Coleman and McCarthy, while acting within the course and scope of their employment with City, committed acts of violence, or intimidation by threat of violence, on account of Plaintiff's protected characteristics – i.e.: (a) Plaintiff's lawful possession of a gun on his person, his lawful possession of guns at his home and residence, and/or his lawful exercise of his rights under the Second Amendment to the United States Constitution, and (b) Plaintiff's political affiliation with fellow supporters of the Second Amendment;

against (i) Plaintiff's person; and/or (ii) Plaintiff's property – i.e. his guns – in that Defendants have seized, retained, deprived Plaintiff of, and threaten to destroy (or currently unknown to Plaintiff, have destroyed) such property – in violation of California Civil Code Sections 51(b), (e), 51.7.

34.     Whether Defendants' alleged wrongful conduct was motivated by Defendants' perception of and animus to Plaintiff's political affiliation with supporters of the Second Amendment, and that such perception and animus was a substantial factor in causing the harm and damages Plaintiff alleges.

35.     Whether prior to Plaintiff's arrest, Plaintiff repeatedly told Defendants Coleman and McCarthy that it was legal for a person, such as Plaintiff, who was properly licensed to carry a concealed gun on a school campus, but Defendants nonetheless falsely arrested Plaintiff despite their being repeatedly warned that it was improper for them to do so.

36.     Whether as an actual, direct, proximate and legal result of the wrongful conduct of Defendants, Plaintiff incurred and is entitled to recover general and special damages including but not limited to: (a) physical injuries, severe emotional injuries and distress, medical expenses, including but not limited to the exacerbation of his diabetes, and (b) will suffer and incur future continuing emotional distress, and medical expenses.

37.     Whether pursuant to California Civil Code Section 51.7, 52(b), Plaintiff is entitled to recover a civil penalty of twenty-five thousand dollars ($25,000), actual damages and, in addition, an amount to be determined by a jury for exemplary damages, as well as attorneys' fees.

38.     Whether Defendants Coleman and McCarthy are legally responsible for, and have a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorneys' fees, and costs set forth pursuant to California Government Code Section 820(a).

39.     Whether City is a "business establishment" within the meaning of the Unruh Civil Rights Act, California Civil Code Section 51 and California Civil Code Section 51.5.

40.     Whether in engaging in the acts, omissions and conduct alleged, Defendants Coleman and McCarthy, while acting within the course and scope of their employment with City, violated, or aided or incited the violation of, or made discrimination or distinction contrary to, the Unruh Civil Rights Act, California Civil Code section 51, and/or California Civil Code section 51.5, on account of Plaintiff's protected characteristics – i.e., his lawful possession of a gun on his person, his lawful possession of guns at his home and residence, and/or his lawful exercise of his right under the Second Amendment to the United States

Constitution and Defendants are therefore liable for said acts, omissions and conduct pursuant to California Civil Code Section 52(a).

41. Whether as an actual, direct, proximate and legal result of the wrongful conduct of Defendants, Plaintiff: (a) suffered and incurred physical injuries, emotional injuries and distress, and medical expenses; and (b) will suffer and incur future continuing emotional distress, and medical expenses.

42. Whether pursuant to California Civil Code Sections 51, 51.5, 52(a), Plaintiffs is entitled to recover from Defendants, his actual damages, and any amount that may be determined by a jury up to a maximum of three times the amount of actual damages but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the Court.

43. Whether Defendants Coleman and McCarthy are legally responsible for, and have a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorneys' fees, and costs set forth pursuant to California Government Code Section 820(a).

44. Whether in engaging in and performing the acts, omissions and conduct alleged herein, Defendants Coleman and McCarthy, while acting within the course and scope of their employment with City, interfered by threats, intimidation, or coercion, or attempted to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by Plaintiff of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of the State of California.

45. Whether Defendants interfered, or attempted to interfere, with Plaintiff's Constitutional or statutory rights under (a) the Second Amendment to the United States Constitution guaranteeing the right to keep and bear arms; (b) the Fourth Amendment to the Constitution of the United States to be secure in his person and to be free from unreasonable seizure, search and the excessive use of force; (c) the Fourteenth Amendment to the United States Constitution not to be deprived of his property without due process of law; (d) Article I, Section 13 of the California Constitution to be secure in his person and to be free from the excessive use of force; (e) Article I, Section 7 of the California Constitution not to be deprived of his liberty without due process of law; (g) Unruh Civil Rights Act, California Civil Code Sections 51, 51.5; (h) Ralph Civil Rights Act, California Civil Code sections 51, 51.5.7; and (i) California Civil Code Section 43, the statutory right of protection from bodily restrain and harm, *Jones v. Kmart Corp.* (1998) 17 Cal.4th 329, 338.

46. Whether as an actual, proximate and legal result of the wrongful conduct of Defendants, Plaintiff incurred and is entitled to recover general and special damages, including but not limited to: Plaintiff: (a) suffered and incurred physical injuries, emotional injuries and distress, and medical

expenses, including but not limited to the exasperation of Plaintiff's diabetes; and (b) will suffer and incur future continuing emotional distress, and medical expenses.

47. Whether pursuant to California Civil Code Sections 52(a), (b), 52.1(b), (h), Plaintiff is entitled to recover either: (a) a civil penalty of twenty-five thousand dollars ($25,000), his actual damages and, in addition, an amount to be determined by a jury for exemplary damages as well as attorneys' fees; and (b) his actual damages, and any amount that may be determined by a jury up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the Court.

48. Whether Coleman and McCarthy are legally responsible for, and have a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorneys' fees and costs pursuant to California Government Code Section 820(a).

49. Whether City is legally responsible for, and has a duty to pay, all of the damages, penalties, attorneys' fees, and costs except for punitive or exemplary damages, pursuant to California Government Code Section 815.2(a).

50. Whether in engaging and performing the acts, omissions and conduct alleged, Coleman and McCarthy, while acting within the course and scope of their employment with City, intended to cause and did cause Plaintiff to suffer apprehension of an immediate harmful or offensive physical contact.

51. Whether such apprehended physical contact was harmful or offensive because Defendants had no legal right or privilege to physically contact Plaintiff.

52. Whether as an actual, direct, proximate or legal result of the alleged wrongful conduct of Defendants, Plaintiff: (a) suffered and incurred physical injuries, emotional injuries and distress and medical expenses, including but not limited to the exasperation of Plaintiff's diabetes; and (b) will suffer and incur future continuing emotional distress and medical expenses.

53. Whether in performing the acts alleged, Defendant's conduct was willful, reckless and/or was intended to cause injury to Plaintiff and Plaintiff is therefore entitled to an award of exemplary damages.

54. Whether Coleman and McCarthy, while acting within the course and scope of their employment with City, intentionally subjected Plaintiff to a harmful or offensive touching which actually, legally and proximately caused Plaintiff to suffer the injuries and damages alleged and whether such touching was harmful or offensive because Defendants had no legal right or privilege to physically contact Plaintiff in any way.

55. Whether such touching was harmful or offensive because Defendants had no legal right or privilege to physically contact Plaintiff in any way.

56. Whether as an actual, direct, proximate and legal result of the wrongful conduct of Defendants, Plaintiff: (a) suffered and incurred physical injuries, emotional injuries and distress and medical expenses, including but not limited to the exasperation of Plaintiff's diabetes; and (b) will suffer and incur future emotional distress and medical expenses.

57. Whether in engaging in and performing the acts, omissions and conduct alleged, Coleman and McCarthy while acting within the course and scope of their employment with City, falsely arrested and imprisoned Plaintiff and restrained and/or confined Plaintiff against his will and without probable cause or justification.

58. Whether Plaintiff is and was the owner of the personal property seized and taken by Defendants – i.e. the guns seized and taken by Defendants.

59. Whether Plaintiff is entitled to immediate and exclusive possession of such personal property.

60. Whether on or about September 8, 2014, and thereafter, Defendants wrongfully and without Plaintiff's consent took possession of the personal property described in the Complaint and since that time Defendants have been, and now are, in wrongful possession of the property in violation of Plaintiff's right to immediate and exclusive possession.

61. Whether Plaintiff is entitled to immediate possession of such personal property pursuant to California Civil Code Sections 3379, 3380.

62. Whether during and as an actual legal and proximate result of Defendants' wrongful possession of the person property described above, Plaintiff suffered the loss of use and enjoyment of his personal property and as a result Plaintiff has suffered damages for his loss of use of the person property.

63. Whether during and as an actual legal and proximate result of Defendants' wrongful possession of the personal property described above, Plaintiff suffered the loss of the depreciation of his personal property.

64. Whether in taking, wrongfully possessing, and detaining the property described above, Defendants' conduct was willful, reckless and/or was intended to cause injury to Plaintiff and he is therefore entitled to an award of exemplary damages.

65. Whether on or about September 8, 2014, Plaintiff was and still is the owner and was and still is entitled to the possession of the personal property seized and taken by Defendants – i.e., the guns seized and taken by Defendants.

66. Whether or about September 8, 2014, and thereafter, Defendants took the property described above from Plaintiff's possession and converted same to their use.

67. Whether in engaging in and performing the acts, omissions and conduct alleged, Coleman and McCarthy, while acting within the course and scope of their employment with City, engaged in conduct that was outrageous and carried out with the intent to cause, and did in fact cause, Plaintiff extreme and severe emotional distress.

68. Whether as an actual, direct, proximate and legal result of the acts, omissions and conduct of Defendants, Plaintiff suffered, and seeks to recover for, extreme and enduring mental, physical and emotional pain, distress, shock, agony and suffering, including but not limited to the exasperation of Plaintiff's diabetes.

69. Whether in performing the acts alleged, Defendants' conduct was willful, reckless and/or was intended to cause injury to Plaintiff and he is therefore entitled to an award of exemplary damages.

70. Whether in engaging in and performing the acts, omissions and conduct alleged, Defendants negligently, carelessly, actually, legally and proximately caused damages and injuries suffered by Plaintiff and as an actual, direct, proximate and legal result of the wrongful conduct of Defendants, Plaintiff: (a) suffered and incurred physical injuries, emotional injuries and distress and medical expenses, including but not limited to the exasperation of Plaintiff's diabetes; and (b) will suffer and incur future continuing emotional distress and medical expenses.

71. Whether in performing and engaging in the intentional, reckless, negligent and other wrongful conduct alleged, Defendants failed to perform one or more mandatory duties, within the meaning of California Government Code Section 815.6 under, including but not limited to:  (a) the Second Amendment to the United States Constitution guaranteeing the right to keep and bear arms; (b) the Fourth Amendment to the Constitution of the United States to be secure in his person and to be free from unreasonable seizure, search and the excessive use of force; (c) the Fourteenth Amendment to the United States Constitution not to be deprived of his property without due process of law; (d) Article I, Section 13 of the California Constitution to be secure in his person and to be free from the excessive use of force; (e) Article I, Section 7 of the California Constitution not to be deprived of his liberty without due process of law; (g) Unruh Civil Rights Act, California Civil Code Sections 51, 51.5; (h) Ralph Civil Rights Act, California Civil Code sections 51, 51.5.7;

and (i) California Civil Code Section 43, the statutory right of protection from bodily restrain and harm, *Jones v. Kmart Corp.* (1998) 17 Cal.4th 329, 338.

72. Whether pursuant to the provisions of 42 U.S.C. Section 1988, Plaintiff is entitled to and demands an award of reasonable attorneys' fees and costs attendant to prosecuting this action.

73. Whether Plaintiff is entitled to an award of prejudgment interest.

74. Whether Plaintiff is entitled to an award of post-judgment interest pursuant to 28 U.S.C. Section 1961(a).

75. Whether Plaintiff fails to state facts sufficient to constitute a cause of action against any Defendant.

76. Whether Plaintiff realized and appreciated the alleged danger which presented itself at the time of the happening of the event set forth in the Complaint herein; that Plaintiff, voluntarily placed himself in a position of peril, and that the loss or damage, if any, sustained by Plaintiff was caused by said risks which were accepted and voluntarily assumed by Plaintiff, when engaging in said activity.

77. Whether Plaintiff had full knowledge of the risks involved in the activity in which he was engaged at the time of the incident set forth in the complaint herein; that Plaintiff voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said complaint; and that the loss or damage, if any, sustained by him was caused by said risks that were accepted and voluntarily assumed by him.

78. Whether the Complaint and each and every cause of action therein is barred by the statute of limitations as set forth in California Code of Civil Procedure § 335 et seq. and related statutes.

79. Whether the Complaint and each and every cause of action therein is barred because Plaintiff failed to use reasonable diligence to mitigate damages allegedly sustained by him, and said failure bars or reduces the recovery, if any, from Defendants.

80. Whether any act or omission on the part of the Defendants, their agents or employees, was not the proximate cause of Plaintiff's injury.

81. Whether Plaintiff has been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of any Defendant.

82. Whether the provisions of California Tort Claims Act of the California Government Code (Government Code § 810 et seq.) as a measure of the duty of the City of Bakersfield and its employees.

83. Whether Defendants are immune under the applicable provisions of the Government Code including, without limitation, §§ 820.8, 830-835.4.

84. Whether to the extent the Complaint includes allegations within the scope of the California Tort Claims Act, the Complaint is barred by the following provisions of the California Tort Claims Act: Government Code §§: 815; 815(b); 815.2(b); 815.4; 818.2; 818.4; 818.6; 818.7; 818.8; 820; 820(b); 820.2; 820.8; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.6; 830.8; 830.9; 831; 831.2; 831.4; 835.4; 840; 840.6; 844.6; 845; 845.2; 845.4; 845.8; 850; 850.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 956.4.

85. Whether to the extent the Complaint includes allegations within the scope of the California Tort Claims Act, Plaintiff's purported causes of action are limited to those factual allegations and theories of recovery set forth in Plaintiff's written government tort claim, if any, and that to the extent the Complaint attempts to enlarge or expand upon those allegations and theories, the Complaint fails to state a cause of action and is barred pursuant to Government Code §§ 905, 910, 911.2, 945.5, 950.2 and related provisions.

86. Whether the employees, officials and agents of Defendants were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that Plaintiff may have is barred by law.

87. Whether by reason of Plaintiff's own acts and omissions, including the acts and omissions of Plaintiff, Plaintiff is estopped from seeking any recovery from Defendants by reason of the allegations set forth in the Complaint.

88. Whether Plaintiff's maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling the Defendants to sanctions and appropriate remedies (including, without limitation, attorney's fees) against Plaintiff.

89. Whether the Complaint and each cause of action therein are barred by the doctrine of unclean hands.

90. Whether to the extent Plaintiff's failure to file a claim bars this action, the Complaint and each cause of action there in is barred by the doctrine of res judicata and collateral estoppel.

91. Whether at all times and places mentioned in the Complaint, Defendants acted without malice and with a good faith belief in the propriety of its conduct.

92. Whether at all times mentioned in the Complaint, Defendants performed and discharged in good faith each and every obligation, if any, owed to Plaintiff.

93. Whether Defendants' conduct at all times material herein was privileged and/or justified under applicable state and federal law.

94. Whether Defendants are entitled to the various immunities conferred upon them pursuant to the California Government Code, and other applicable provisions of law including, but not limited to, those contained in Division 3.6 of Title 1 of the California Government Code.

95. Whether Defendants the provisions of the Public Liability Act of the California Government Code are the sole and exclusive measure of Defendants' duties and liabilities in this action.

96. Whether at all times mentioned in Plaintiff's Complaint herein, Plaintiff acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the Complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by Plaintiff; that as a consequence, Plaintiff's claim is barred.

97. Whether the act or omissions which Plaintiff claims give rise to liability in this case were within the discretion of a City of Bakersfield employee acting within the course and scope of his or her employment and, as a result, Plaintiff's claim is barred by the discretionary act immunity contained in Government Code § 820.2 and its related provisions.

98. Whether if any force was used by Defendants against the Plaintiff herein, said use of force was the lawful exercise of the right of self-defense and defense of the public and privileged by law, and any recovery pursuant to said use of force is barred.

99. Whether Plaintiff was negligent in and about the matters and activities alleged in the Complaint; that Plaintiff's negligence contributed to and was a proximate cause of Plaintiff's alleged injuries and damages, if any, or was the sole cause thereof; and that if Plaintiff is entitled to recover damages against the Defendants by virtue of the Complaint, the Defendants pray that recovery be diminished or extinguished by reason of the negligence of the Plaintiff in proportion to the degree of fault attributable to the Plaintiff.

100. Whether if any force was used to effect the arrest of the Plaintiff herein by the named Defendants, such force was authorized and privileged pursuant to §§ 835 and 835a of the California Penal Code and as a proximate result thereof Plaintiff is barred from any recovery herein for any alleged injury or damage if any there were.

101. Whether no more force was used on Plaintiff's person than was necessary to effect detention, overcome any resistance thereto, prevent escape there from, and prevent injury to the officers and the public and to facilitate and safeguard a valid police investigation.

102. Whether Defendants are immune from any civil liability in this matter under the doctrine of qualified immunity in that they had a good faith belief that each and every action employed and

taken with regard to the acts complained of by Plaintiff herein, were justified, reasonable and lawful under the circumstances presented to the Defendants at the time of the incident at issue herein.

103. Whether under Government Code § 845.6, the Defendants are immune from liability for any inadequate medical care Plaintiff may have received while in custody.

104. Whether Plaintiff has failed to allege facts in the Complaint sufficient to state a claim for relief under 42 U.S.C. § 1983 against the Defendants, their agents and employees.

105. Whether Defendants honestly and reasonably believed that Plaintiff was about to inflict harm upon them and that the use of force, if any, was done reasonably and in self defense.

106. Whether Defendants are not liable for any cause of action based in negligence, as they have breached no duty of care owed to Plaintiff.

107. Whether the damages alleged therein, if any there were, are, and/or shall be, the sole and proximate responsibility and liability of persons and/or entities other than these Defendants, and are neither the liability nor responsibility of Defendants.

108. Whether in the event they are found liable to the Plaintiff, Defendants are responsible for the Plaintiff's damages according to Defendants' percentage of fault, pursuant to Civil Code section 1431.2.

109. Whether Defendants are immune from liability for the causes of action alleged in the Complaint, if any, pursuant to California Government Code sections, including but not limited to, 815, 815.2, 815.4, 818, 820(b), 820.2, 820.4, 820.6, 820.8, 821, 821.6 and 821.8 of the Government Code and sections 834, 834a, 835, 835a and 836 of the Penal Code.

110. Whether the damages, if any, of which Plaintiff complains, were the proximate result of the intentional acts of Plaintiff, so as to bar or diminish recovery herein as against these Defendants.

111. Whether Plaintiff consented to all of the acts herein.

112. Whether probable cause existed for each of the acts undertaken by Defendants herein.

113. Whether the allegations contained in Plaintiff's Complaint are baseless and warrantless and the bringing of the Complaint and the making of the allegations and charges therein are outrageous and malicious conduct and are intended to specifically injure Defendants, and Defendants specifically reserve the right to file suit for malicious prosecution and abuse of process, along with intentional infliction of emotional distress, among other causes of action, pursuant to California State Law and the California Peace Officer's Bill of Rights.

114. Whether the Plaintiff's action is barred due to his violation of California's Gun-Free School Zone Act under Penal Code § 626.9.

115. Whether Defendants are entitled to their costs of suit incurred herein.

116. Whether Defendants should be awarded reasonable attorneys fees pursuant to Federal Rules of Civil Procedure, Rule 11 and 42 U.S.C. §1988.

**5.    STATUS OF ALL MATTERS BEFORE THE COURT:**

None.

**6.    COMPLETE AND DETAILED DISCOVERY PLAN:**

**A.    An Outline of The Subject on Which Discovery May Be Needed:**

Plaintiff

From the Plaintiff's perspective, discovery needs to be conducted as to the events at the time of the incident, including, but not limited to, testimony from all percipient witnesses and the individual police officers.  In addition, discovery will be needed concerning the customs and practices of Defendant, CITY OF BAKERSFIELD and the Bakersfield Police Department, with regard to the claims against Defendant, CITY OF BAKERSFIELD, under *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and *City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

Defendants

From the Defendants' perspective, discovery will need to be conducted on issues concerning the facts that allegedly gave rise to the lawsuit, including, but not limited to, testimony from all percipient witnesses. Discovery will also be needed on the nature and extent of any injuries and damages.  These issues will also require the retention and deposition of expert witnesses.

**B.    Whether Discovery Should be Conducted in Phases or Limited to or Focused Upon Particular Subjects:**

None proposed by Plaintiff.

None proposed by Defendants.

**C.    Proposed Discovery Plan:**

| | |
|---|---|
| Mid-Discovery Status Report: | May 12, 2016 |
| Mid-Discovery Status Conference: | May 23, 2016 |

Discovery cut-off:

    Non-expert: August 30, 2016

    Expert Disclosure Date: September 19, 2016

    Rebuttal Expert Disclosure Date: October 20, 2016

    Expert: November 13, 2016

**D.  Pre-Trial Motions:**

Non-Dispositive Motions:

    Filed no later than: July 29, 2016

    Heard no later than: August 30, 2016

Dispositive Motions:

    Filed no later than: December 19, 2016

    Heard no later than: January 27, 2016

**E.  Pre-Trial Dates and Trial Date:**

Mandatory Settlement Conference: February 16, 2016

Pre-Trial Conference: March 17, 2016

Trial: April 17, 2017

**F.  Protective Order**

A protective order will be necessary.

**G.  Scheduling of Discovery**

Neither party is proposing any limitations and believe that traditional discovery under F.R.C.P. is acceptable.

**H.  Depositions**

Neither party foresees the need to take discovery outside of the United States.  Defendants anticipate video and/or sound recording of depositions.

**9.  SETTLEMENT:**

The parties do not believe that settlement is possible at this time, absent some initial discovery.

**10.  JURY OR NON-JURY CASE:**

All parties request a jury trial.

**11.  AN ESTIMATE OF THE NUMBER OF TRIAL DATES REQUIRED:**

The parties anticipate this case will take approximately five (5) to seven (7) days for a jury trial.

**12.    CONSENT TO MAGISTRATE JUDGE:**

Pursuant to Local Rule, all parties have consented to Magistrate Judge Jennifer L. Thurston for all purposes [Dkt. Nos. 17, 20].

**13.    BIFURCATION OF TRIAL:**

Plaintiff will reserve comment on bifurcation pending a completion of discovery.

Defendants will reserve comment on issues pending discovery.

**14.    RELATED MATTERS:**

The parties are presently unaware of any pending related matters.

Dated: July 30, 2015.                                  RODRIGUEZ & ASSOCIATES

*/s/ Chantal A. Trujillo*

By:_____
   Chantal A. Trujillo,
   Attorneys for Plaintiff

Dated: July 30, 2015.                                  MARDEROSIAN, CERCONE & COHEN

*/s/ Heather S. Cohen*

By:_____
   Heather S. Cohen,
   Attorneys for Defendants
   above-named.