1   Michael G. Marderosian, No. 077296
    Heather S. Cohen, No. 263093
2   MARDEROSIAN & COHEN
    1260 Fulton Mall
3   Fresno, CA 93721
    Telephone: (559) 441-7991
4   Facsimile: (559) 441-8170

5   Virginia Gennaro, No. 138877
    City Attorney
6   CITY OF BAKERSFIELD
    1501 Truxtun Avenue
7   Bakersfield, CA 93301
    Telephone: (661) 326-3721
8   Facsimile: (661) 852-2020

9   Attorneys for: Defendants CITY OF BAKERSFIELD, OFFICER VERION COLEMAN (sued
                  herein as OFFICER COLEMAN) and OFFICER ANTHONY McCARTHY (sued
10                herein as OFFICER McCARTHY)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT / FRESNO DIVISION

| | |
|---|---|
| KENT WILLIAMS,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF BAKERSFIELD, OFFICER COLEMAN, OFFICER McCARTHY, and DOES 1 to 100, inclusive,<br><br>  Defendants. | Case No. 1:14-CV-01955-JLT<br><br>**NOTICE OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>**DATE: February 13, 2017**<br>**TIME: 9:30 a.m.**<br>**LOCATION:**<br>**510 19th Street, Bakersfield, CA**<br>**JUDGE: Hon. Jennifer L. Thurston**<br><br>*Trial Date: May 2, 2017* |

TO PLAINTIFF KENT WILLIAMS AND HIS ATTORNEY OF RECORD HEREIN:

PLEASE TAKE NOTICE that on February 13, 2017, at 9:30 a.m. in the United States District Court located at 510 19th Street, Bakersfield, California, Defendants CITY OF BAKERSFIELD, OFFICER ANTHONY McCARTHY and OFFICER VERION COLEMAN (hereinafter collectively referred to as "Defendants") will, on the above referenced time, date, and place, and hereby do move

///

the Court for summary judgment, or in the alternative for partial summary judgment, as the facts prove that Defendants are entitled to judgment as a matter of law as to:

1. Plaintiff's first cause of action for arrest, search and seizure because: (a) the Defendants are not liable for a Fourth Amendment violation as a result of their initial investigation and "detention" of Plaintiff or their arrest of Plaintiff; (b) the search of the Plaintiff did not violate Fourth Amendment rights; (c) Defendant McCarthy cannot be liable for arresting Plaintiff as he was not present at the time of arrest; (d) Plaintiff fraudulently procured his concealed weapons permit and should not be permitted to seek relief for violation of his Fourth Amendment rights; (e) the individually named Defendants are entitled to qualified immunity; and (f) there is no evidence to support Plaintiff's *Monell* claim against the City of Bakersfield;

2. Plaintiff's second cause of action for violation of the right to bear arms under the Second Amendment because: (a) there is no right to bear arms in public; (b) there is no Second Amendment right to any particular gun and the taking of Plaintiff's guns does not implicate the Second Amendment; (c) even if there was a Second Amendment right to Plaintiff's specific guns, California Penal Code requires the Plaintiff to take affirmative steps to recover is firearms; (d) Defendants are entitled to qualified immunity; and (e) there is no evidence to support a claim for violation of the Second Amendment against the City of Bakersfield;

3. Plaintiff's third cause of action for deprivation of Plaintiff's property without due process in violation of the Fourteenth Amendment because: (a) Plaintiff's Fourteenth Amendment rights were not deprived by the individually named officers; (b) the individual officers are entitled to qualified immunity because there is no published authority which would provide that the Fourteenth Amendment procedural due process rights had been violated given the facts and circumstances present in this case; (c) there is no evidence to support a Fourteenth Amendment claim against the City of Bakersfield;

4. Plaintiff's fourth cause of action for violation of the Ralph Civil Rights Act because: (a) Plaintiff has no evidence to support this claim as he cannot show that any Defendant "threatened or committed violent acts" against him; (b) there is no no evidence of threats or violent acts; (c) Plaintiff cannot show that any alleged conduct was motivated by Defendants' perception of his

MARDEROSIAN & COHEN
1260 FULTON MALL
FRESNO, CA 93721

protected characteristic; (d) the evidence in this case is that the Defendants believed that the Plaintiff could be arrested for bringing a gun onto campus in violation of the "Gun Free" Act and in violation of school district policy; and (e) there was no improper bias or animus;

5. Plaintiff's fifth cause of action for violation of the Unruh Civil Rights Act because there is a complete absence of evidence to support any claim of "intentional discrimination in public accommodations";

6. Plaintiff's ninth cause of action for false arrest/false imprisonment because: (a) it was also premised entirely on direction from a superior officer who was solely responsible for making the decision to arrest the Plaintiff but who is not a party to this litigation; and (b) the conduct of the Defendant Officers in effecting the arrest of the Plaintiff was entirely reasonable and based on probable cause;

7. Plaintiff's tenth cause of action for possession of personal property and for damages because: (a) Plaintiff gave the officers permission to go to his home and retrieve his firearms; and (b) Defendants have made an effort to return the property by specifically advising the Plaintiff what steps need to be taken to obtain return of his firearms under California's Penal Code but the Plaintiff has failed to take any such measures;

8. Plaintiff's eleventh cause of action for conversion because: (a) Plaintiff gave the officers permission to go to his home and retrieve his firearms; and (b) Defendants have made an effort to return the property by specifically advising the Plaintiff what steps need to be taken to obtain return of his firearms under California's Penal Code but the Plaintiff has failed to take any such measures; and

9. Plaintiff's thirteenth cause of action for negligence because: (a) the conduct of the Defendant officers could not be considered negligent in any respect as the Defendant officers conducted a diligent investigation and made an arrest based on the direction of a supervising officer and probable cause and in doing so took steps to ensure that neither the Plaintiff or members of the public, including students at the school, were harmed or exposed to potential harm as a result of not only the Plaintiff's brining a loaded gun to school (which was in a backpack and not even on his person) but also the Plaintiff's psychological state which was clearly fragile and unstable; and (b)

1  Plaintiff cannot state a viable claim for negligence against the City of Bakersfield and he never
2  specifies what statute serves as a basis for his negligence claim and, in fact, there is not one.

3  Per this Court's scheduling order, the parties have met and conferred to discuss the issues
4  raised in this motion.

5  This motion is based upon this Notice of Motion, the accompanying Memorandum of Points
6  and Authorities, the accompanying Joint Statement of Undisputed Material Facts, the accompanying
7  Defendants' Separate Statement of Material Facts, the accompanying Declaration of Michael G.
8  Marderosian and exhibits attached thereto, the accompanying Request for Judicial Notice and exhibits
9  attached thereto, the accompanying Notice of Lodging of Depositions, all pleadings and papers on file
10 in this action, and upon such other oral and documentary evidence as may be presented to the court
11 at the time of hearing.

12 Dated: January 6, 2017                    MARDEROSIAN & COHEN

                                            */s/ Michael G. Marderosian*
                                    By:_____
                                            Michael G. Marderosian,
                                            Attorney for Defendants above-named.