1  Michael G. Marderosian, No. 077296
   Heather S. Cohen, No. 263093
2  MARDEROSIAN & COHEN
   1260 Fulton Mall
3  Fresno, CA 93721
   Telephone: (559) 441-7991
4  Facsimile: (559) 441-8170

5  Virginia Gennaro, No. 138877
   City Attorney
6  CITY OF BAKERSFIELD
   1501 Truxtun Avenue
7  Bakersfield, CA 93301
   Telephone: (661) 326-3721
8  Facsimile: (661) 852-2020

9  Attorneys for: Defendants CITY OF BAKERSFIELD, OFFICER VERION COLEMAN (sued
                  herein as OFFICER COLEMAN) and OFFICER ANTHONY McCARTHY (sued
10                herein as OFFICER McCARTHY)

11

                        UNITED STATES DISTRICT COURT
12
                      EASTERN DISTRICT / FRESNO DIVISION
13

14  KENT WILLIAMS,                        )   Case No. 1:14-CV-01955-JLT
                                          )
15              Plaintiff,                )   **REQUEST FOR JUDICIAL NOTICE**
                                          )   **IN SUPPORT OF MOTION FOR**
16      v.                                )   **SUMMARY JUDGMENT OR IN**
                                          )   **THE ALTERNATIVE, PARTIAL**
17  CITY OF BAKERSFIELD, OFFICER          )   **SUMMARY JUDGMENT**
    COLEMAN, OFFICER McCARTHY,            )
18  and DOES 1 to 100, inclusive,         )   **DATE: February 13, 2017**
                                          )   **TIME: 9:30 a.m.**
19              Defendants.               )   **LOCATION:**
                                          )   **510 19th Street, Bakersfield, CA**
20                                        )   **JUDGE: Hon. Jennifer L. Thurston**
                                          )
21  _____       )   *Trial Date: May 2, 2017*

22          The Court is asked to take judicial notice of the following pursuant to Fed. R. Evid. 201:

23          1.      Plaintiff's Second Amended Complaint attached hereto as Exhibit A; and

24          2.      Defendants' Answer to Second Amended Complaint attached hereto as Exhibit B.

25  Dated: January 6, 2017                    MARDEROSIAN & COHEN

26

27                                            */s/ Michael G. Marderosian*
                                          By:_____
28                                            Michael G. Marderosian,
                                              Attorney for Defendants above-named.

# EXHIBIT A

DANIEL RODRIGUEZ, ESQ., SBN 096625
JOEL T. ANDREESEN, ESQ., SBN 152254
CHANTAL A. TRUJILLO, ESQ.; SBN 289493
**RODRIGUEZ & ASSOCIATES**
**A PROFESSIONAL LAW CORPORATION**
2020 Eye Street
Bakersfield, CA  93301
Tel. No.:      (661) 323-1400
Fax No.:      (661) 323-0132

Attorneys for Plaintiff
KENT WILLIAMS

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENT WILLIAMS, | **CASE NO.: 1:14-CV-01955 JLT** |
| Plaintiff, | **SECOND AMENDED COMPLAINT** |
| vs. | **DEMAND FOR JURY TRIAL** |
| CITY OF BAKERSFIELD, OFFICER COLEMAN, OFFICER McCARTHY and DOES 1 to 100, Inclusive, | |
| Defendants. | |

COMES NOW Plaintiff Kent Williams ("Plaintiff"), and alleges against Defendants CITY OF BAKERSFIELD, OFFICER COLEMAN, OFFICER McCARTHY and DOES 1 TO 100, Inclusive, as follows:

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over the federal causes of action asserted under 42 U.S.C. §§ 1983, 1988, pursuant to 28 U.S.C. § 1343(3).   The Court has supplemental jurisdiction over the causes of action asserted under California law pursuant to 28 U.S.C. § 1667(a).

2.     Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(c) because: (1) one or more defendants reside in the Eastern District of California, and all defendants are residents of the State in which the district is located; and/or (2) a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of California.

## PARTIES AND OTHER RELEVANT ACTORS

3.     Plaintiff is, and at all relevant times herein was, an adult, citizen, and resident of Bakersfield, California.

4.     Defendant CITY OF BAKERSFIELD is, and at all relevant times herein was, a political subdivision of the State of California. Said Defendant is legally responsible for, and has a duty to pay, all of the damages, penalties, attorneys' fees, and costs set forth in the causes of action alleged under California law, except for punitive or exemplary damages, pursuant to California Government Code §§ 815.2(a) and/or 815.6.

5.     Defendant OFFICER COLEMAN ("Defendant COLEMAN") was, at all times relevant to this action, a Bakersfield Police Department Police Officer, officer, agent and/or employee of Defendant CITY OF BAKERSFIELD, and was acting within the course and scope of said agency and employment, and under color of law.  Said

Defendant is legally responsible for, and has a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorneys' fees, and costs set forth in the causes of action alleged under California law pursuant to California Government Code § 820(a).

6.     Defendant OFFICER McCARTHY ("Defendant McCARTHY") was, at all times relevant to this action, a Bakersfield Police Department Police Officer, officer, agent and/or employee of Defendant CITY OF BAKERSFIELD, and was acting within the course and scope of said agency and employment, and under color of law.  Said Defendant is legally responsible for, and has a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorneys' fees, and costs set forth in the causes of action alleged under California law pursuant to California Government Code § 820(a).

7.     Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend his Complaint to allege the true names and capacities when ascertained.  Plaintiff is informed and believes and on that basis alleges that each of the fictitiously named Defendants is liable in the manner set forth below for the acts, conduct, and/or omissions concerning the events and happenings herein referred to, which proximately caused the damages and injuries to Plaintiff as alleged herein.

8.     Defendant DOES 1 to 100, inclusive, are and at all relevant times herein were,  Bakersfield Police Department Police Officers, officer, agents and/or employees of the Defendant CITY OF BAKERSFIELD, and were acting within the course and scope of said employment and under color of law.  Said Defendants are legally responsible for, and have a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorneys' fees, and costs set forth in the causes of action alleged under California law pursuant to California Government Code § 820(a).

9.      Plaintiff is informed and believes and on that basis alleges that at all times and places mentioned herein each Defendant was the agent, representative and/or employee of each of the remaining Defendants and was acting within the course and scope of said agency, representation and/or employment.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10.     Prior to September 8, 2014 and all relevant times here in, Defendant COLEMAN, Defendant McCARTHY, and Defendants DOES 1 through 50, inclusive, were law enforcement officers, officers, agents and employees of the CITY OF BAKERSFIELD and the Bakersfield Police Department acting within the course and scope of such agency and employment, and under color of law.

11.     Prior to September 8, 2014, and at all relevant times herein, Defendant CITY OF BAKERSFIELD, and its employees, agents, supervisors, managers and/or representatives, Defendants DOES 51 through 100, inclusive, were deliberately indifferent, reckless, negligent and/or careless with respect to the hiring, training, supervision and discipline of Defendant COLEMAN, Defendant McCARTHY and Defendants DOES 1 through 50, inclusive.  As an actual, legal and proximate result of said Defendants' deliberate indifference, recklessness, negligence and carelessness Plaintiff suffered and incurred the injuries and damages alleged herein.

12.     Prior to and on September 8, 2014, and at all times relevant herein, Defendants, and each of them, as well as their agents and employees acting within the course and scope of such agency and employment and under color of law, intentionally, deliberately, indifferently, recklessly, and/or negligently and unreasonably failed to train and supervise their employees, agents and subordinates, including Defendant COLEMAN, Defendant McCARTHY and Defendants DOES 1 through 50, inclusive, with respect to,

inter alia: (a) the relevant California law concerning concealed weapon permits; (b) the relevant California law concerning the possession on school premises of a concealed weapon by the lawful holder of a concealed weapon permit; (c) the Second Amendment to the United States Constitution; and (d) the Fourth Amendment to the United States Constitution; (e) the Due Process Clause of the Fourteenth Amendment to the United States Constitution; and (f) the California statutes and law alleged herein.  As an actual, legal and proximate result of said deliberate indifference, recklessness, negligence and carelessness, Plaintiff was falsely arrested, intimidated, humiliated, required medical attention, was wrongfully deprived of his weapons, and suffered and incurred the other damages alleged herein.

13.    On or about September 8, 2014, Defendant COLEMAN, Defendant McCARTHY, and Defendants DOES 1 through 50, inclusive, went to Tevis Junior High School in Bakersfield, California, and met the Plaintiff, who was, and is, the Vice Principal of the school.

14.    When asked if he had a gun, Plaintiff answered in the affirmative.  Plaintiff told Defendant COLEMAN, Defendant McCARTHY and Defendants DOES 1 through 50, inclusive, that he was properly licensed to carry a concealed gun. In addition, Plaintiff repeatedly told Defendant COLEMAN, Defendant McCARTHY and Defendants DOES 1 through 50, inclusive, that it was legal for a person, such as Plaintiff, who was properly licensed to carry a concealed gun to carry such a gun on a school campus.

15.    Defendant COLEMAN, Defendant McCARTHY, Defendants DOES 1 through 50, inclusive, while acting within the course and scope of their employment with Defendant CITY OF BAKERSFIELD and under color of law, knowing that Plaintiff had a valid concealed carry permit, conspired to take, and in fact took, Plaintiff's gun and have failed to return the weapon. Further, Defendant COLEMAN, Defendant McCARTHY, Defendants

1 DOES 1 through 50, inclusive, grabbed Plaintiff's backpack and took possession of it ·
2 without Plaintiff's consent. After removing Plaintiff's legally possessed firearm, Defendant
3 COLEMAN, Defendant McCARTHY, Defendants DOES 1 through 50, inclusive,
4 continued to rummage and search through Plaintiff's backpack without probable cause,
5 search warrant, and/or Plaintiff's consent. At this time, Plaintiff asked to make a phone call
6 to his wife, but was prevented by Defendant COLEMAN, Defendant McCARTHY, and
7 Defendants DOES 1 through 50, inclusive, from making this phone call because he was
8 "being detained." This went on for over an hour.

9

10    16.    Defendant COLEMAN, Defendant McCARTHY and Defendants DOES 1
11 through 50, inclusive, while acting within the course and scope of their employment with
12 Defendant CITY OF BAKERSFIELD and under color of law, conspired to arrest, and in
13 fact arrested, Plaintiff without probable cause. Said Defendants:

14

15        a.    Forced Plaintiff in the back of a police car.
16        b.    Forced Plaintiff into handcuffs.
17        c.    Drove Plaintiff downtown to book Plaintiff into jail.
18        d.    Forced Plaintiff to remove his shoes, socks and shirt.
19        e.    Searched Plaintiff, physically touching Plaintiff.
20        f.    Had the nurse stick Plaintiff with a needle like object to check Plaintiff's
21              blood sugar level, and found that it was low.
22        g.    Again handcuffed Plaintiff and drove Plaintiff to Kern County Medical
23              Center for medical clearance for Plaintiff's insulin pump and for a
24              turkey sandwich.
25        h.    Again took Plaintiff to jail for booking.
26        i.    Again forced Plaintiff to remove his clothes.
27        j.    Again searched Plaintiff, physically touching Plaintiff.

28

k.   Forced Plaintiff to stand in front of a machine that appeared to scan Plaintiff's body. Pursuant to Rule 11(b)(3) of the federal Rules of Civil Procedure, Plaintiff alleges that the following factual contention will likely have evidentiary support after a reasonable opportunity for further investigation or discovery: Said machine x-rayed and/or irradiated Plaintiff's body, and subjected Plaintiff to x-rays and/or other radiation, against Plaintiff's will and without Plaintiff's consent.

l.   Kept Plaintiff in a long hallway with bars on each end while inmates were shuffled back and forth in a close proximity in front of Plaintiff for three to four hours.

m.   Booked Plaintiff.

n.   Issued a press release stating that Plaintiff was arrested.

17.   As an actual, legal and proximate result of the above-alleged conduct by Defendants, Defendant COLEMAN, Defendant McCARTHY and Defendants DOES 1 through 50, inclusive, Plaintiff's diabetes was exasperated and he required medical care.

18.   Defendant COLEMAN, Defendant McCARTHY and Defendants Does 1 through 50, inclusive, while acting within the course and scope of their employment with Defendant CITY OF BAKERSFIELD, and under color of law, then went to Plaintiff's home, without Plaintiff's consent, probable cause, and/or a warrant, conspired to take, and in fact took, all of Plaintiff's lawfully registered guns, and, to date, have not returned them. In the act of going to Plaintiff's home, Defendant COLEMAN, Defendant McCARTHY and Defendants Does 1 through 50, inclusive, misrepresented to Plaintiff's wife and told her that Plaintiff voluntarily gave up his guns. As a result of this misrepresentation, Plaintiff's wife allowed Defendant COLEMAN, Defendant McCARTHY and Defendants Does 1 through 50, inclusive, access to Plaintiff's safe and guns.

19.     After several hours of false arrest, Plaintiff was told he committed no crime. Nonetheless, even after Defendants told Plaintiff that had committed no crime and was supposedly free to go, Defendants forced Plaintiff to: (a) have his mugshot taken; (b) have his finger prints taken; and (c) complete the booking process. In addition, during the entire period of Plaintiff's arrest, Plaintiff asked to make a telephone call, but was never permitted to make a telephone call.

20.     DOES 50 to 100, inclusive, intentionally, recklessly, deliberately indifferently, and/or negligently and unreasonably failed and refused to intervene or make any effort to stop or prevent Defendant COLEMAN, Defendant McCARTHY and Defendants DOES 1 through 50, inclusive, from arresting Plaintiff without probable cause, unlawfully seizing Plaintiff's weapons, or engaging in the other wrongful conduct alleged herein.

22.     As an actual, legal and proximate result of the act or failure to act by Defendants, and each of them, Plaintiff suffered significant physical, mental, and emotional injuries, including but not limited to the exasperation of Plaintiff's diabetes.

23.     As an actual, legal and proximate result of the intentional, reckless, negligent, and other wrongful acts, conduct and omissions of Defendants, and each of them, Plaintiff incurred and suffered physical pain, mental pain and anguish, emotional distress, and medical expenses, including but not limited to the exasperation of his diabetes.

24.     Plaintiff has complied with the California Tort Claims Act, California Government Code §§ 910 et seq. Plaintiff timely submitted his Government Tort Claim for damages on October 2, 2014. The CITY OF BAKERSFIELD rejected said Claim by operation of law pursuant to California Government Code § 912.4(c) by failing to respond within 45 days.

# FIRST CAUSE OF ACTION

**Arrest, Seizure And Unreasonable And Excessive Use Of Force In Violation Of The Fourth Amendment, Pursuant To 42 U.S.C. Sections 1983, 1988**

**[Against All Defendants]**

25.     Plaintiff realleges and incorporates by reference paragraphs 1 through 24, inclusive, as though fully set forth herein.

26.     Plaintiff asserts this First Cause of Action for arrest, seizure and unreasonable and excessive use of force in violation of the Fourth Amendment to the United States Constitution pursuant to 42 U.S.C. §§ 1983, 1988.

27.     In engaging in the acts, omissions and conduct alleged herein, Defendants, COLEMAN, MCCARTHY, and DOES 1 to 100, inclusive, while acting within the course and scope of their employment with Defendant CITY OF BAKERSFIELD, and under color of law, detained, seized, arrested, and used unreasonable and excessive force against, Plaintiff without probable cause, reasonable suspicion, or justification

28.     By reason of the conduct of the Defendants, and each of them, as alleged herein, Plaintiff was deprived, under color of law, of his right guaranteed by the Fourth Amendment to the United States Constitution to be free from: (a) unreasonable seizure; and (b) the use of unreasonable and excessive force against him

29.     Defendants CITY OF BAKERSFIELD, and DOES 51 through 100, inclusive, maintained or permitted an official policy, custom or practice of knowingly permitting the

occurrence of the type of wrongs set forth above and, based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and *City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), that policy, custom or practice was carried out by Defendant OFFICER COLEMAN, Defendant OFFICER McCARTHY and Defendants DOES 1 through 50 in violating Plaintiff's rights guaranteed by the Fourth Amendment to be secure in his person, to be free from unlawful search and/or seizure, and free from the use of excessive force, and are therefore liable for all injuries sustained by Plaintiff as set forth herein.

30.     By reason of the conduct of the Defendants, and each of them, as alleged herein, Plaintiff was deprived, under color of law, of his rights guaranteed by the Fourth Amendment to the United States Constitution to be free from unlawful seizure, and the excessive and unreasonable use of force.

///
///
///
///
///

## SECOND CAUSE OF ACTION
### Violation Of The Right To Bear Arms Under The Second Amendment,
### Pursuant To 42 U.S.C. Sections 1983, 1988
### [Against All Defendants]

31.     Plaintiff realleges and incorporates by reference paragraphs 1 through 24, and 26 through 30, inclusive, as though fully set forth herein.

32.     Plaintiff asserts this Second Cause of Action for violation of the right to bear arms under the Second Amendment to the United States Constitution, as same is incorporated by the Fourteenth Amendment, *see McDonald v. City of Chicago*, 561 U.S. 742, 791, 130 S. Ct. 3020, 3044 (2010), *Peruta v. County of San Diego*, 742 F.3d 1144, 1179 (9th Cir. 2014), pursuant to 42 U.S.C. §§ 1983, 1988.

33.     In engaging in the acts, omissions and conduct alleged herein, Defendants, COLEMAN, McCARTHY, and DOES 1 to 100, inclusive, while acting within the course and scope of their employment with Defendant CITY OF BAKERSFIELD, and under color of law: (a) deprived Plaintiff of his right under the Second Amendment to possess a gun on his person; (b) took and seized both from Plaintiff's person and later from Plaintiff's home and residence, and continue to possess, Plaintiff's guns in violation of the Second Amendment; and, therefore (c) also deprived Plaintiff of his legal right under the Second Amendment to possess guns at his home and residence. Defendants did so without legal justification or basis.

34.     Defendants CITY OF BAKERSFIELD, and DOES 51 through 100, inclusive, maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs set forth above and, based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and *City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), that policy, custom or practice was carried out by Defendants CITY OF BAKERSFIELD, COLEMAN, MCCARTHY, and DOES 1 through 50, inclusive, in violating Plaintiff's rights guaranteed by the Second Amendment, to keep and bear arms, as set forth herein.

35.     By reason of the conduct of the Defendants, and each of them, as alleged herein, Plaintiff was deprived, under color of law, of his rights guaranteed by the Second

Amendment to the United States Constitution to: (a) possess a gun on his person; and
(b) possess guns at his home and residence.

## THIRD CAUSE OF ACTION
**Deprivation Of Plaintiff's Property Without Due Process Of Law In Violation Of**
**The Fourteenth Amendment,**
**Pursuant To 42 U.S.C. Sections 1983, 1988**
**[Against All Defendants]**

36.     Plaintiff realleges and incorporates by reference paragraphs 1 through 25, 27
through 31, and 33 through 36, inclusive, as though fully set forth herein.

37.     Plaintiff asserts this Third Cause of Action for deprivation of Plaintiff's
property without due process of law in violation of the Fourteenth Amendment to the
United States Constitution pursuant to 42 U.S.C. §§ 1983, 1988.

38.     In engaging in the acts, omissions and conduct alleged herein, Defendants,
COLEMAN, McCARTHY, and DOES 1 to 100, inclusive, while acting within the course
and scope of their employment with Defendant CITY OF BAKERSFIELD, and under
color of law, deprived, and continue to deprive, Plaintiff of his property (e.g., his guns)
without due process of law in violation of the Fourteenth Amendment.

39.     Defendants CITY OF BAKERSFIELD, and DOES 51 through 100, inclusive,
maintained or permitted an official policy, custom or practice of knowingly permitting the
occurrence of the type of wrongs set forth above and, based upon the principles set forth in
*Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56
L.Ed.2d 611 (1978), and *City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103
L.Ed.2d 412 (1989), that policy, custom or practice was carried out by Defendants

CHRISTOPHER DALTON and DOES 1 through 50 in violating Plaintiff's rights guaranteed by the Fourteenth Amendment not to be deprived of his property (e.g., his guns) without due process of law.

40.    By reason of the conduct of the Defendants, and each of them, as alleged herein, Plaintiff was deprived, under color of law, of his rights guaranteed by the Fourteenth Amendment to the United States Constitution not to be deprived of his property (e.g., his guns) without due process of law.

## FOURTH CAUSE OF ACTION
### Violation of The Ralph Civil Rights Act, California Civil Code Section 51.7.
### [Against All Defendants.]

41.    Plaintiff realleges and incorporates by reference paragraphs 1 through 24, 26 through 30, 32 through 35 and 37 through 40, inclusive, as though fully set forth herein.

42.    In engaging in and performing the acts, omissions and conduct alleged herein, Defendants COLEMAN, MCCARTHY, and DOES 1 through 50, inclusive, inclusive, while acting within the course and scope of their employment with Defendant CITY OF BAKERSFIELD, and Defendants Does 51 through 100, inclusive, committed acts of violence, or intimidation by threat of violence, on account of Plaintiff's protected characteristics – i.e.,

> (a)    Plaintiff's lawful possession of a gun on his person, his lawful possession of guns at his home and residence, and/or his lawful exercise of his rights under the Second Amendment to the United States Constitution, **and**

     (b)    Plaintiff's political affiliation with fellow supporters of the Second Amendment --

– against: (i) Plaintiff's person; and/or (ii) Plaintiff's property – i.e., his guns -- in that Defendants have seized, retained, deprived Plaintiff of, and threaten to destroy (or, currently unknown to Plaintiff, have destroyed) such property -- in violation of California Civil Code §§ 51(b), (e), 51.7.

Pursuant to Rule 11(b)(3) of the federal Rules of Civil Procedure, Plaintiff alleges that the following factual contentions will likely have evidentiary support after a reasonable opportunity for further investigation or discovery: That said Defendants' aforementioned wrongful conduct was motivated by Defendants' perception of and animus to Plaintiff's political affiliation with supporters of the Second Amendment, and that such perception and animus was a substantial factor in causing the harm and damages Plaintiff has alleged herein.  Such inference is supported by the fact that: (a) prior to Plaintiff's arrest, Plaintiff repeatedly told Defendant COLEMAN, Defendant McCARTHY and Defendants DOES 1 through 50, inclusive, that it was legal for a person, such as Plaintiff, who was properly licensed to carry a concealed gun to carry such a gun on a school campus; but (b) said Defendants nonetheless falsely arrested Plaintiff despite their being repeatedly warned that it was improper for them to do so.

43.    As an actual, direct, proximate and legal result of the wrongful conduct of Defendants, and each of them, alleged herein, Plaintiff incurred, and is entitled to recover, general and special damages, including but not limited to:

    a.    physical injuries, severe emotional injuries and distress, medical expenses, including but not limited to the exacerbation of his diabetes, and

b.    will suffer and incur future continuing emotional distress, and medical expenses.

44.    Pursuant to California Civil Code §§ 51.7, 52(b), Plaintiff is entitled to recover a civil penalty of twenty-five thousand dollars ($25,000), actual damages and, in addition, an amount to be determined by a jury for exemplary damages, as well as attorneys' fees as may be determined by the Court.

45.    Defendants COLEMAN, MCCARTHY, and DOES 1 through 50, inclusive, inclusive, are legally responsible for, and has a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorneys' fees, and costs set forth in this cause of action pursuant to California Government Code § 820(a).

46.    Defendants CITY OF BAKERSFIELD, and Defendants Does 51 through 100, inclusive, are legally responsible for, and have a duty to pay, all of the damages, penalties, attorneys' fees, and costs set forth in this cause of action, except for punitive or exemplary damages, pursuant to California Government Code § 815.2(a).

## FIFTH CAUSE OF ACTION
### Violation Of The Unruh Civil Rights Act, California Civil Code § 51, And/Or California Civil Code § 51.5.
### [Against all Defendants.]

47.    Plaintiff realleges and incorporates by reference paragraphs 1 through 24, 26 through 30, 32 through 35, 37 through 40, and 42 through 46, inclusive, as though fully set forth herein.

48.     Defendant CITY OF BAKERSFIELD, and Defendants Does 51 through 100, inclusive, are "business establishments" within the meaning of the Unruh Civil Rights Act, California Civil Code § 51 and California Civil Code § 51.5.

49.     In engaging in and performing the acts, omissions and conduct alleged herein, Defendants COLEMAN, MCCARTHY, and DOES 1 through 50, inclusive, inclusive, while acting within the course and scope of their employment with Defendant CITY OF BAKERSFIELD, and Defendants Does 51 through 100, inclusive, violated, or aided or incited the violation of, or made discrimination or distinction contrary to, the Unruh Civil Rights Act, California Civil Code § 51, and/or California Civil Code § 51.5, on account of Plaintiff's protected characteristics – i.e., his lawful possession of a gun on his person, his lawful possession of guns at his home and residence, and/or his lawful exercise of his rights under the Second Amendment to the United States Constitution. Defendants are therefore liable for said acts, omissions and conduct pursuant to California Civil Code § 52(a).

50.     As an actual, direct, proximate and legal result of the wrongful conduct of Defendants, and each of them, alleged herein, Plaintiff: (a) suffered and incurred physical injuries, emotional injuries and distress, and medical expenses; and (b) will suffer and incur future continuing emotional distress, and medical expenses.

51.     Pursuant to California Civil Code §§ 51, 51.5, 52(a), Plaintiff is entitled to recover from Defendants, and each of them, his actual damages, and any amount that may be determined by a jury up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the Court.

52.     Defendants COLEMAN, MCCARTHY, and DOES 1 through 50, inclusive, inclusive, are legally responsible for, and has a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorneys' fees, and costs set forth in this cause of action pursuant to California Government Code § 820(a).

53.     Defendants CITY OF BAKERSFIELD, and Defendants Does 51 through 100, inclusive, are legally responsible for, and have a duty to pay, all of the damages, penalties, attorneys' fees, and costs set forth in this cause of action, except for punitive or exemplary damages, pursuant to California Government Code § 815.2(a).

## SIXTH CAUSE OF ACTION
### Violation Of The Bane Civil Rights Act, California Civil Code § 52.1.
### [Against all Defendants.]

54.     Plaintiff realleges and incorporates by reference paragraphs 1 through 24, 26 through 30, 32 through 35, 37 through 40, 42 through 46, and 48 through 53, inclusive, as though fully set forth herein.

55.     In engaging in and performing the acts, omissions and conduct alleged herein, Defendants COLEMAN, MCCARTHY, and DOES 1 through 50, inclusive, inclusive, while acting within the course and scope of their employment with Defendant CITY OF BAKERSFIELD, and Defendants Does 51 through 100, inclusive, interfered by threats, intimidation, or coercion, or attempted to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by Plaintiff of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of the State of California. More specifically, said Defendants interfered, or attempted to interfere, with Plaintiff's constitutional or statutory rights under, inter alia:

a.   The Second Amendment to the United States Constitution, guaranteeing the right to keep and bear arms;

b.   The Fourth Amendment to the Constitution of the United States, to be secure in his person and to be free from unreasonable seizure, search and the excessive use of force;

c.   The Fourteenth Amendment to the United States Constitution, not to be deprived of his property without due process of law;

d.   Article 1, Section 13 of the California Constitution, to be secure in his person and to be free from the excessive use of force;

e.   Article I, Section 7 of the California Constitution, not to be deprived of his liberty without due process of law;

g.   Unruh Civil Rights Act, California Civil Code §§ 51, 51.5;

h.   Ralph Civil Rights Act, California Civil Code §§ 51, 51.5.7; and

i.   California Civil Code § 43, the statutory right of protection from bodily restraint and harm, *see Jones v. Kmart Corp.* (1998) 17 Cal.4th 329, 338;

56.   As an actual, direct, proximate and legal result of the wrongful conduct of Defendants, and each of them, alleged herein, Plaintiff incurred, and is entitled to recover, general and special damages, including but not limited to: Plaintiff: (a) suffered and incurred physical injuries, emotional injuries and distress, and medical expenses, including but not limited to the exasperation of Plaintiff's diabetes; and (b) will suffer

and incur future continuing emotional distress, and medical expenses.

57.    Pursuant to California Civil Code §§ 52(a), (b), 52.1(b), (h), Plaintiff is entitled to recover either:

      a.    a civil penalty of twenty-five thousand dollars ($25,000), his actual damages and, in addition, an amount to be determined by a jury for exemplary damages, as well as attorneys' fees as may be determined by the Court; or

      b.    his actual damages, and any amount that may be determined by a jury up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the Court.

58.    Defendants COLEMAN, MCCARTHY, and DOES 1 through 50, inclusive, inclusive, are legally responsible for, and has a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorneys' fees, and costs set forth in this cause of action pursuant to California Government Code § 820(a).

59.    Defendants CITY OF BAKERSFIELD, and Defendants Does 51 through 100, inclusive, are legally responsible for, and have a duty to pay, all of the damages, penalties, attorneys' fees, and costs set forth in this cause of action, except for punitive or exemplary damages, pursuant to California Government Code § 815.2(a).

## SEVENTH CAUSE OF ACTION
### Assault, Under California Law.
### [Against all Defendants.]

60.     Plaintiff realleges and incorporates by reference paragraphs 1 through 24, 26 through 30, 32 through 35, 37 through 40, 42 through 46, 48 through 53, and 55 through 59, inclusive, as though fully set forth herein.

61.     In engaging in and performing the acts, omissions and conduct alleged herein, Defendants COLEMAN, MCCARTHY, and DOES 1 through 50, inclusive, while acting within the course and scope of their employment with Defendant CITY OF BAKERSFIELD, and DOES 51 through 100, inclusive, intended to cause and did cause Plaintiff to suffer apprehension of an immediate harmful or offensive physical contact. All such apprehended physical contact was harmful or offensive because, inter alia, Defendants, and each of them, had no legal right or privilege to physically contact Plaintiff.

62.     As an actual, direct, proximate and legal result of the wrongful conduct of Defendants, and each of them, alleged herein, Plaintiff: (a) suffered and incurred physical injuries, emotional injuries and distress and medical expenses, including but not limited to the exasperation of Plaintiff's diabetes; and (b) will suffer and incur future continuing emotional distress and medical expenses.  In addition, in performing the acts alleged herein, Defendants' conduct was willful, reckless and/or was intended to cause injury to Plaintiff.  Plaintiff is therefore entitled to an award of exemplary damages

63.     Defendants COLEMAN, MCCARTHY, and DOES 1 through 50, inclusive, inclusive, are legally responsible for, and has a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorneys' fees, and costs set forth in this cause of action pursuant to California Government Code § 820(a).

64.     Defendants CITY OF BAKERSFIELD, and DOES 51 through 100, inclusive, are legally responsible for, and have a duty to pay, all of the damages, penalties, attorneys' fees, and costs set forth in this cause of action, except for punitive or exemplary damages, pursuant to California Government Code § 815.2(a).

## EIGHTH CAUSE OF ACTION
## Battery, Under California Law.
## [Against all Defendants.]

65.     Plaintiff realleges and incorporates by reference paragraphs 1 through 24, 26 through 30, 32 through 35, 37 through 40, 42 through 46, 48 through 53, 55 through 59, and 61 through 64, inclusive, as though fully set forth herein.

66.     In engaging in and performing the acts, omissions and conduct alleged herein, Defendants COLEMAN, MCCARTHY, and DOES 1 through 50, inclusive, while acting within the course and scope of their employment with Defendant CITY OF BAKERSFIELD, and DOES 51 through 100, inclusive, intentionally subjected Plaintiff to a harmful or offensive touching which actually, legally and proximately caused Plaintiff to suffer the injuries and damages alleged herein. All such touching was harmful or offensive because, inter alia, Defendants, and each of them, had no legal right or privilege to physically contact Plaintiff in any way.

67.     As an actual, direct, proximate and legal result of the wrongful conduct of Defendants, and each of them, alleged herein, Plaintiff: (a) suffered and incurred physical injuries, emotional injuries and distress and medical expenses, including but not limited to the exasperation of Plaintiff's diabetes; and (b) will suffer and incur future continuing emotional distress and medical expenses. In addition, in performing the acts alleged

herein, Defendants' conduct was willful, reckless and/or was intended to cause injury to Plaintiff.  Plaintiff is therefore entitled to an award of exemplary damages

68.     Defendants COLEMAN, MCCARTHY, and DOES 1 to5 0 and DOES 1 through 50, inclusive, inclusive, are legally responsible for, and has a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorneys' fees, and costs set forth in this cause of action pursuant to California Government Code § 820(a).

69.     Defendants CITY OF BAKERSFIELD, and DOES 51 through 100, inclusive, are legally responsible for, and have a duty to pay, all of the damages, penalties, attorneys' fees, and costs set forth in this cause of action, except for punitive or exemplary damages, pursuant to California Government Code § 815.2(a).

## NINTH CAUSE OF ACTION
### False Arrest/False Imprisonment, Under California Law.
### [Against all Defendants.]

70.     Plaintiff realleges and incorporates by reference paragraphs 1 through 24, 26 through 30, 32 through 35, 37 through 40, 42 through 46, 48 through 53, 55 through 59, 61 through 64, and 66 through 69, inclusive, as though fully set forth herein.

71.     In engaging in and performing the acts, omissions and conduct alleged herein, Defendants COLEMAN, MCCARTHY, and DOES 1 through 50, inclusive, while acting within the course and scope of their employment with Defendant CITY OF BAKERSFIELD, and DOES 51 through 100, inclusive, falsely arrested and imprisoned Plaintiff and restrained and/or confined Plaintiff against his will and without probable cause or justification.

72.     As an actual, direct, proximate and legal result of the wrongful conduct of Defendants, and each of them, alleged herein, Plaintiff: (a) suffered and incurred physical injuries, emotional injuries and distress and medical expenses, including but not limited to the exasperation of Plaintiff's diabetes; and (b) will suffer and incur future continuing emotional distress and medical expenses. In addition, in performing the acts alleged herein, Defendants' conduct was willful, reckless and/or was intended to cause injury to Plaintiff.  Plaintiff is therefore entitled to an award of exemplary damages

73.     Defendants COLEMAN, MCCARTHY, and DOES 1 through 50, inclusive, inclusive, are legally responsible for, and has a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorneys' fees, and costs set forth in this cause of action pursuant to California Government Code § 820(a).

74.     Defendants CITY OF BAKERSFIELD, and DOES 51 through 100, inclusive, are legally responsible for, and have a duty to pay, all of the damages, penalties, attorneys' fees, and costs set forth in this cause of action, except for punitive or exemplary damages, pursuant to California Government Code § 815.2(a).

## TENTH CAUSE OF ACTION
**For Possession of Personal Property And For Damages, Under California Law.**
**[Against all Defendants.]**

75.     Plaintiff realleges and incorporates by reference paragraphs 1 through 24, 26 through 30, 32 through 35, 37 through 40, 42 through 46, 48 through 53, 55 through 59, 61 through 64, 66 through 69, and 71 through 74, inclusive, as though fully set forth herein.

76.    Plaintiff is, and at all times herein mentioned was, the owner of the personal property seized and taken by Defendants – i.e., the guns seized and taken by Defendants.

77.    Plaintiff is, and at all times herein mentioned was, entitled to immediate and exclusive possession of such personal property.

78.    On or about September 8, 2014, and thereafter, Defendants wrongfully and without Plaintiff's consent took possession of the personal property described above. Since that time Defendants have been, and now are, in wrongful possession of the property in violation of Plaintiff's right to immediate and exclusive possession.  Plaintiff is entitled to immediate possession of such personal property pursuant to California Civil Code §§ 3379, 3380.

79.    During, and as an actual, legal and proximate result of, Defendants' wrongful possession of the personal property described above, Plaintiff suffered the loss of use and enjoyment of his personal property.  As a result, Plaintiff has suffered damages for his loss of use of the personal property described above according to proof.

80.    During, and as an actual, legal and proximate result of, Defendants' wrongful possession of the personal property described above, Plaintiff suffered the loss of the depreciation of his personal property his damage according to proof.

81.    In taking, wrongfully possessing, and detaining the property described above, Defendants' conduct was willful, reckless and/or was intended to cause injury to Plaintiff.  Plaintiff is therefore entitled to an award of exemplary damages.

## ELEVENTH CAUSE OF ACTION

## Conversion, under California law
## [Against All Defendants.]

82.   Plaintiff realleges and incorporates by reference paragraphs 1 through 24, 26 through 30, 32 through 35, 37 through 40, 42 through 46, 48 through 53, 55 through 59, 61 through 64, 66 through 69, 71 through 74, and 76 through 81, inclusive, as though fully set forth herein.

83.   Plaintiff alleges this cause of action in the alternative to the Tenth Cause of Action for Possession of Personal Property and for Damages.

84.   At all times herein mentioned, and in particular on or about September 8, 2014, Plaintiff was, and still is, the owner, and was, and still is, entitled to the possession of the personal property seized and taken by Defendants – i.e., the guns seized and taken by Defendants.

85.   On or about September 8, 2014, and thereafter, Defendants took the property described above from Plaintiff's possession and converted same to their use.

86.   In addition, in performing the acts alleged herein, Defendants' conduct was willful, reckless and/or was intended to cause injury to Plaintiff.  Plaintiff is therefore entitled to an award of exemplary damages

87.   Defendants COLEMAN, MCCARTHY, and DOES 1 through 50, inclusive, are legally responsible for, and has a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorneys' fees, and costs set forth in this cause of action pursuant to California Government Code § 820(a).

88.     Defendants CITY OF BAKERSFIELD, and DOES 51 through 100, inclusive, are legally responsible for, and have a duty to pay, all of the damages, penalties, attorneys' fees, and costs set forth in this cause of action, except for punitive or exemplary damages, pursuant to California Government Code § 815.2(a).

## TWELFTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress, Under California Law.
### [Against all Defendants.]

89.     Plaintiff realleges and incorporates by reference paragraphs 1 through 24, 26 through 30, 32 through 35, 37 through 40, 42 through 46, 48 through 53, 55 through 59, 61 through 64, 66 through 69, 71 through 74, 76 through 81, and 83 through 87, inclusive, as though fully set forth herein.

90.     In engaging in and performing the acts, omissions and conduct alleged herein, Defendants COLEMAN, MCCARTHY, and DOES 1 through 50, inclusive, inclusive, while acting within the course and scope of his employment with Defendant CITY OF BAKERSFIELD, and DOES 51 through 100, inclusive, engaged in conduct that was outrageous and carried out with the intent to cause, and did in fact cause, Plaintiff extreme and severe emotional distress. As an actual, direct, proximate and legal result of the acts, omissions and conduct of Defendants, Plaintiff suffered, and seeks to recover for, extreme and enduring mental, physical and emotional pain, distress, shock, agony and suffering, including but not limited to the exasperation of Plaintiff's diabetes, in an amount according to proof at trial.  In addition, in performing the acts alleged herein, Defendants' conduct was willful, reckless and/or was intended to cause injury to Plaintiff.  Plaintiff is therefore entitled to an award of exemplary damages.

91.     Defendants COLEMAN, MCCARTHY, and DOES 1 through 50, inclusive, are legally responsible for, and has a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorneys' fees, and costs set forth in this cause of action pursuant to California Government Code § 820(a).

92.     Defendants CITY OF BAKERSFIELD, and DOES 51 through 100, inclusive, are legally responsible for, and have a duty to pay, all of the damages, penalties, attorneys' fees, and costs set forth in this cause of action, except for punitive or exemplary damages, pursuant to California Government Code § 815.2(a).

## THIRTEENTH CAUSE OF ACTION
### Negligence Under California Law.
### [Against all Defendants.]

93.     Plaintiff realleges and incorporates by reference paragraphs 1 through 24, 26 through 30, 32 through 35, 37 through 40, 42 through 46, 48 through 53, 55 through 59, 61 through 64, 66 through 69, 71 through 74, 76 through 81, 83 through 87, and 89 through 92, inclusive, as though fully set forth herein.

94.     In engaging in and performing the acts, omissions and conduct alleged herein, Defendants, and each of them, negligently, carelessly, actually, legally and proximately caused damages and injuries suffered by Plaintiff as alleged herein. As an actual, direct, proximate and legal result of the wrongful conduct of Defendants, and each of them, alleged herein, Plaintiff: (a) suffered and incurred physical injuries, emotional injuries and distress and medical expenses, including but not limited to the exasperation of Plaintiff's diabetes; and (b) will suffer and incur future continuing emotional distress and medical expenses.

95.   Defendants COLEMAN, MCCARTHY, and DOES 1 through 50, inclusive, are legally responsible for, and has a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorneys' fees, and costs set forth in this cause of action pursuant to California Government Code § 820(a).

96.   Defendants CITY OF BAKERSFIELD, and DOES 51 through 100, inclusive, are legally responsible for, and have a duty to pay, all of the damages, penalties, attorneys' fees, and costs set forth in this cause of action, except for punitive or exemplary damages, pursuant to California Government Code § 815.2(a).

97.   In addition, in performing and engaging in the intention, reckless, negligent and other wrongful conduct alleged herein, Defendants, and each of them, failed to perform one or more mandatory duties, within the meaning of California Government Code § 815.6, under, including, **but not limited to**:

      a.     The Second Amendment of the United States Constitution guaranteeing the right to keep and bear arms;

      b.     The Fourth Amendment to the Constitution of the United States;

      c.     The Due Process Clause of the Fourteenth Amendment to the Constitution of the United States;

      d.     Article 1, Section 13 of the California Constitution;

      e.     Article I, Section 7 of the California Constitution;

      f.     Ralph Civil Rights Act, California Civil Code §§ 51, 51.5.7;

      g.     Unruh Civil Rights Act, California Civil Code §§ 51, 51.5;

      h.     Bane Civil Rights Act, California Civil Code § 52.1; and

      i.     California Civil Code § 43, the statutory right of protection from bodily restraint and harm, *see Jones v. Kmart Corp.*, 17 Cal.4th 329, 338 (1998).

## ATTORNEYS' FEES, COSTS, PREJUDGMENT INTEREST AND POST-JUDGMENT INTEREST

98.     Pursuant to the provisions of 42 U.S.C. § 1988, Plaintiff is entitled to and demands an award of reasonable attorneys' fees and costs attendant to prosecuting this action.

100.    Plaintiff is entitled to and demands an award of prejudgment interest.

101.    Plaintiff is entitled to and demands an award of post-judgment interest pursuant to 28 U.S.C. § 1961(a).

## PRAYER

WHEREFORE, Plaintiff seeks damages as follows:

(1)     General damages – In an amount to be proven at trial;

(2)     Special damages – In an amount to be proven at trial;

(3)     Punitive damages – Against the individual Defendants, in an amount to be proven at trial;

(4)     Possession of the property described above (i.e., the guns) pursuant to California Civil Code §§ 3379, 3380 or, if the property cannot be delivered, for their value;

(5)    Attorney's fees and costs of suit incurred herein;

(6)    With regard to the claim under the Ralph Civil Rights Act, California Civil §§ 51.7, 52(b), a civil penalty of twenty-five thousand dollars ($25,000), actual damages and, in addition, an amount to be determined by a jury for exemplary damages, as well as attorneys' fees as may be determined by the Court;

(7)    With regard to the claim under the Unruh Civil Rights Act, California Civil §§ 51, 51.5, 52(a), Plaintiff's actual damages, and any amount that may be determined by a jury up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the Court;

(8)    With regard to the claim under the Bane Civil Rights Act, California Civil Code § 52.1, either :

        (i) a civil penalty of twenty-five thousand dollars ($25,000), Decedent's actual damages and, in addition, an amount to be determined by a jury for exemplary damages, as well as attorneys' fees as may be determined by the Court; or

        (ii) Decedent's actual damages, and any amount that may be determined by a jury up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the Court, and

(9) An award of prejudgment interest;

(10) An award of post-judgment interest pursuant to 28 U.S.C. § 1961(a); and

(11) For such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Dated:  May 18, 2015                    RODRIGUEZ & ASSOCIATES


                                        ___/s/ Chantal A. Trujillo_____ /
                                        CHANTAL A. TRUJILLO, Esq.
                                        Attorneys for Plaintiff KENT WILLIAMS

# EXHIBIT B

1    Michael G. Marderosian, No. 077296
     Heather S. Cohen, No. 263093
2    MARDEROSIAN, CERCONE & COHEN
     1260 Fulton Mall
3    Fresno, CA 93721
     Telephone:  (559) 441-7991
4    Facsimile: (559) 441-8170

5    Virginia Gennaro, No. 138877
     City Attorney
6    CITY OF BAKERSFIELD
     1501 Truxtun Avenue
7    Bakersfield, CA  93301
     Telephone:  (661) 326-3721
8    Facsimile:  (661) 852-2020

9    Attorneys for:  Defendants CITY OF BAKERSFIELD, OFFICER VERION COLEMAN (sued
                     herein as OFFICER COLEMAN) and OFFICER ANTHONY McCARTHY (sued
10                   herein as OFFICER McCARTHY)

11                          UNITED STATES DISTRICT COURT

12                       EASTERN DISTRICT / FRESNO DIVISION

13

14   KEN WILLIAMS,                    )    Case No. 1:14-CV-01955-JLT
                                       )
15                Plaintiff,           )    **ANSWER TO SECOND**
                                       )    **AMENDED COMPLAINT**
16         v.                          )
                                       )
17   CITY OF BAKERSFIELD, OFFICER      )
     COLEMAN, OFFICER McCARTHY,        )
18   and DOES 1 to 100, inclusive,     )    *DEMAND FOR JURY TRIAL*
                                       )
19                Defendants.          )
                                       )
20

21         COMES NOW, Defendants CITY OF BAKERSFIELD, OFFICER VERION COLEMAN

22   (sued herein as OFFICER COLEMAN) and OFFICER ANTHONY McCARTHY (sued herein as

23   OFFICER McCARTHY) (hereinafter "Defendants") and, answering the Second Amended Complaint

24   of Plaintiff KENT WILLIAMS (hereinafter "Plaintiff") [Dkt. No. 27] on file herein, jointly and

25   severally, admit, deny and allege as follows:

26         1.     As to Paragraphs 1 and 2, Defendants admit that this court has jurisdiction of this

27   action and venue is proper in this court.  As to the allegations that all defendants are residents of the

28   Eastern District of California, Defendants have insufficient knowledge of the doe defendants'

     residences and therefore are unable to admit or deny those allegations.

MARDEROSIAN,
CERCONE & COHEN
1260 FULTON MALL
FRESNO, CA 93721

2.      As to Paragraphs 3, 7, 8, 9, 24, 76, Defendants lack sufficient information and belief to either admit or deny the allegations therein, and on that basis defendants deny each and every allegation contained therein.

3.      As to Paragraph 4, Defendants admit that the City of Bakersfield is a political subdivision of the State of California.  As to the remaining allegations, Defendants deny.

4.      As to Paragraphs 5 and 6, Defendants admit that Officers Coleman and McCarthy are Bakersfield Police Officers and were acting within the course and scope of said agency and employment and under color of law.  As to the remaining allegations, Defendants deny.

5.      As to Paragraph 10, Defendants admit that Officers Coleman and McCarthy are Bakersfield Police Officers and were acting within the course and scope of said agency and employment and under color of law.  As to the doe defendants, Defendants lack sufficient information and belief to either admit or deny the allegations therein, and on that basis defendants deny each and every allegation contained therein relating to the doe defendants.

6.      As to Paragraphs 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 22, 23, 27, 28, 29, 30, 33, 34, 35, 38, 39, 40, 42, 43, 44, 45, 46, 48, 49, 50, 51, 52, 53, 55, 56, 57, 58, 59, 61, 62, 63, 64, 66, 67, 68, 69, 71, 72, 73, 74, 77, 78, 79, 80, 81, 84, 85, 86, 87, 88, 90, 91, 92, 94, 95, 96, 97, 98, 100, 101, Defendants deny the allegations contained therein.

7.      As to Paragraphs 25, 31, 36, 41, 47, 54, 60, 65, 70, 75, 82, 89, 93, Plaintiff repeats and incorporates by reference paragraphs and therefore requires no admission or denial.

8.      As to Paragraphs 26, 32, 37, 83, Defendants are unable to admit or deny these allegations as they contain no facts and are legal conclusions.

9.      Paragraphs 21 and 99 are omitted from the complaint and therefore require no admission or denial.

Defendants assert the following affirmative defenses.  Facts may be discovered that alter or supplement the bases for the following affirmative defenses.

///

///

///

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

Plaintiff fails to state facts sufficient to constitute a cause of action against any Defendant.

**SECOND AFFIRMATIVE DEFENSE**

(Assumption of Risk – Peril)

Defendants allege that Plaintiff realized and appreciated the alleged danger which presented itself at the time of the happening of the event set forth in the Complaint herein; that Plaintiff, voluntarily placed himself in a position of peril, and that the loss or damage, if any, sustained by Plaintiff was caused by said risks which were accepted and voluntarily assumed by Plaintiff, when engaging in said activity.

**THIRD AFFIRMATIVE DEFENSE**

(Assumption of Risk)

Defendants allege that Plaintiff had full knowledge of the risks involved in the activity in which he was engaged at the time of the incident set forth in the complaint herein; that Plaintiff voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said complaint; and that the loss or damage, if any, sustained by him was caused by said risks that were accepted and voluntarily assumed by him.

**FOURTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

Defendants allege that the Complaint and each and every cause of action therein is barred by the statute of limitations as set forth in California Code of Civil Procedure § 335 *et seq.* and related statutes.

**FIFTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

Defendants allege that the Complaint and each and every cause of action therein is barred because Plaintiff failed to use reasonable diligence to mitigate damages allegedly sustained by him, and said failure bars or reduces the recovery, if any, from Defendants.

///

1

**SIXTH AFFIRMATIVE DEFENSE**

2

(Defendants' Acts Not A Proximate Cause)

3      Defendants state that any act or omission on the part of the answering Defendants, their agents

4  or employees, was not the proximate cause of Plaintiff's injury.

5

**SEVENTH AFFIRMATIVE DEFENSE**

6

(Denial of Damages)

7      Defendants deny that Plaintiff has been damaged in any sum or sums, or otherwise, or at all,

8  by reason of any act or omission of any Defendant.

9

**EIGHTH AFFIRMATIVE DEFENSE**

10

(Immunity)

11      Defendants allege the provisions of California Tort Claims Act of the California Government

12  Code (Government Code § 810 *et seq*.) as a measure of the duty of the City of Bakersfield and its

13  employees.

14

**NINTH AFFIRMATIVE DEFENSE**

15

(Immunity)

16      Defendants claim the immunities under the applicable provisions of the Government Code

17  including, without limitation, §§ 820.8, 830-835.4.

18

**TENTH AFFIRMATIVE DEFENSE**

19

(Barred by Tort Claims Act and Failure to File Claim)

20      Defendants allege that to the extent the Complaint includes allegations within the scope of the

21  California Tort Claims Act, the Complaint is barred by the following provisions of the California Tort

22  Claims Act: Government Code §§: 815; 815(b); 815.2(b); 815.4; 818.2; 818.4; 818.6; 818.7; 818.8;

23  820; 820(b); 820.2; 820.8; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.6; 830.8; 830.9;

24  831; 831.2; 831.4; 835.4; 840; 840.6; 844.6; 845; 845.2; 845.4; 845.8; 850; 850.2; 850.4; 854.8; 855;

25  855.2; 855.4; 855.6; 855.8; 856; 856.2; 956.4.

26  ///

27  ///

28  ///

1

**ELEVENTH AFFIRMATIVE DEFENSE**

2

(Variance Between Tort Claim and Complaint)

3

Defendants allege that to the extent the Complaint includes allegations within the scope of the

4

California Tort Claims Act, Plaintiff's purported causes of action are limited to those factual

5

allegations and theories of recovery set forth in Plaintiff's written government tort claim, if any, and

6

that to the extent the Complaint attempts to enlarge or expand upon those allegations and theories, the

7

Complaint fails to state a cause of action and is barred pursuant to Government Code §§ 905, 910,

8

911.2, 945.5, 950.2 and related provisions.

9

**TWELFTH AFFIRMATIVE DEFENSE**

10

(Good Faith)

11

Defendants allege that the employees, officials and agents of Defendants were at all times

12

material hereto acting with both subjective and objective good faith, such that any claim for relief that

13

Plaintiff may have is barred by law.

14

**THIRTEENTH AFFIRMATIVE DEFENSE**

15

(Estoppel)

16

By reason of Plaintiff's own acts and omissions, including the acts and omissions of Plaintiff,

17

Plaintiff is estopped from seeking any recovery from Defendants by reason of the allegations set forth

18

in the Complaint.

19

**FOURTEENTH AFFIRMATIVE DEFENSE**

20

(Frivolous Action)

21

Plaintiff's maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling

22

the Defendants to sanctions and appropriate remedies (including, without limitation, attorney's fees)

23

against Plaintiff.

24

**FIFTEENTH AFFIRMATIVE DEFENSE**

25

(Unclean Hands)

26

The Complaint and each cause of action therein are barred by the doctrine of unclean hands.

27

///

28

///

1

**SIXTEENTH AFFIRMATIVE DEFENSE**

2

(Res Judicata)

3
To the extent Plaintiff's failure to file a claim bars this action, the Complaint and each cause

4
of action there in is barred by the doctrine of *res judicata* and collateral estoppel.

5

**SEVENTEENTH AFFIRMATIVE DEFENSE**

6

(Proper Conduct)

7
Defendants allege that at all times and places mentioned in the Complaint, Defendants acted

8
without malice and with a good faith belief in the propriety of its conduct.

9

**EIGHTEENTH AFFIRMATIVE DEFENSE**

10

(Acting in Good Faith)

11
Defendants allege that at all times mentioned in the Complaint, Defendants performed and

12
discharged in good faith each and every obligation, if any, owed to Plaintiff.

13

**NINETEENTH AFFIRMATIVE DEFENSE**

14

(Privilege)

15
Defendants allege that their conduct at all times material herein was privileged and/or justified

16
under applicable state and federal law.

17

**TWENTIETH AFFIRMATIVE DEFENSE**

18

(Immunities)

19
Defendants assert the various immunities conferred upon them pursuant to the California

20
Government Code, and other applicable provisions of law including, but not limited to, those

21
contained in Division 3.6 of Title 1 of the California Government Code.

22

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

23

(Public Liability Act)

24
Defendants allege the provisions of the Public Liability Act of the California Government Code

25
as the sole and exclusive measure of Defendants' duties and liabilities in this action.

26
///

27
///

28
///

1

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

2

(Plaintiff's Conduct Reckless and Wanton)

3

Defendants allege that at all times mentioned in Plaintiff's Complaint herein, Plaintiff acted

4

in a careless, reckless, wanton and negligent manner in and about the matters set forth in the

5

Complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the

6

injuries and damages, if any, sustained or claimed by Plaintiff; that as a consequence, Plaintiff's claim

7

is barred.

8

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

9

(Discretionary Act Immunity)

10

Defendants allege that the act or omissions which Plaintiff claims give rise to liability in this

11

case were within the discretion of a City of Bakersfield employee acting within the course and scope

12

of his or her employment and, as a result, Plaintiff's claim is barred by the discretionary act immunity

13

contained in Government Code § 820.2 and its related provisions.

14

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

15

(Privilege)

16

Defendants allege that if any force was used by Defendants against the Plaintiff herein, said

17

use of force was the lawful exercise of the right of self-defense and defense of the public and

18

privileged by law, and any recovery pursuant to said use of force is barred.

19

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

20

(Comparative Negligence)

21

Defendants allege by way of a plea of comparative negligence that Plaintiff was negligent in

22

and about the matters and activities alleged in the Complaint; that Plaintiff's negligence contributed

23

to and was a proximate cause of Plaintiff's alleged injuries and damages, if any, or was the sole cause

24

thereof; and that if Plaintiff is entitled to recover damages against the Defendants by virtue of the

25

Complaint, the Defendants pray that recovery be diminished or extinguished by reason of the

26

negligence of the Plaintiff in proportion to the degree of fault attributable to the Plaintiff.

27

///

28

///

1

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

2

(Arrest)

3    Defendants allege that if any force was used to effect the arrest of the Plaintiff herein by the

4    named Defendants, such force was authorized and privileged pursuant to §§ 835 and 835a of the

5    California Penal Code and as a proximate result thereof Plaintiff is barred from any recovery herein

6    for any alleged injury or damage if any there were.

7

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

8

(Prevent Injury/Escape)

9    Defendants allege that no more force was used on Plaintiff's person than was necessary to

10   effect detention, overcome any resistance thereto, prevent escape there from, and prevent injury to the

11   officers and the public and to facilitate and safeguard a valid police investigation.

12

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

13

(Qualified Immunity)

14   Defendants allege that Defendants are immune from any civil liability in this matter under the

15   doctrine of qualified immunity in that they had a good faith belief that each and every action employed

16   and taken with regard to the acts complained of by Plaintiff herein, were justified, reasonable and

17   lawful under the circumstances presented to the Defendants at the time of the incident at issue herein.

18

## TWENTY-NINTH AFFIRMATIVE DEFENSE

19

(Immunity for Failure to Provide Medical Care to a Prisoner)

20   Defendants allege that, under Government Code § 845.6, the Defendants are is immune from

21   liability for any inadequate medical care Plaintiff may have received while in custody.

22

## THIRTIETH AFFIRMATIVE DEFENSE

23

(Failure to State Relief Under 42 U.S.C. § 1983)

24   Defendants allege that the Plaintiff has failed to allege facts in the Complaint sufficient to state

25   a claim for relief under 42 U.S.C. § 1983 against the Defendants, their agents and employees.

26   ///

27   ///

28   ///

1

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

2

(Self Defense)

3

Defendants allege by way of a plea of self defense that Defendants honestly and reasonably

4

believed that Plaintiff was about to inflict harm upon them and that the use of force, if any, was done

5

reasonably and in self defense.

6

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

7

(No Breach of Duty)

8

Defendants further allege that they are not liable for any cause of action based in negligence,

9

as they have breached no duty of care owed to Plaintiff.

10

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

11

(Liability of Other Persons/Entities)

12

Defendants allege that the damages alleged therein, if any there were, are, and/or shall be, the

13

sole and proximate responsibility and liability of persons and/or entities other than these answering

14

Defendants, and are neither the liability nor responsibility of Defendants.

15

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

16

(Percentage of Fault)

17

Defendants allege that in the event they are found liable to the Plaintiff, Defendants are

18

responsible for the Plaintiff's damages according to Defendants' percentage of fault, pursuant to Civil

19

Code section 1431.2.

20

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

21

(Immunity)

22

Defendants allege that they are immune from liability for the causes of action alleged in the

23

Complaint, if any, pursuant to California Government Code sections, including but not limited to, 815,

24

815.2, 815.4, 818, 820(b), 820.2, 820.4, 820.6, 820.8, 821, 821.6 and 821.8 of the Government Code

25

and sections 834, 834a, 835, 835a and 836 of the Penal Code.

26

///

27

///

28

///

1

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

2

(Intentional Acts of Plaintiff)

3        Defendants allege that the damages, if any, of which Plaintiff complains, were the proximate

4    result of the intentional acts of Plaintiff, so as to bar or diminish recovery herein as against these

5    Defendants.

6

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

7

(Consent)

8        Defendants allege that Plaintiff consented to all of the acts herein.

9

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

10

(Probable Cause)

11        Defendants allege that probable cause existed for each of the acts undertaken by Defendants

12    herein.

13

## THIRTY-NINTH AFFIRMATIVE DEFENSE

14

(Malicious Prosecution)

15        Defendants allege that the allegations contained in Plaintiff's Complaint are baseless and

16    warrantless and the bringing of the Complaint and the making of the allegations and charges therein

17    are outrageous and malicious conduct and are intended to specifically injure Defendants, and

18    Defendants specifically reserve the right to file suit for malicious prosecution and abuse of process,

19    along with intentional infliction of emotional distress, among other causes of action, pursuant to

20    California State Law and the California Peace Officer's Bill of Rights.

21

## FORTIETH AFFIRMATIVE DEFENSE

22

(Gun-Free School Zone Act / Penal Code § 626.9)

23        Defendants allege that the Plaintiff's action is barred due to his violation of California's Gun-

24    Free School Zone Act under Penal Code § 626.9.

25

## ADDITIONAL AFFIRMATIVE DEFENSES

26        Defendants presently have insufficient knowledge or information on which to form a belief as

27    to whether they may have additional, as yet unstated, defenses available.  Defendants reserve the right

28    to assert additional defenses in the event that discovery indicates that they would be appropriate.

1

### DEMAND FOR JURY TRIAL

2      Defendants hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil

3  Procedure.

4      **WHEREFORE**, Defendants pray judgement as follows:

5      1.      That Plaintiff take nothing by this action;

6      2.      That Defendants be awarded their costs of suit incurred herein;

7      3.      That Defendants be awarded reasonable attorneys fees pursuant to Federal Rules of

8  Civil Procedure, Rule 11 and 42 U.S.C. §1988; and

9      4.      That the Court order such other and further relief as it deems just and proper herein.

10  Dated:  June 8, 2015                    MARDEROSIAN, CERCONE & COHEN

11

12                             By:___/s/ Michael G. Marderosian_____
                                     Michael G. Marderosian,
13                                   Attorney for Defendants above-named.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28